## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

IPA TECHNOLOGIES INC.,

        Plaintiff,

v.

AMAZON.COM, INC., and AMAZON
DIGITAL SERVICES, LLC,

        Defendants.

C.A. No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff IPA Technologies Inc. ("IPA") as and for its complaint against

Amazon.com, Inc. ("Amazon") and Amazon Digital Services, LLC ("ADS") alleges as

follows:

### PARTIES

1.      IPA is a Delaware corporation with a principal place of business at 600

Anton Blvd., Suite 1350, Costa Mesa, California 92626.

2.      On information and belief, Defendant Amazon.com, Inc. is a Delaware

corporation with a principal place of business at 410 Terry Avenue North, Seattle,

Washington 98109.  Amazon can be served with process through its registered agent, the

Corporation Services Company, 2711 Centerville Road, Suite 400, Wilmington,

Delaware 19808.

3.      On information and belief, Defendant Amazon Digital Services, LLC is a

Delaware limited liability company with a principal place of business at 410 Terry

Avenue North, Seattle, Washington 98109.  ADS can be served with process through its

registered agent, the Corporation Services Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

4.    Amazon and ADS are referred to collectively as Defendants.

## JURISDICTION AND VENUE

5.    This action arises under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.    This Court has specific and general personal jurisdiction over Defendants pursuant to due process and/or the Delaware Long Arm Statute, due to Defendants having availed themselves of the rights of benefits of Delaware by incorporating under Delaware law and due to their substantial business in this forum, including: (i) at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware and in this Judicial District.

7.    Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(c) and 1400(b) because Defendants are subject to personal jurisdiction in this District.

## BACKGROUND

8.    SRI International, Inc. ("SRI"), the original owner of the patents-in-suit, is an independent, not-for-profit research institute that conducts client-supported research and development for government agencies, commercial businesses, foundations, and other organizations.

9.     Among its many areas of research, SRI has engaged in fundamental research and development related to personal digital assistants and speech-based navigation of electronic data sources.

10.     SRI's innovative work on personal digital assistants was a key area of development in one of the world's largest artificial intelligence projects, the Cognitive Assistant that Learns and Organizes ("CALO").  The vision for the SRI-led CALO project, which was funded by the U.S. Defense Advanced Research Projects Agency ("DARPA"), was to create groundbreaking software that could revolutionize how computers support decision-makers.

11.     SRI's work on personal digital assistants and speech-based navigation of electronic data sources, which started before the launch of the CALO project, developed further as part of the project.  SRI's engineers were awarded numerous patents on their groundbreaking personal digital assistant and speech-based navigation inventions.

12.     To bring the personal digital assistant and speech-based navigation technology to the marketplace, SRI formed the spin-off company Siri, Inc. in 2007, and granted it a non-exclusive license to the patent portfolio.  The technology was demonstrated as an iPhone app at technology conferences and later released as an iPhone 3GS app in February 2010.  In April 2010, Apple Inc. acquired Siri, Inc.  In 2011, the Siri personal digital assistant was released as an integrated feature of the iPhone 4S.

13.     Speech-based navigation of electronic data sources has continued to be implemented as an effective and user-friendly solution for interacting with electronic devices.

14.     On May 6, 2016, IPA acquired the SRI speech-based navigation patent portfolio.  IPA is a wholly-owned subsidiary of WiLAN, a leading technology innovation and licensing business actively engaged in research, development, and licensing of new technologies.

## ASSERTED PATENTS

15.     IPA is the owner by assignment of U.S. Patent No. 6,742,021 (the "'021 Patent").  The '021 Patent is entitled "Navigating Network-Based Electronic Information Using Spoken Input With Multimodal Error Feedback."  The '021 Patent issued on May 25, 2004.  A true and correct copy of the '021 Patent is attached hereto as Exhibit A.

16.     IPA is the owner by assignment of U.S. Patent No. 6,523,061 (the "'061 Patent").  The '061 Patent is entitled "System, Method, and Article of Manufacture For Agent-Based Navigation in a Speech-Based Data Navigation System."  The '061 Patent issued on February 18, 2003.  A true and correct copy of the '061 Patent is attached hereto as Exhibit B.

