# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IPA TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., and AMAZON DIGITAL SERVICES, LLC, <br><br> Defendants. | C.A. No. 1:16-cv-01266-RGA <br><br> **JURY TRIAL DEMANDED** |

## IPA TECHNOLOGIES INC.'S MOTION FOR LEAVE TO FILE ITS FIRST AMENDED COMPLAINT

*OF COUNSEL*:

Paul J. Skiermont
Sarah E. Spires
Sadaf R. Abdullah
Steven W. Hartsell
Alexander E. Gasser
Christopher M. Hodge
SKIERMONT DERBY LLP
1601 Elm St. Ste. 4400
Dallas, TX 75201
(214) 978-6600

Mieke K. Malmberg
SKIERMONT DERBY LLP
800 Wilshire Blvd. Ste. 1450
Los Angeles, CA 90017
mmalmberg@skiermontderby.com

Dated: March 28, 2018

BAYARD, P.A.

Stephen B. Brauerman (No. 4952)
Sara E. Bussiere (No. 5725)
600 N. King Street, Suite 400
P.O. Box 25130
Wilmington, Delaware 19801
(302) 655-5000
sbrauerman@bayardlaw.com
sbussiere@bayardlaw.com

*Counsel for Plaintiff IPA Technologies, Inc.*

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................................ 1

BACKGROUND ................................................................................................................................. 2

ARGUMENT ....................................................................................................................................... 5

    A.    The Court Should Grant IPA Leave to Add Three Additional Patents. .................... 5

    B.    The Court Should Grant IPA Leave to Plead Additional Patent Eligibility Factual Allegations for the Original Three Asserted Patents. ................................. 6

        1.    There has been no undue delay. ................................................................... 9

        2.    Allowing IPA to amend its complaint would not unfairly prejudice Amazon. ...................................................................................................... 11

        3.    IPA's proposed factual allegations are not futile. ...................................... 12

CONCLUSION .................................................................................................................................. 13

# **TABLE OF AUTHORITIES**

**CASES**

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,
   882 F.3d 1121 (Fed. Cir. Feb. 14, 2018)............................................................................passim

*Alice Corp. Pty. v. CLS Bank Int'l*,
   134 S. Ct. 2347 (2014) ...........................................................................................................7

*Bechtel v. Robinson*,
   886 F.2d 644 (3d Cir. Oct. 3, 1989)......................................................................................11

*Berkheimer v. HP Inc.*,
   881 F.3d 1360 (Fed. Cir. Feb. 8, 2018) .................................................................................3

*Content Extraction & Transmission LLC v. Wells Fargo Bank, Natl. Ass'n*,
   776 F.3d 1343 (Fed. Cir. 2014) ..............................................................................................7

*Cureton v. Nationall Collegiate Athletic Association*,
   252 F.3d 267, 273 (3d Cir. 2001) ....................................................................................9, 10

*Dole v. Arco Chemical Co.*,
   921 F.2d 484 (3d Cir. 1990) .......................................................................................5, 10, 11

*IDB Ventures, LLC v. DSW Inc.*,
   Civil Action No. 2:17-cv-00523-JRG Lead Case..................................................................9

*Intellectual Ventures I LLC v. Toshiba Corp.*,
   C.A. No. 13-453-SLR-SRF, 2015 U.S. Dist. LEXIS 107797 (D. Del. Aug. 17, 2015) .........9, 10

*Janssen Pharmaceutica, N.V. v. Mylan Pharmaceuticals Inc.*,
   No. 15-760-SLR-SRF, 2016 U.S. Dist. LEXIS 192881, at *39 (D. Del. Oct. 18, 2016)............12

*Macqueen v. Union Carbide Corp.*,
   No. 13-831-SLR-CJB Consolidated, 2014 U.S. Dist. LEXIS 45291 (D. Del. Apr. 1, 2014) ......5

*MiiCs & Partners America, Inc. v. Toshiba Corp.*,
   No. 14-803-RGA, 2017 U.S. Dist. LEXIS 175766, at *3 (D. Del. Oct. 24, 2017)................6, 10

*Newsome v. Lawson*,
   Civ. No. 14-842-RGA, 2016 U.S. Dist. LEXIS 55886 (D. Del. Apr. 27, 2016) ........................12

*Sonos, Inc. v. D&M Holdings, Inc.*,
   No. 14-1330-RGA, 2017 U.S. Dist. LEXIS 15982 (D. Del. Mar. 7, 2017) ................................5