17.     IPA is the owner by assignment of U.S. Patent No. 6,757,718 (the "'718 patent").  The '718 Patent is entitled "Mobile Navigation of Network-Based Electronic Information Using Spoken Input."  The '718 Patent issued on June 29, 2004.  A true and correct copy of the '718 Patent is attached hereto as Exhibit C.

## COUNT I
## (Infringement of U.S. Patent No. 6,742,021)

18.     Plaintiff re-alleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

19.     Plaintiff is informed and believes, and on that basis alleges, that Defendants have infringed and are currently infringing one or more claims (*e.g.*, claim 1) of the '021 Patent, in violation of 35 U.S.C. § 271.

20.     Defendants have infringed and are currently infringing literally and/or under the doctrine of equivalents, by, among other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, infringing products, including but not limited to Fire TV, Fire TV Stick, Fire TV Gaming Edition, Fire tablet, and Fire HD tablet, and related products and/or processes falling within the scope of one or more claims of the '021 Patent, including claim 1.  Exemplary claim 1 is reproduced below:

A method for speech-based navigation of an electronic data source, the electronic data source being located at one or more network servers located remotely from a user, comprising the steps of:

(a) receiving a spoken request for desired information from the user;

(b) rendering an interpretation of the spoken request;

(c) constructing at least part of a navigation query based upon the interpretation;
(d) soliciting additional input from the user, including user interaction in a non-spoken modality different than the original request without requiring the user to request said non-spoken modality;

(e) refining the navigation query, based upon the additional input;

(f) using the refined navigation query to select a portion of the electronic data source; and

(g) transmitting the selected portion of the electronic data source from the network server to a client device of the user.

21.     Defendants' acts of making, using, offering for sale, selling, and/or importing infringing products, including but not limited to Fire TV, Fire TV Stick, Fire TV Gaming Edition, Fire tablet, and Fire HD tablet, and related products and/or

processes satisfy, literally or under the doctrine of equivalents, each and every claim limitation, including but not limited to limitations of claim 1. For example, Defendants' Fire TV product uses speech-based navigation of an electronic data source. The Fire TV product receives a spoken request for desired information from the user (such as a spoken request for sports scores, weather, music, or a particular television show or movie), renders an interpretation of the spoken request, constructs at least part of a navigation query based on the spoken request, solicits additional input from the user, including user interaction in a non-spoken modality different than the original request without requiring the user to request the non-spoken modality, and transmits the selected portion from a network server to the Fire TV device, as described on the Fire TV product page at http://amazon.com:[1]



_____

[1] Plaintiff reserves the right to identify additional asserted claims as this litigation proceeds. For example, Plaintiff expressly reserves the right to identify additional asserted claims in their infringement contentions to be served during the discovery process.

- Now with Alexa, use your Fire TV Voice Remote to check local theater times, news, sports scores, the weather, play music, and more - just ask
- Enjoy over 4,000 channels, apps, and games including access to over 250,000 TV episodes and movies on Netflix, Amazon Video, HBO GO, Hulu, and more.
- Cutting the cord? Watch the best of live TV on NBC News, NBA, and Sling TV, which includes ESPN, CNN, HGTV, AMC, A&E, Cartoon Network, and more.
- Say it. Watch it. Simply say the name of what you want to watch and start enjoying in seconds.



22.     Defendants have also infringed indirectly and continue to infringe indirectly the '021 Patent by active inducement under 35 U.S.C. § 271(b).

23.     On information and belief, Defendants gained knowledge of the '021 Patent no later than the filing of this complaint or shortly thereafter.

24.     On information and belief, Defendants have intended, and continue to intend, to induce patent infringement by its users and have had knowledge that the inducing acts would cause infringement or have been willfully blind to the possibility that their inducing acts would cause infringement.  For example, Defendants encourage end users to perform speech-based navigation of an electronic data source using a method as claimed in claim 1 of the '021 Patent through the very nature of the products.  As a further example, Defendants instruct users on how to use the infringing products to

perform speech-based navigation of an electronic data source using a method as claimed in claim 1 of the '021 Patent (*e.g.*, "Use Your Voice to Search Amazon Fire TV Devices," *available at* https://www.amazon.com/gp/help/customer/display.html?nodeId=201497650). By using the infringing products to perform speech-based navigation of an electronic data source, users directly infringe at least claim 1 of the '021 Patent. By continuing to provide instructions to users on how to use the infringing products to perform speech-based navigation of an electronic data source using a system as claimed in claim 1 of the '021 Patent, and by continuing to encourage such use, Defendants have and continue to specifically intend to induce infringement of the '021 Patent.