*Summerville v. Gregory*,
   No. 14-7653 (KM), 2015 U.S. Dist. LEXIS 100917 (D.N.J. Aug. 3, 2015) ............................. 12

*Winer Family Trust v. Queen*,
   503 F.3d 319 (3d Cir. 2007) ............................................................................................... 12

**STATUTES**

Fed. R. Civ. P. 15(a)(2) ............................................................................................................. 8

# INTRODUCTION

IPA Technologies Inc. seeks leave from the Court to file its First Amended Complaint against Amazon to include additional factual allegations regarding U.S. Patent Nos. 6,523,061; 6,742,021; and 6,757,718 (the "Asserted Patents") in light of the Federal Circuit's recent decisions in *Berkheimer v. HP Inc.*, and *Aatrix Software, Inc. v. Green Shades Software, Inc*. IPA has already pled these additional factual allegations in its operative complaints against Google and Microsoft. IPA also seeks leave for the purpose of asserting three additional patents, which IPA has also asserted against Google and Microsoft in its operative complaints.

IPA's proposed First Amended Complaint adds factual allegations directed to the original Asserted Patents that plead two things: (1) the claims of the Asserted Patents are directed to improvements in the functioning and operation of the computer; and (2) the claims of the Asserted Patents contain an inventive concept and are not comprised of elements that are well-understood, conventional, or routine from the perspective of person of ordinary skill in the art. Amazon has effectively consented to the addition of the three new patents, but it opposes IPA's motion for leave to add additional factual allegations related to patent eligibility of the original Asserted Patents because it has a fully-briefed and argued motion to dismiss pending.

Amazon's objection misses the mark. The Court has not entered a scheduling order and no discovery has begun. Leave to amend a complaint should be freely granted unless there is a showing of undue delay, unfair prejudice, or futility. None of those factors are present here. IPA acted diligently to draft an amended complaint to include additional patent eligibility factual allegations after the Federal Circuit issued *Aatrix*, which held that a district court abused its discretion when it denied leave to amend a complaint to assert factual allegations regarding patent eligibility—*even after* the district court had found the asserted claims patent ineligible on a motion to dismiss. Amazon will not be unfairly prejudiced by the amendment. Both the Federal

Circuit and Third Circuit have held that the need to re-brief a motion in light of an amended complaint does not constitute unfair prejudice. Finally, the proposed factual allegations state a claim for patent infringement of patent-eligible claims. This forecloses a finding of futility, or at a minimum the Court should defer a futility analysis for any renewed briefing on a motion to dismiss IPA's First Amended Complaint.

## BACKGROUND

IPA filed its Original Complaint against Amazon on December 19, 2016, asserting U.S. Patent Nos. 6,523,061; 6,742,021; and 6,757,718 (the "Asserted Patents"). (D.I. 1.) Amazon filed three Stipulations to Extend Time to answer or otherwise respond to the complaint (D.I. 6, 10, 21). On March 10, 2017, Amazon filed its motion to dismiss under § 101. (D.I. 12, 13.) Briefing concluded on April 21, 2017 with IPA's opposition and Amazon's reply brief. (D.I. 15, 17.) The Court heard argument on the motion on November 16, 2017; no decision has issued.

Since the motion was heard, significant activity has occurred in related cases pending before this Court and at the Federal Circuit with respect to Section 101. On January 1, 2018, IPA filed its complaint against Microsoft asserting the same three patents asserted against Amazon. (*IPA Technologies Inc. v. Microsoft Corp.*, No. 1:18-cv-0000-RGA, D.I. 1.) On January 23, 2018, Microsoft filed its motion to dismiss the Asserted Patents on § 101 grounds. (*Microsoft*, D.I. 5.) On January 30, 2018, the undersigned *of counsel* entered appearances in both the Amazon and Microsoft cases. (D.I. 28; *Microsoft*, D.I. 10.) IPA's new counsel sought and Microsoft agreed to an extension to the response deadline to February 20, 2018. (*Microsoft*, D.I. 11.)