25.    Defendants have also infringed indirectly and continue to infringe indirectly the '021 Patent by contributory infringement under 35 U.S.C. § 271(c).

26.    Defendants have and continue to intentionally commit contributory infringement by selling, offering to sell, or importing the infringing products, including but not limited to the Fire TV Stick, with the knowledge that the Fire TV Stick will be used by users with, for example, the Amazon Fire TV Remote app on users' smartphones to directly infringe at least claim 1 of the '021 Patent.

27.    To the extent that facts learned in discovery show that Defendants' infringement of the '021 Patent is or has been willful, Plaintiff reserves the right to request such a finding at the time of trial.

28.    To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '021 Patent.

29.    As a result of Defendants' infringement of the '021 Patent, Plaintiff has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court, and Plaintiff will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

30.    Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '021 Patent, Plaintiff will be greatly and irreparably harmed.

## COUNT II
### (Infringement of U.S. Patent No. 6,523,061)

31.    Plaintiff re-alleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

32.    Plaintiff is informed and believes, and on that basis alleges, that Defendants have infringed and are currently infringing one or more claims (*e.g.*, claim 1) of the '061 Patent, in violation of 35 U.S.C. § 271.

33.    Defendants have infringed and are currently infringing literally and/or under the doctrine of equivalents, by, among other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, infringing products, including but not limited to Fire TV, Fire TV Stick, Fire TV Gaming Edition, Fire tablet, Fire HD tablet, Echo, Echo Dot, and Tap, and related products and/or processes falling within the scope of one or more claims of the '061 Patent, including claim 1.  Exemplary claim 1 reproduced below:

A method for utilizing agents for speech-based navigation of an electronic data source, comprising the steps of:

(a) receiving a spoken request for desired information from a user;

(b) rendering an interpretation of the spoken request;

(c) constructing a navigation query based upon the interpretation;

(d) routing the navigation query to at least one agent, wherein the at least one agent utilizes the navigation query to select a portion of the electronic data source; and

(e) invoking a user interface agent for outputting the selected portion of the electronic data source to the user, wherein a facilitator manages data flow among multiple agents and maintains a registration of each of said agents' capabilities.

34.    Defendants' acts of making, using, offering for sale, selling, and/or importing infringing products, including but not limited to Fire TV, Fire TV Stick, Fire TV Gaming Edition, Fire tablet, Fire HD tablet, Echo, Echo Dot, and Tap, and related products and/or processes satisfy, literally or under the doctrine of equivalents, each and every claim limitation, including but not limited to limitations of claim 1.  For example, Defendants' Fire TV product uses speech-based navigation of an electronic data source. The Fire TV product receives a spoken request for desired information from the user (such as a spoken request for sports scores, weather, music, or a particular television show or movie), renders an interpretation of the spoken request, constructs a navigation query based on the interpretation, routes the navigation query to at least one agent that utilizes the navigation query to select a portion of the electronic data source, and invokes a user interface agent for outputting the selected portion of the electronic data source wherein a facilitator manages data flow among multiple agents and maintains a registration of each of the agents' capabilities, as described on the Fire TV product page

at http://amazon.com:[2]





- Now with Alexa, use your Fire TV Voice Remote to check local theater times, news, sports scores, the weather, play music, and more - just ask
- Enjoy over 4,000 channels, apps, and games including access to over 250,000 TV episodes and movies on Netflix, Amazon Video, HBO GO, Hulu, and more.
- Cutting the cord? Watch the best of live TV on NBC News, NBA, and Sling TV, which includes ESPN, CNN, HGTV, AMC, A&E, Cartoon Network, and more.
- Say it. Watch it. Simply say the name of what you want to watch and start enjoying in seconds.