Prior to IPA's agreed deadline to respond to Microsoft's motion to dismiss, the Federal Circuit issued two opinions addressing underlying factual disputes and factual allegations in pleadings with respect to pre-trial motions filed pursuant to § 101. On February 8, 2018, the Federal Circuit issued its opinion in *Berkheimer*—which held for the first time that a district court

2

erred in granting summary judgment on § 101 grounds due to disputed fact issues. *See Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368–69 (Fed. Cir. Feb. 8, 2018) ("The question of whether a claim element or combination of claim elements is well-understood, routine and conventional to a skilled artisan is a question of fact. Any fact, such as this one, that is pertinent to the invalidity conclusion must be proved by clear and convincing evidence. . . the district court erred in concluding there are no underlying factual questions to the § 101 inquiry."). Less than a week later, the Federal Circuit issued its opinion in *Aatrix*—which held for the first time that a district court abused its discretion when it denied leave to file an amended complaint to plead additional factual allegations directed to patent eligibility. *See Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1126 (Fed. Cir. Feb. 14, 2018) ("The [district court's] subsequent refusal to permit an amended complaint was erroneous because at that state there certainly were allegations of fact that, if [plaintiff's] position were accepted, would preclude the dismissal. . . The proposed second amended complaint contains allegations that, taken as true, would directly affect the district court's patent eligibility analysis. These allegations at a minimum raise factual disputes underlying the § 101 analysis[.]").

Following the lead of *Berkheimer* and *Aatrix*, on February 20, 2018, IPA responded to Microsoft's § 101 motion to dismiss with its First Amended Complaint, which included new factual allegations related to patent eligibility. (*See Microsoft*, D.I. 12.). Those new factual allegations are substantially the same allegations that IPA seeks leave to include in its proposed First Amended Complaint against Amazon.[1]

---

[1] In accordance with the Local Rules, attached hereto as Exhibit A is a clean version of the Proposed First Amended Complaint and attached as Exhibit B is a Proposed First Amended Complaint indicating the proposed additions, deletions, and modifications.

3

In addition, on February 26, 2018, IPA filed its Original Complaint against Google, asserting six patents, including the three originally asserted against Amazon and three it seeks to add against Amazon—and pled substantially the same facts directed to patent eligibility that appeared in its amended complaint against Microsoft, and which IPA seeks leave to add against Amazon. (*See* D.I. 1, *IPA Technologies Inc. v. Google LLC*, No. 1:18-cv-00318-RGA.)

After it filed the Google complaint, IPA's counsel prepared the proposed First Amended Complaint against Amazon that incorporated the new patent eligibility factual allegations present in both the Google and Microsoft complaints, and to add three additional patents.  On March 12, 2018, IPA's counsel sought Amazon's permission to file its First Amended Complaint. (*See* Exhibit C, March 12, 2018 Email from S. Spires to Amazon Counsel.)  That the same day, Amazon's counsel requested the proposed first amended complaint, which IPA provided.  (*See id.*)  Counsel for Amazon stated they needed to speak with their client before determining whether they would consent.  In the meantime, IPA informed Microsoft of its intent to add the three additional patents by a proposed second amended complaint. (*See Microsoft*, D.I. 15.) After reviewing IPA's proposed Second Amended Complaint, Microsoft consented to its filing, which occurred on March 20, 2018.  (*See id.*; *Microsoft*, D.I. 16.)

As a result, as of March 20, 2018, IPA's Original complaint against Google and Second Amended Complaint against Microsoft each assert the same six patents and each contain detailed patent eligibility factual allegations for all six patents.  Also on March 20, 2018—eight days after IPA sought Amazon's consent—Amazon's counsel informed IPA that it would not consent to the filing of the First Amended Complaint. (*See* Exhibit C.)  Amazon did not take issue with IPA's request to include the three new patents—its counsel stated Amazon would consent to IPA filing a new lawsuit asserting three additional patents and consolidation of the new suit with the existing one.  (*See id.*)  However, Amazon objected to any amendment to the factual pleadings related to

4

the original Asserted Patents, because of its pending § 101 motion. (*See id.*) During a meet and confer, IPA responded to Amazon's objection and pointed to the Federal Circuit's *Aatrix* and *Berkheimer* decisions (both of which issued after briefing and argument on Amazon's motion), as well as the judicial and party efficiencies that would result from aligning the Amazon, Google and Microsoft cases into the same procedural posture with respect to patent eligibility issues. Regrettably, Amazon insisted on contested motion practice requiring IPA to file this Motion for Leave to Amend. If granted, the amendment will conform IPA's complaint against Amazon to the factual allegations and patents before the Court in both the Google and Microsoft cases.