---

[2] Plaintiff reserves the right to identify additional asserted claims as this litigation proceeds.  For example, Plaintiff expressly reserves the right to identify additional asserted claims in its infringement contentions to be served during the discovery process.



35.    Defendants' Echo product, for instance, also uses speech-based navigation of an electronic data source.  The Echo product receives a spoken request for desired information from the user (such as a spoken request to play music, provide information, news, sports scores, or weather), renders an interpretation of the spoken request, constructs a navigation query based on the interpretation, routes the navigation query to at least one agent that utilizes the navigation query to select a portion of the electronic data source, and invokes a user interface agent for outputting the selected portion of the electronic data source wherein a facilitator manages data flow among multiple agents and maintains a registration of each of the agents' capabilities, as described on the Echo product page at http://amazon.com:



Amazon Echo is a hands-free speaker you control with your voice. Echo connects to the Alexa Voice Service to play music, provide information, news, sports scores, weather, and more—instantly. All you have to do is ask.

36.     Defendants have also infringed indirectly and continue to infringe indirectly the '061 Patent by active inducement under 35 U.S.C. § 271(b).

37.     On information and belief, Defendants gained knowledge of the '061 Patent at least as early as November 2012, when the '061 Patent was cited during prosecution of their affiliate Amazon Technologies Inc.'s patent, U.S. Patent No. 8,977,966.  On information and belief, in any event, Defendants gained knowledge of the '061 Patent no later than the filing of this complaint or shortly thereafter.

38.     On information and belief, Defendants have intended, and continue to intend, to induce patent infringement by its users and have had knowledge that the inducing acts would cause infringement or have been willfully blind to the possibility that their inducing acts would cause infringement.  For example, Defendants encourage end users to perform speech-based navigation of an electronic data source using a method as

claimed in claim 1 of the '061 Patent through the very nature of the products.  As a further example, Defendants instruct users on how to use the infringing products to perform speech-based navigation of an electronic data source using a method as claimed in claim 1 of the '061 Patent (*e.g.*, "Use Your Voice to Search Amazon Fire TV Devices," *available at* https://www.amazon.com/gp/help/customer/display.html?nodeId=201497650).  By using the infringing products to perform speech-based navigation of an electronic data source, users directly infringe at least claim 1 of the '061 Patent.  By continuing to provide instructions to users on how to use the infringing products to perform speech-based navigation of an electronic data source using a system as claimed in claim 1 of the '061 Patent, and by continuing to encourage such use, Defendants have and continue to specifically intend to induce infringement of the '061 Patent.

39.    Defendants have also infringed indirectly and continue to infringe indirectly the '061 Patent by contributory infringement under 35 U.S.C. § 271(c).

40.    Defendants have and continue to intentionally commit contributory infringement by selling, offering to sell, or importing the infringing products, including but not limited to the Fire TV Stick, with the knowledge that the Fire TV Stick will be used by users with, for example, the Amazon Fire TV Remote app on users' smartphones to directly infringe at least claim 1 of the '061 patent.

41.    Since at least November 2012, Defendants have been and still are willfully infringing the '061 Patent.  On information and belief, at least as early as November 2012, Defendants had actual knowledge of the '061 Patent.  Despite having actual knowledge of the '061 Patent, Defendants have continued to willfully, wantonly, and

deliberately infringe the '061 Patent.  Accordingly, Plaintiff seeks enhanced damages pursuant to 35 U.S.C. § 284 and a finding that this is an exceptional case within the meaning of 35 U.S.C. § 285, entitling Plaintiff to its attorneys' fees and expenses.

42.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '061 Patent.

43.     As a result of Defendants' infringement of the '061 Patent, Plaintiff has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court, and Plaintiff will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

44.     Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '061 Patent, Plaintiff will be greatly and irreparably harmed.

## COUNT III
### (Infringement of U.S. Patent No. 6,757,718)

45.     Plaintiff re-alleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

46.     Plaintiff is informed and believes, and on that basis alleges, that Defendants have infringed and are currently infringing one or more claims (*e.g.*, claim 1) of the '718 Patent, in violation of 35 U.S.C. § 271.