## ARGUMENT

In granting leave to amend a complaint under Fed. R. Civ. P. 15(a)(2), the Third Circuit has "held consistently that leave to amend should be granted freely." *See Dole v. Arco Chemical Co.*, 921 F.2d 484, 486–87 (3d Cir. 1990). The Third Circuit's liberal approach to amendments "ensures that a particular claim will be decided on the merits rather than on technicalities." *See id.* at 487. For this reason, "in the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party." *See Sonos, Inc. v. D&M Holdings, Inc.*, No. 14-1330-RGA, 2017 U.S. Dist. LEXIS15982, at *3–4 (D. Del. Mar. 7, 2017). Amazon "bears the burden to demonstrate that the proposed amendment should be denied." *See Macqueen v. Union Carbide Corp.*, Civil Action No. 13-831-SLR-CJB Consolidated, 2014 U.S. Dist. LEXIS 45291, at *16 (D. Del. Apr. 1, 2014). It cannot meet that burden.

### A. The Court Should Grant IPA Leave to Add Three Additional Patents.

IPA sought consent from Amazon to amend its complaint to assert three additional patents: U.S. Patent Nos. 6,851,115; 7,069,560; and 7,036,128. Amazon essentially consented. It acknowledged that IPA could file a second lawsuit against Amazon asserting the new patents and

5

agreed to consolidate the second lawsuit with the existing one. (*See* Exhibit C.) And even absent Amazon's agreement, given that no scheduling order has issued and no discovery has occurred, there has been no undue delay or prejudice to Amazon in adding the three additional patents to IPA's proposed First Amended Complaint. *See, e.g.*, *MiiCs & Partners Am., Inc. v. Toshiba Corp.*, Civil Action No. 14-803-RGA, 2017 U.S. Dist. LEXIS 175766, at *3 (D. Del. Oct. 24, 2017) (noting that the Court granted leave to file an amended complaint to assert additional patents eight months after the filing of the original complaint). Instead of requiring IPA to file a second lawsuit and consolidate it with the pending action, IPA respectfully requests that the Court permit IPA to amend its complaint against Amazon for the first time to assert the three new patents that are also asserted against both Google and Microsoft.

    **B.  The Court Should Grant IPA Leave to Plead Additional Patent Eligibility Factual Allegations for the Original Three Asserted Patents.**

In light of *Berkheimer* and *Aatrix*, IPA also seeks leave to amend its complaint against Amazon for the first time to add patent eligibility factual allegations for the three original Asserted Patents. These proposed factual allegations address the patent eligibility of those original Asserted Patents with respect to *Alice* Step One and Step Two.

Under *Alice* Step One, the Federal Circuit has "repeatedly held" that a claimed invention is patent eligible if it is "directed to improvements in the functioning and operation of the computer." *See Aatrix*, 882 F.3d at 1127. IPA's proposed amended complaint alleges facts that the claimed inventions are directed to improvements in the functioning and operation of the computer. IPA's proposed factual allegations plead specific shortcomings of then-existing computer technology directed to computer recognition and interpretation of spoken language inputs, error correction for such inputs, and navigation queries based on such spoken language inputs. (*See, e.g.,* Exhibit A, Proposed First Amended Complaint at ¶¶ 96–104 ('021 Patent),

6

131–132 ('061 Patent), 152–154 ('718 Patent).) IPA's proposed factual allegations also plead how the claimed inventions improve upon the prior art computer technology. (*See, e.g.,* Exhibit A, Proposed First Amended Complaint at ¶¶ 105–111 ('021 Patent), 133–136 ('061 Patent), 153–154 ('718 Patent).)

Moreover, even if a claimed invention is found to be directed to an abstract idea under *Alice* Step One, the invention may still be patent eligible if the elements of the claim "contain[] 'an inventive concept sufficient to transform the claimed abstract idea into a patent-eligible application.'" *Aatrix*, 882 F.3d at 1126 (quoting *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2357 (2014)). *Alice* Step Two is satisfied, and a claim is patent eligible, "when the claim limitations 'involve more than performance of well-understood, routine and conventional activities previously known to the industry.'" *Aatrix*, 882 F.3d at 1128 (quoting *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1347–48 (Fed. Cir. 2014)). IPA's factual allegations in its proposed First Amended Complaint ("FAC") plead patent eligibility factual allegations under *Alice* Step Two, and plead that certain claim limitations, as well as the claims as a whole, contain an inventive concept and contain more than well-understood, routine and conventional activities known to the industry.