47.     Defendants have infringed and are currently infringing literally and/or under the doctrine of equivalents, by, among other things, making, using, offering for

sale, selling, and/or importing within this judicial district and elsewhere in the United

States, without license or authority, infringing products, including but not limited to Fire

TV, Fire TV Stick, Fire TV Gaming Edition, Echo with Alexa Voice Remote, and Echo

Dot with Alexa Voice Remote, and related products and/or processes falling within the

scope of one or more claims of the '718 Patent, including claim 1.  Exemplary claim 1 is

reproduced below:

> A method for speech-based navigation of an electronic data source located at one or more network servers located remotely from a user, wherein a data link is established between a mobile information appliance of the user and the one or more network servers, comprising the steps of:
>
> (a) receiving a spoken request for desired information from the user utilizing the mobile information appliance of the user, wherein said mobile information appliance comprises a portable remote control device or a set-top box for a television;
>
> (b) rendering an interpretation of the spoken request;
>
> (c) constructing a navigation query based upon the interpretation;
>
> (d) utilizing the navigation query to select a portion of the electronic data source; and
>
> (e) transmitting the selected portion of the electronic data source from the network server to the mobile information appliance of the user.

48.    Defendants' acts of making, using, offering for sale, selling, and/or

importing infringing products, including but not limited to Fire TV, Fire TV Stick, Fire

TV Gaming Edition, Echo with Alexa Voice Remote, and Echo Dot with Alexa Voice

Remote, and related products and/or processes satisfy, literally or under the doctrine of

equivalents, each and every claim limitation, including but not limited to limitations of

claim 1.  For example, Defendants' Fire TV product uses speech-based navigation and

includes a set-top box for a television and a portable remote control device.  The Fire TV

product receives a spoken request for desired information from the user (such as a spoken

request for sports scores, weather, music, or a particular television show or movie),

renders an interpretation of the spoken request, constructs a navigation query, utilizes the

navigation query to select a portion of an electronic data source, and transmits the

selected portion from a network server to the Fire TV device, as described on the Fire TV

product page at http://amazon.com:[3]





- Now with Alexa, use your Fire TV Voice Remote to check local theater times, news, sports scores, the weather, play music, and more - just ask
- Enjoy over 4,000 channels, apps, and games including access to over 250,000 TV episodes and movies on Netflix, Amazon Video, HBO GO, Hulu, and more.
- Cutting the cord? Watch the best of live TV on NBC News, NBA, and Sling TV, which includes ESPN, CNN, HGTV, AMC, A&E, Cartoon Network, and more.
- Say it. Watch it. Simply say the name of what you want to watch and start enjoying in seconds.

---

[3] Plaintiff reserves the right to identify additional asserted claims as this litigation proceeds.  For example, Plaintiff expressly reserves the right to identify additional asserted claims in its infringement contentions to be served during the discovery process.



49.    Defendants' Echo product with Alexa Voice Remote, for instance, also uses speech-based navigation and includes a portable remote control device.  The Echo product receives a spoken request for desired information from the user (such as a spoken request to play music, provide information, news, sports scores, or weather), renders an interpretation of the spoken request, constructs a navigation query, utilizes the navigation query to select a portion of an electronic data source, and transmits the selected portion from a network server to the Echo device, as described on the Echo and Alexa Voice Remote product pages at http://amazon.com:





Amazon Echo is a hands-free speaker you control with your voice. Echo connects to the Alexa Voice Service to play music, provide information, news, sports scores, weather, and more—instantly. All you have to do is ask.



Roll over image to zoom in

## Alexa Voice Remote for Amazon Echo and Echo Dot

by Amazon

★★★★½ ▾    568 customer reviews

| 127 answered questions

Price: **$29.99** ✓Prime | FREE One-Day

 Delivered tomorrow for FREE with qualifying orders over $35. Details

**In Stock.**

Ships from and sold by Amazon Digital Services LLC. Gift-wrap available.