*First*, IPA's proposed FAC pleads facts alleging that during prosecution of the patent applications, several examiners considered a wide range of prior art and after considering such art found that the claims contain an inventive concept. (*See, e.g.,* Exhibit A, Proposed First Amended Complaint at ¶ 120 ("***Applicants teach an inventive concept*** for navigating network-based electronic data sources in response to spoken natural language input." (emphasis added)); *see also* ¶¶ 121 ('021 Patent), 138–145 ('061 Patent), 155–161 ('718 Patent).)

*Second*, IPA's proposed FAC pleads facts alleging that at the time of the invention the claim limitations were not well-understood, routine, and conventional activities previously known

7

to the industry. IPA's proposed FAC pleads facts alleging that the claimed technology was ahead of the state of the art for speech-based navigation of electronic data sources. (*See id.* at ¶¶ 126 ('021 Patent), 148 ('061 Patent), 166 ('718 Patent).) IPA further pleads facts directed to the forward citations to each Asserted Patent, and further pleads how such forward citations illustrate the specificity of the inventions disclosed in, and lack of preemption by the Asserted Patents. (*See id.* at ¶¶ 124–125 ('021 Patent), 146–147 ('061 Patent), 164–165 ('718 Patent).) All of the aforementioned factual allegations, when taken as true, establish patent eligibility under Step Two of *Alice* because they are "concrete allegations . . . that individual elements and the claimed combination are not well-understood, routine, or conventional activity." *Aatrix*, 882 F.3d at 1128.

In short, IPA seeks leave to amend its complaint to include the same kinds of factual allegations that *Aatrix* held should be permitted via an amended complaint even after the district court had granted defendant's § 101 motion to dismiss. *See id.* at 1127–29. Permitting IPA leave to amend its complaint for the first time to include these factual allegations would be in line with the reasoning and holding of *Aatrix*. *See id.* at 1127-28 ("Viewed in favor of [plaintiff], as the district court must at the Rule 12(b)(6) stage, the complaint alleges that the claimed combination improves the functioning and operation of the computer itself. These allegations, if accepted as true, contradict the district court's conclusion that the claimed combination was conventional or routine. Therefore, it was an abuse of discretion for the district court to deny leave to amend.") Permitting IPA leave to amend will also serve judicial economy, by conforming the factual allegations to those in the Google and Microsoft cases, which the Court is likely to hear in the context of those defendants' motion to dismiss under § 101. And as explained further below, because no other legally sufficient reason exists to deny leave to amend IPA's present Complaint for the first time, the Court should grant IPA's Motion.

8

     *1.*  *There has been no undue delay.*

  IPA worked to amend its complaints diligently following the Federal Circuit's decisions in *Berkheimer and Aatrix*, and to substantially conform its factual allegations against Amazon to its allegations against Microsoft and Google. IPA did not seek to amend its complaint during the 21 days following Amazon's motion to dismiss because as of that time there was not Federal Circuit precedent directed to the essential importance of underlying facts to the legal issue of patent eligibility (*Berkheimer*, reversing summary judgment based on disputed facts for the first time and applying clear and convincing standard for the first time), nor had the Federal Circuit ever reversed a district court for abusing its discretion for denying leave to amend to address patent eligibility issues (*Aatrix*). Such precedent was not established. Instead, as discussed in the Background, *supra*, IPA immediately began work to amend its complaints to address these new Federal Circuit decisions. IPA was not alone in recognizing the potential significance of *Berkheimer* and *Aatrix* to § 101 motions. As just one example, Judge Gilstrap recently *sua sponte* ordered supplemental briefing to address "recent Federal Circuit precedent on § 101 and specifically addressing" *Aatrix* on a pending motion to dismiss on patent eligibility. (*See* March 19, 2018 Order, *IDB Ventures, LLC v. DSW Inc.*, Civil Action No. 2:17-cv-00523-JRG Lead Case, attached as Exhibit D.)

  Moreover, "[t]he mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). To the contrary, a motion for leave to amend that is filed within the deadline set forth in a scheduling order for amended pleadings "generally precludes a finding of undue delay." *See Intellectual Ventures I LLC v. Toshiba Corp.* C.A. No. 13-453-SLR-SRF, 2015 U.S. Dist. LEXIS 107797, at *4–5 (D. Del. Aug. 17, 2015). Amazon may argue there is undue delay "given that the case [has] been pending for over a year and the motion to dismiss has been

fully briefed and argued months ago." (*See* Exhibit C.) This argument, however, is insufficient to establish undue delay sufficient to overcome the liberal approach taken in this Circuit of amended pleadings.