* Official remote for Amazon Echo and Echo Dot (Not compatible with Amazon Tap)
* Connects to Amazon Echo and Echo Dot via Bluetooth
* Includes an integrated microphone for when you are too far away or it's too noisy for Echo to hear you
* Dedicated buttons for volume up, volume down, play/pause, previous, and next
* Amazon Echo and Echo Dot work with one remote at a time

50.    Defendants have also infringed indirectly and continue to infringe indirectly the '718 Patent by active inducement under 35 U.S.C. § 271(b).

19

51.    On information and belief, Defendants gained knowledge of the '718 Patent at least as early as March 2016, when their affiliate Amazon Technologies Inc. cited the '718 Patent in prosecution of its own patent, U.S. Patent No. 9,424,840.  In any event, on information and belief, Defendants gained knowledge of the '718 Patent no later than the filing of this complaint or shortly thereafter.

52.    On information and belief, Defendants have intended, and continue to intend, to induce patent infringement by its users and have had knowledge that the inducing acts would cause infringement or have been willfully blind to the possibility that their inducing acts would cause infringement.  For example, Defendants encourage end users to perform speech-based navigation of an electronic data source using a method as claimed in claim 1 of the '718 Patent through the very nature of the products.  As a further example, Defendants instruct users on how to use the infringing products to perform speech-based navigation of an electronic data source using a method as claimed in claim 1 of the '718 Patent (*e.g.*, "Use Your Voice to Search Amazon Fire TV Devices," *available at* https://www.amazon.com/gp/help/customer/display.html?nodeId=201497650).  By using the infringing products to perform speech-based navigation of an electronic data source, users directly infringe at least claim 1 of the '718 Patent.  By continuing to provide instructions to users on how to use the infringing products to perform speech-based navigation of an electronic data source using a method as claimed in claim 1 of the '718 Patent, and by continuing to encourage such use, Defendants have and continue to specifically intend to induce infringement of the '718 Patent.

53.    Defendants have also infringed indirectly and continue to infringe indirectly the '718 Patent by contributory infringement under 35 U.S.C. § 271(c).

54.    Defendants have and continue to intentionally commit contributory infringement by selling, offering to sell, or importing the infringing products, including but not limited to the Fire TV Stick, with the knowledge that the Fire TV Stick will be used by users with, for example, the Amazon Fire TV Remote app on users' smartphones to directly infringe at least claim 1 of the '718 Patent.

55.    Since at least March 2016, Defendants have been and still are willfully infringing the '718 Patent.  On information and belief, at least as early as March 2016, Defendants had actual knowledge of the '718 Patent.  Despite having actual knowledge of the '718 Patent, Defendants have continued to willfully, wantonly, and deliberately infringe the '718 Patent.  Accordingly, Plaintiff seeks enhanced damages pursuant to 35 U.S.C. § 284 and a finding that this is an exceptional case within the meaning of 35 U.S.C. § 285, entitling Plaintiff to its attorneys' fees and expenses.

56.    To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '718 Patent.

57.    As a result of Defendants' infringement of the '718 Patent, Plaintiff has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court, and Plaintiff will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

58.    Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '718 Patent, Plaintiff will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

1.    A judgment that Defendants have infringed one or more claims of the '021, '061, and '718 Patents;

2.    A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with Defendants, from infringing the '021, '061, and '718 Patents;

3.    An award of damages resulting from Defendants' acts of infringement in accordance with 35 U.S.C. § 284;

4.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendants.

5.    A judgment and order requiring Defendants to provide accountings and to pay supplemental damages to Plaintiff, including, without limitation, prejudgment and post-judgment interest; and

6.    Any and all other relief to which Plaintiff may show itself to be entitled.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: December 19, 2016

OF COUNSEL:

Marc A. Fenster
Brian Ledahl
Adam Hoffman
Amir Naini
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025-1031
(310) 826-7474
mfenster@raklaw.com
bledahl@raklaw.com
ahoffman@raklaw.com
anaini@raklaw.com

BAYARD, P.A.


*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (No. 4952)
Sara E. Bussiere (No. 5725)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19801
(302) 655-5000
sbrauerman@bayardlaw.com
sbussiere@bayardlaw.com

*Attorneys for Plaintiff IPA Technologies, Inc.*