Despite the time elapsed since IPA filed its Original Complaint, this case is still in its infancy. There is no scheduling order and discovery has not yet begun. The mere fact that a year has passed since the filing of the complaint is not sufficient to show undue delay. *See Cureton*, 252 F.3d at 273. Further, the infancy of this case counsels against the finding of undue delay. For example, the Court in *Intellectual Ventures* distinguished cases which are still in their early stages and where discovery has not yet closed (much less not yet begun) to those where motions to amend were filed after the close of discovery. *See Intellectual Ventures*, 2015 U.S. Dist. LEXIS 107797, at *4–6 (noting that cases finding undue delay were several years old and/or the amendment was sought after the close of fact discovery). Where motions to amend were filed eight to nine months after the complaint, there was no undue prejudice. *See, e.g., Dole*, 921 F.2d at 487 (no undue delay where motion to amend was filed eight and a half months into the litigation); *MiiCs*, 2017 U.S. Dist. LEXIS 175766, at *3 (indicating that court had granted motion to amend roughly eight months after litigation began). Further, the deadline for amendment of pleadings has not yet even been set because no scheduling order has been proposed or entered. If amendments sought prior to the deadline in a scheduling order generally preclude a finding of undue delay, so too should amendments prior to a scheduling order being entered. *See Intellectual Ventures*, 2015 U.S. Dist. LEXIS 107797, at *4–5.

The fact that briefing has concluded and a hearing has been held also does not support a finding of undue delay. In *Aatrix*, the plaintiff sought leave to amend its complaint ***after*** the district court had ***entered judgment*** of invalidity based on patent-ineligibility. *See Aatrix*, 882 F.3d at 1126. The Federal Circuit ruled that the district court abused its discretion in denying

plaintiff leave to amend the complaint. *Id.* And in *Dole*, no undue delay was found even though summary judgment briefing had concluded. *See Dole*, 921 F.2d at 486, 488. For at least these reasons, IPA did not unduly delay its request for Amazon's permission or leave of Court to file its First Amended Complaint.

        2.        *Allowing IPA to amend its complaint would not unfairly prejudice Amazon.*

Amazon will not be unfairly prejudiced by allowing the amendment, given the status of this case, and of related cases. "[P]rejudice to the nonmoving party is the touchstone for the denial of an amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. Oct. 3, 1989). "In order to make the required showing of prejudice, regardless of the stage of the proceedings, [the non-movant] is required to demonstrate that its ability to present its case would be seriously impaired were amendment allowed." *Dole*, 921 F.2d at 488. Amazon cannot make such a showing, because "the mere fact that [a] motion will need to be revised does not, without more, establish that prejudice will result from permitting the plaintiff to amend. Amendment may be permitted at any point during the course of litigation." *Id.*

Both Third Circuit and Federal Circuit precedent foreclose Amazon's unfair prejudice argument. In *Aatrix*, the non-movant had already obtained a favorable judgment on its motion to dismiss on patent-eligibility when the Federal Circuit ruled that the district court abused its discretion to deny the plaintiff's post-judgment motion to amend the complaint to assert additional patent eligibility facts. *See Aatrix*, 882 F.3d at 1126. And in *Dole*, as shown above, the court rejected the argument Amazon advances—holding that the need to re-brief summary judgment—and even conduct additional discovery—did not constitute unfair prejudice. *See Dole*, 921 F.2d at 488.

Finally, rather than prejudicing Amazon, permitting IPA to amend its complaint to plead substantially the same factual allegations that it has pled in Google and Microsoft means that all

11

three defendants would be on roughly the same track in briefing the same issue based on the same pleadings as they pertain to patent eligibility of the Asserted Patents. This outcome also promotes judicial economy given the Court will likely be presented with similar motions from Google and Microsoft.

### 3.   *IPA's proposed factual allegations are not futile.*

IPA's proposed FAC properly states a claim for Amazon's patent infringement of patent-eligible claims. For a finding of futility, "the amended pleading must fail to state a claim upon which relief could be granted even after the district court 'take[s] all pleaded allegations as true and view[s] them in a light most favorable to the plaintiff." *See Janssen Pharmaceutica, N.V. v. Mylan Pharms. Inc.*, Civil Action No. 15-760-SLR-SRF, 2016 U.S. Dist. LEXIS 192881, at *39 (D. Del. Oct. 18, 2016) (quoting *Winer Family Trust v. Queen*, 503 F.3d 319, 331 (3d Cir. 2007)). The Court should not deny based on futility because a fulsome futility analysis is better left for renewed motion to dismiss briefing and, in any event, IPA's proposed FAC states a claim for infringement of patent-eligible claims.

*First*, granting leave to amend is prudent where futility arguments are better suited for a fully briefed renewed motion to dismiss. In *Newsome v. Lawson*, defendants opposed an amendment based on a failure to state a claim, and the court held that those "arguments are more appropriately considered upon renewal of defendants' motion to dismiss or a motion for summary judgment." *See Newsome v. Lawson*, Civ. No. 14-842-RGA, 2016 U.S. Dist. LEXIS 55886, at *2 (D. Del. Apr. 27, 2016). *Newsome* quoted *Summerville v. Gregory*, stating "In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss." *See id.* (quoting *Summerville v. Gregory*, Civil Action No. 14-7653 (KM), 2015 U.S. Dist. LEXIS 100917, at *3 (D.N.J. Aug. 3, 2015).

12

The Court should exercise the same discretion here. To the extent that Amazon would renew its motion to dismiss on § 101 grounds, those arguments are better suited for a fully briefed, renewed motion to dismiss that addresses the factual allegations in detail.

***Second***, if the Court prefers to conduct a detailed futility analysis, the factual allegations state a claim for infringement of patent-eligible claims. Like the plaintiff in *Aatrix*, IPA's proposed FAC pleads facts alleging that the inventions in the Asserted Patents are patent-eligible under *Alice* Step One because they are improvements to computer technology. *See* Section **I.B** (identifying IPA's factual allegations); *see also Aatrix*, 882 F.3d at 1127-28. Further, if the Court were to reach *Alice* Step Two, IPA's proposed amended complaint also pleads that the claimed technology included an inventive concept and that the elements were not well-understood, conventional, or routine activity in the industry. *See* Section **I.B** (identifying IPA's factual allegations); s*ee also Aatrix*, 882 F.3d at 1128.

These factual allegations sufficiently state a claim for patent infringement against Amazon of patent-eligible claims and are not futile.

## CONCLUSION

IPA seeks leave to amend its complaint to incorporate new factual allegations regarding the Asserted Patents and to add three additional patents to the case. These factual allegations are present in the operative complaints against both Google and Microsoft, and the Court will likely here § 101 arguments including these factual allegations on at least one or more of Asserted Patents. These new allegations have not been presented after undue delay, do not prejudice Amazon, and are not futile. Given the Third Circuit's liberality in granting motions for leave to amends, IPA respectfully requests that the Court grant IPA's motion for leave to file its proposed First Amended Complaint.

| | |
|---|---|
| Dated: March 28, 2018 | BAYARD, P.A. |
| OF COUNSEL: | |
| Paul J. Skiermont<br>Sarah E. Spires<br>Sadaf R. Abdullah<br>Steven W. Hartsell<br>Alexander E. Gasser<br>Christopher M. Hodge<br>SKIERMONT DERBY LLP<br>1601 Elm St. Ste. 4400<br>Dallas, TX 75201<br>(214) 978-6600<br>pskiermont@skiermontderby.com<br>sspires@skiermontderby.com<br>shartsell@skiermontderby.com<br>sabdullah@skiermontderby.com<br>agasser@skiermontderby.com<br>chodge@skiermontderby.com<br>sudick@skiermontderby.com | */s/ Stephen B. Brauerman*<br>Stephen B. Brauerman (No. 4952)<br>Sara E. Bussiere (No. 5725)<br>600 N. King Street, Suite 400<br>P.O. Box 25130<br>Wilmington, Delaware 19801<br>(302) 655-5000<br>sbrauerman@bayardlaw.com<br>sbussiere@bayardlaw.com<br><br>*Attorneys for Plaintiff IPA Technologies, Inc.* |
| Mieke K. Malmberg<br>SKIERMONT DERBY LLP<br>800 Wilshire Blvd. Ste. 1450<br>Los Angeles, CA 90017<br>mmalmberg@skiermontderby.com | |