## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IPA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | The Honorable |
| | ) | Richard G. Andrews |
| v. | ) | |
| | ) | Civil Action No.  1:16-CV-01266-RGA |
| AMAZON.COM, INC., and | ) | |
| AMAZON DIGITAL SERVICES, LLC, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |
| | ) | |

### REPLY OF DEFENDANTS AMAZON.COM, INC. AND AMAZON DIGITAL SERVICES, LLC, TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Of Counsel:*

J. David Hadden
Saina S. Shamilov
Todd R. Gregorian
Ravi R. Ranganath
Athul K. Acharya
FENWICK & WEST LLP
801 California Street
Mountain View, California 94041
(650) 988-8500

Steven J. Balick (#2114)
sbalick@ashbygeddes.com
Andrew C. Mayo (#5207)
amayo@ashbygeddes.com
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

Counsel for Defendants
AMAZON.COM, INC. and
AMAZON DIGITAL SERVICES, LLC

June 18, 2018

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................................1

ARGUMENT .........................................................................................................................1

    I.    *BERKHEIMER* AND *AATRIX* DO NOT SAVE IPA'S CLAIMS............................1

    II.    THE ORIGINAL PATENTS' CLAIMS ARE INVALID UNDER § 101. ...............3

        A.    IPA is precluded from challenging the Court's invalidity determination. ...3

        B.    The original patents claim an abstract idea with no redeeming inventive concept. ........................................................................................................4

    III.    THE NEW PATENTS' CLAIMS ARE INVALID UNDER § 101. ........................5

        A.    The new patents' claims are directed to an abstract idea because they claim a result with no means to achieve it. ...................................................5

        B.    IPA identifies no inventive concept in the new patents' claims. .................9

CONCLUSION......................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aatrix Software v. Green Shades Software, Inc.*,
  882 F.3d 1121 (Fed. Cir. 2018)..................................................................1, 2, 3

*Affinity Labs of Tex., LLC v. Amazon.com, Inc.*,
  838 F.3d 1266 (Fed. Cir. 2016)..................................................................... *passim*

*Affinity Labs of Tex., LLC v. DirecTV, LLC*,
  838 F.3d 1253 (Fed. Cir. 2016), *cert. denied*, 137 S. Ct. 1956 (2017) .....................................4

*Appistry, LLC v. Amazon.com, Inc.*,
  676 F. App'x 1008 (Fed. Cir. 2017) ..................................................................7, 8

*Automated Tracking Sols., LLC v. Coca-Cola Co.*,
  723 F. App'x 989, 2018 WL 935455 (Fed. Cir. 2018) ..........................................................2

*Berkheimer v. HP Inc.*,
  881 F.3d 1360 (Fed. Cir. 2018)..................................................................1, 2, 3, 7

*Berkheimer v. HP Inc.*,
  890 F.3d 1369, 2018 WL 2437140 (Fed. Cir. 2018) .........................................................1, 2, 3

*buySAFE, Inc. v. Google, Inc.*,
  765 F.3d 1350 (Fed. Cir. 2014)..................................................................8

*Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*,
  776 F.3d 1343 (Fed. Cir. 2014)..................................................................4

*Core Wireless S.A.R.L. v. LG Elecs., Inc.*,
  880 F.3d 1356 (Fed. Cir. 2018)..................................................................9

*Egenera, Inc. v. Cisco Sys., Inc.*,
  234 F.Supp.3d 331, 342 (D. Mass. Feb. 14, 2017) ..................................................................8

*Elec. Power Grp., LLC v. Alstom S.A.*,
  830 F.3d 1350 (Fed. Cir. 2016)..................................................................3, 10

*Enfish, LLC v. Microsoft Corp.*,
  822 F.3d 1327 (Fed. Cir. 2016)..................................................................4, 8

*Exergen Corp. v. Kaz USA, Inc.*
  No. 2016-2315, U.S. App. LEXIS 6004 (Fed. Cir. Mar. 8, 2018)..........................................10

*In re TLC Commc'ns Pat. Litig.*,
  823 F.3d 607 (Fed. Cir. 2016)................................................................3, 8

*Intellectual Ventures I LLC v. Erie Indem. Co.*,
  711 F. App'x 1012 (Fed. Cir. 2017) ...................................................10

*Local Intelligence, LLC v. HTC Am., Inc.*,
  No. 6:17-cv-06437-EJD, 2018 WL 1697127 (N.D. Cal. Apr. 6, 2018) ...................................9

*Maxon, LLC v. Funai Corp., Inc.*,
  No. 2017-2139, 2018 WL 1719101 (Fed. Cir. 2018) ...............................................2

*PharmaStem Therapeutics, Inc. v. ViaCell, Inc.*,
  491 F.3d 1342 (Fed. Cir. 2007)...............................................................10

*Robocast, Inc. v. Apple Inc.*,
  No. CV 11-235-RGA, 2014 WL 2622233 (D. Del. June 11, 2014) ...................................3

*SAP Am., Inc. v. InvestPic LLC*,
  890 F.3d 1016 (Fed. Cir. 2018)...............................................................2, 5

*Secured Mail Sols. LLC v. Universal Wilde, Inc.*,
  873 F.3d 905 (Fed. Cir. 2017), *cert. denied*, No. 17-1319, 2018 WL 1400375
  (U.S. May 14, 2018) ...............................................................1, 2

*SmithKline Beecham Corp. v. Apotex Corp.*,
  439 F.3d 1312 (Fed. Cir. 2006)...............................................................3

*Synopsys, Inc. v. Mentor Graphics Corp.*,
  839 F.3d 1138 (Fed. Cir. 2016), *cert. denied*, 138 S. Ct. 71 (2017).........................9

*Trading Techs. Int'l Inc. v. CQG Inc.*,
  675 F. App'x 1001 (Fed. Cir. 2017) ...................................................9

*Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*,
  874 F.3d 1329 (Fed. Cir. 2017)...............................................................3, 4, 5, 9

*Voter Verified, Inc. v. Election Sys. & Software LLC*,
  887 F.3d 1376 (Fed. Cir. 2018)...............................................................2, 3

**STATUTES**

35 U.S.C. § 112...............................................................5, 9

35 U.S.C. § 121...............................................................4

## INTRODUCTION

IPA's opposition rests on two erroneous arguments:   first, that the Federal Circuit's opinions in *Berkheimer* and *Aatrix* changed the law of patent eligibility; and second, that at the pleading stage, the Court must credit conclusory allegations that the asserted patents are directed to an improvement in computer technology.  Both arguments lack merit.  Neither *Berkheimer* nor *Aatrix* suggested that claiming a result, as the original and new patents do, passes muster under § 101.  An unbroken chain of Federal Circuit cases holds that such claims are patent-ineligible. And neither *Berkheimer* nor *Aatrix* changed the *Iqbal/Twombly* pleading standard.  IPA cannot create a fact dispute regarding eligibility by pasting the specification into the complaint and alleging the legal conclusion that the claims are directed to an improvement in technology.  Nor can IPA create a fact dispute by alleging that a technology is inventive where the patent expressly admits it is conventional.  The original and new patents each claim ineligible subject matter and are invalid under § 101.  The Court should therefore grant Amazon's motion in its entirety.

## ARGUMENT

## I.    *BERKHEIMER* AND *AATRIX* DO NOT SAVE IPA'S CLAIMS.

IPA's argument centers on the idea that *Berkheimer v. HP Inc.* and *Aatrix Software, Inc. v. Green Shades Software, Inc.*, wrought a sea change in the law of patent-eligibility.  881 F.3d 1360 (Fed. Cir. 2018); 882 F.3d 1121 (Fed. Cir. 2018).  But those cases stand for the "unremarkable proposition" that step two of the *Alice* inquiry *may* include questions of fact about what was "well-understood, routine, and conventional to a skilled artisan in the relevant field at a particular point in time." *Berkheimer v. HP Inc.*, 890 F.3d 1369, 2018 WL 2437140, at *1 (Fed. Cir. 2018) (Moore, J., concurring).[1]  Earlier cases stand for the same proposition.  *See, e.g.*, *Secured Mail Sols. LLC v.*

---

[1] This description of *Berkheimer* and *Aatrix* was penned by Judge Moore, the author of both opinions, in a later opinion denying rehearing of *Berkheimer*.  *Berkheimer*, 2018 WL 2437140, at

*Universal Wilde, Inc.*, 873 F.3d 905, 912-13 (Fed. Cir. 2017), *cert. denied*, No. 17-1319, 2018 WL 1400375 (U.S. May 14, 2018). *Berkheimer* and *Aatrix* did not change the law of patent eligibility. In fact, they expressly recognize the rules that determine the outcome of this motion.

First, the ultimate question of patent-eligibility is a question of law. *Berkheimer*, 2018 WL 2437140, at *1 (Moore, J., concurring). While patent eligibility *may* contain underlying issues of fact, "not every § 101 determination contains genuine disputes over the underlying facts material to the § 101 inquiry." *Berkheimer*, 881 F.3d at 1368.[2]

Second, patent-eligibility may involve issues of fact only at step two of *Alice*. *Berkheimer*, 2018 WL 2437140, at *4 (Moore, J., concurring). Step one—whether claims are directed to an abstract idea—remains a pure question of law. *See, e.g.*, *Berkheimer*, 881 F.3d at 1366-68.

Third, "where the specification admits the additional claim elements are well-understood, routine, and conventional," those admissions "are binding on the patentee." *Berkheimer*, 2018 WL 2437140, at *2 (Moore, J., concurring) (quoting *PharmaStem Therapeutics, Inc. v. ViaCell, Inc.*, 491 F.3d 1342, 1362 (Fed. Cir. 2007)). In particular, "in ruling on a 12(b)(6) motion, a court need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit,' such as the claims and the patent specification." *Id.* at *3 (quoting *Secured Mail*, 873 F.3d at 913) (alteration omitted). Nor need a court accept "mere conclusory statements" alleging that something in the claims is inventive. *Id.*

---

*1. By contrast, IPA cites to the characterization of these cases in Judge Reyna's dissent. (Opp. at 7.)

[2] Confirming that *Berkheimer* and *Aatrix* did not change the law of patent-eligibility, since those cases were decided, the Federal Circuit has affirmed several district court decisions invalidating patents under § 101 on the pleadings. *See, e.g.*, *SAP Am., Inc. v. InvestPic LLC*, 890 F.3d 1016, 1023-24 (Fed. Cir. 2018); *Voter Verified, Inc. v. Election Sys. & Software LLC*, 887 F.3d 1376, 1385-86 (Fed. Cir. 2018); *Maxon, LLC v. Funai Corp., Inc.*, No. 2017-2139, 2018 WL 1719101, at *2 (Fed. Cir. 2018); *Automated Tracking Sols., LLC v. Coca-Cola Co.*, 723 F. App'x 989, 2018 WL 935455, at *5-6 (Fed. Cir. 2018).

Fourth, any supposedly inventive features described in the specification must be "captured in the claims." *Berkheimer*, 881 F.3d at 1369. Inventive features described in a specification but not part of the invention as claimed will not save a claim directed to an abstract idea. *Berkheimer*, 2018 WL 2437140, at \*2 (Moore, J., concurring).

Most critically, neither *Berkheimer* nor *Aatrix* changes the rule—affirmed by the Federal Circuit in case after case—that claims directed to a result that do not recite a specific technical solution for achieving that result are ineligible under § 101. *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1337 (Fed. Cir. 2017); *Affinity Labs of Tex., LLC v. Amazon.com, Inc.* ("*Affinity-Amazon*"), 838 F.3d 1266, 1269-70 (Fed. Cir. 2016); *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1356 (Fed. Cir. 2016); *In re TLC Commc'ns Pat. Litig.* ("*TLI*"), 823 F.3d 607, 612 (Fed. Cir. 2016).

## II.   THE ORIGINAL PATENTS' CLAIMS ARE INVALID UNDER § 101.

### A.   IPA is precluded from challenging the Court's invalidity determination.

IPA is collaterally estopped from re-arguing the validity of claim 1 of each of the original patents. In a footnote with no supporting authority, IPA counters that *Berkheimer* and *Aatrix* represent an intervening change in law, creating an exception to issue preclusion.[3] (Opp. at 8 n.2.) But the Federal Circuit recently held that not even the Supreme Court's *Alice* decision created such an exception, because it merely "refined" the two-step § 101 framework already set out in *Mayo*. *Voter Verified*, 887 F.3d at 1381-82. If *Alice* merely refined *Mayo*, then *Berkheimer* and *Aatrix* at most further refined one step of the *Alice* analysis. They thus "do[] not exempt a potential application of issue preclusion." *Id.* at 1381. IPA offers no other reason why the Court should

---

[3] IPA waived any argument on collateral estoppel by raising it only in a footnote. *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (Fed. Cir. 2006); *Robocast, Inc. v. Apple Inc.*, No. CV 11-235-RGA, 2014 WL 2622233, at \*1 (D. Del. June 11, 2014).

allow it a "do-over" of issues it already litigated and lost.

    **B.**    **The original patents claim an abstract idea with no redeeming inventive concept.**

This Court has already concluded that claim 1 of each of the original patents is directed to the abstract idea of "retrieving electronic data in response to a spoken request and transmitting the retrieved data to a user." (D.I. 30 at 17.)  IPA argues that this formulation oversimplifies the claims by omitting specific limitations.  (Opp. at 12.)  It does not, and the Court did precisely what governing Federal Circuit law demands.  Step one of *Alice* is a first-pass "filter" that asks only whether a claim is "directed to" an abstract idea.  *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016).  That inquiry concerns the claims' "character as a whole," not the details of specific claims and claim elements.  *Affinity Labs of Tex., LLC v. DirecTV, LLC*, 838 F.3d 1253, 1257-58 (Fed. Cir. 2016), *cert. denied*, 137 S. Ct. 1956 (2017).  In *Two-Way Media*, the Federal Circuit rejected the exact argument IPA makes here, ruling that a district court's distillation of 119 claims across two patents to a single abstract idea did not "oversimplify" the claims.  874 F.3d at 1337-38.

Moreover, because a single patent may claim only a *single* invention, if an illustrative claim is directed to an abstract idea, the rest of the patent's claims will ordinarily be directed to the same idea.  *See* 35 U.S.C. § 121.  That is why the *patentee* bears the burden of meaningfully identifying the separate patentability of any claim it believes is directed to a concrete invention.  (D.I. 30 at 6); *see Affinity-Amazon*, 838 F.3d at 1267 n.2 (patentee must show how other claims "differ materially"); *Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*, 776 F.3d 1343, 1348 (Fed. Cir. 2014).  IPA did not meet this burden:  it identified no claim that it contends is separately patentable.  As set forth in Amazon's opening brief (Br. at 10-12), the Court's logic invalidating the representative claims applies to the remaining claims.  IPA makes no substantive

argument to the contrary.

Instead, IPA argues irrelevant points.  It recites the number of references cited during prosecution of the patents.  (Opp. at 4-5, 11 n.4, 14)  But those relate at best to novelty, not to eligibility.  *See Two-Way Media*, 874 F.3d at 1340; *see also SAP Am.*, 890 F.3d at 1018.  Likewise, IPA seeks to characterize Amazon as arguing lack of enablement under 35 U.S.C. § 112.  (Opp. at 12-13).  But whether or not the *specification* of the original patents adequately describes the claimed inventions under § 112, the § 101 inquiry focuses on the *claims* and whether they recite "a specific means or method" or "are instead directed to a result or effect."  *Two-Way Media*, 874 F.3d at 1337; (D.I. 30 at 17-18.)  Claims such as those of the original patents, which fall into the latter category, are abstract and ineligible.

IPA also contends that Amazon waived any argument about *Alice* step two by (purportedly) not raising it in the opening brief.  (Opp. at 13 n.5.)  IPA is mistaken.  Amazon's opening brief explained why the additional claim limitations did not "transform the abstract idea into a patentable invention," *i.e.*, the step two test, and provided pages of analysis of the limitations in *every* dependent claim.  (Br. at 11-12.)  IPA addressed none of these arguments.  Instead, it asserts that the patents describe shortcomings in the prior art and identify how to solve them.  (Br. at 14.)  The patents do identify such shortcomings.  But then, with "broad, functional claim language that merely describes an abstract idea" they seek to claim all current and future potential solutions.  (*See* D.I. 30 at 19-20.)  They are thus ineligible and invalid under § 101.

## III.  THE NEW PATENTS' CLAIMS ARE INVALID UNDER § 101.

### A.  The new patents' claims are directed to an abstract idea because they claim a result with no means to achieve it.

IPA addresses only a single claim—claim 61 of the '115 patent—asserting without support that the claim "improves the capabilities, flexibility, and scalability of distributed software

computing."[4]   (Opp. at 16-17.)   But Claim 61 does not actually explain how to achieve these benefits; instead it claims a result using functional and conventional limitations.

The key elements of claim 61 are black boxes defined only by their function, and are insufficient to render the claim patent-eligible:  the "agent registry" stores information about and "declares capabilities" of service agents; the "facilitating engine" parses a request to identify goals and creates a plan to accomplish them; and the goal satisfaction plan is a plan to accomplish a goal. ('115 patent at 35:8-28.)   The claim does not describe how these are created or how they can perform their functions.   Instead, it leaves these gaps to be filled in by others using either conventional or yet-to-be-invented technology.   The claimed "Interagent Communication Language (ICL)" is also purely functional.   The claim recites that the ICL comprises a "conversational protocol" and a "content layer," but provides no detail about the ICL or how it can be used to generate a service request.   (*Id*. at 35:16-22.)   Indeed, neither the claims nor the specification describes any formulation, any syntax, or any other detail for achieving the claimed result of allowing agents to communicate and constructing service requests.   The ICL is anything that allows agents to communicate, which is inherent in any agent-based system.[5]   Claim 61 is directed to a *result*—parsing and interpreting a request, coming up with a plan for achieving the goal, and coordinating with agents to achieve the goal according to the plan—and recites only functional limitations and generic technology for achieving it.   Such claims are abstract.   *Affinity-*

---

[4] IPA states in conclusory fashion that all of the other asserted claims in the new patents "are directed to similar improvements to then-existing technology to improve the functioning of computers," but it provides no supporting analysis. (Opp. at 17.) IPA therefore implicitly agrees that claim 61 of the '115 patent is representative and that the claims of the new patents rise and fall together. As that claim is directed to ineligible subject matter, so too are all other claims of the new patents. *Affinity-Amazon*, 838 F.3d at 1267 n.2.

[5] IPA's complaint against Amazon confirms that the ICL is simply any means of communication between agents. IPA identifies JSON requests, a generic data format, as meeting the ICL limitations. (D.I. 33 at ¶¶ 175, 189.)

Case 1:16-cv-01266-RGA   Document 45   Filed 06/18/18   Page 11 of 15 PageID #: 8956

*Amazon*, 838 F.3d at 1269.  And IPA's amended complaint cannot save it.

In its complaint, IPA merely parrots large sections of the specification.[6]  It first contends that the patent discloses an "improvement to architecture," citing to the patent's description of the "[e]xtreme flexibility" of a registry of service agents, the construction of arbitrarily complex goals, and the use of facilitating agents.  (Opp. at 16; D.I. 33 ("FAC") ¶ 32, citing '115 patent at 4:58-5:8.)  But the claims do not provide a specific solution that captures these benefits.  Indeed, neither the claims nor the specification describe any particular way to construct a complex goal or use agents to achieve it.  IPA next contends that the patent discloses an "improvement to flexibility and expandability," citing a description of the ICL as "dynamically expandable," enabling a "distributed process" using agents "spread across multiple machines."  (Opp. at 16; FAC ¶ 33, citing '115 patent at 8:41-55.)  However, the claims provide no detail about the ICL other than specifying its function—allowing agents to communicate—and the specification makes clear that the use of agents in a distributed system (and in turn communication between agents) long predated these patents.  (*See* '115 patent at 4:17-21 (describing use of agents in prior research projects); *see also* D.I. 30 at 12 ("facilitator[s]" and "agent[s]" did not "change overall character" of otherwise ineligible claims).)  IPA next touts the patent's purported "improved compound goal task completion."  (Opp. at 16; FAC ¶ 34, citing '115 patent at 14:43-59.)  But the claims merely recite "pars[ing]" and "interpret[ing]" a compound goal; neither the claims nor specification describe any particular way of doing so.

*Appistry* controls here, and IPA failed to distinguish it.  (*See* Br. at 14.)  The unpatentable

---

[6] Even if the specification excerpts in the complaint *did* describe a particular way to achieve the claimed result, the claims would still be abstract because they do not "capture [those] improvements."  *Berkheimer*, 881 F.3d at 1369-70; *see also Two Way Media*, 874 F.3d at 1338-39 (focus on § 101 analysis is on the claims).

claims there recited functional limitations nearly indistinguishable from IPA's claims.  IPA argues

that *Appistry* should not apply because it predates *Berkheimer*.  But *Berkheimer* did not change the

law.  Functional claims that do not recite a technological solution were and are still invalid under

§ 101.[7]  Allegations in a complaint cannot supply a specific technological solution where the patent

claims none, nor can they make an abstract idea non-abstract.  Allegations may only be relevant if

they identify a fact dispute about conventionality of an individual limitation at step two.  (As

outlined below, no such disputes are present here.)  The only other distinction IPA attempts to draw

with *Appistry* is by pointing to the ICL, for which, as noted above, the claims provide no detail.[8]

(Opp. at 18); *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1354 (Fed. Cir. 2014) (limitations

claiming a "high level of generality" do not render claims eligible).  The claims of the new patents,

just as those in *Appistry*, claim ineligible subject matter.[9]

IPA's other arguments at step one fail.  First, IPA is wrong that because the claims are

directed to computers and computer networks they cannot claim an abstract idea.  (Opp. at 15.)

The Federal Circuit consistently invalidates claims related to computing and networking

technology under § 101.  *TLI*, 823 F.3d at 610 (storing and transmitting digital images to a server);

---

[7] The district court opinion in *Appistry* was affirmed *per curiam* by the Federal Circuit just last year, *Appistry, LLC v. Amazon.com, Inc.*, 676 F. App'x 1008 (Fed. Cir. 2017).

[8] IPA cites to *Egenera, Inc. v. Cisco System, Inc.*, 234 F.Supp.3d 331, 342 (D. Mass. Feb. 14, 2017) for the notion that claims requiring "specialized functions"—such as "modified messaging between processors"—claim eligible subject matter.  (Opp. at 18.)  The *Egenera* court distinguished *Appistry* because the claims in that case did not add a general-purpose computer to a known process.  *Egenera*, 234 F. Supp. 3d at 342.  But the claim at issue in *Egenera*, though relying on functional "nodes," ultimately claimed a specific solution to the problem of managing servers connected by physical cables:  "map[ping] physical processors to emulate the members of a virtual network with a particular topology, and map[ping] physical external storage to virtual storage."  *See id.* at 334, 342.  The new patents here claim a result, not a specific solution.

[9] IPA argues that comparing its claims with those found ineligible is "deeply flawed" (Opp. at 18), but the Federal Circuit actually *directs* district courts to perform this very analysis.  *See Enfish*, 822 F.3d at 1334.

*Two-Way Media*, 874 F.3d at 1333 ("IP Multicasting" through a network of servers).  Second, while claiming that Amazon mischaracterized the claims at step one, IPA does not identify any aspect of the claims relevant to eligibility that Amazon purportedly excluded.  (Opp. at 17.)  Third, IPA is wrong that Amazon has made an enablement challenge under § 112.  (Opp. at 17.)  As noted above, under § 101, the claims must disclose a specific means to achieve the results they claim, independent of the required enabling disclosure in the specification.  *See Two-Way Media*, 874 F.3d at 1337.  IPA's claims fail to do so.  Finally, IPA is wrong again in claiming that because the inventors submitted source code with the application that led to the '115 patent the new patents claim a specific solution.  (Opp. at 12.)  The patents make clear that the functionality implemented by the source code does not limit the claimed invention, and IPA does not point to any specific portion of the code that saves its claims.  ('115 patent at 1:6-20, 23:22-23.)  It cannot change the character of the claims.  *See Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1149 (Fed. Cir. 2016) (invalidating claims under § 101 where specification included over 200 pages of code), *cert. denied*, 138 S. Ct. 71 (2017).[10]

### B.    IPA identifies no inventive concept in the new patents' claims.

At step two, IPA criticizes Amazon's analysis but can only identify a single limitation that

---

[10] The other cases IPA relies on only confirm what is missing in the claims of the new patents. Unlike the claims upheld in *Core Wireless S.A.R.L.*, which disclosed a specific solution—a "specific manner of displaying a limited set of information to the user, rather than using conventional user interface methods to display a generic index on a computer"—the claims of the new patents do not disclose a specific technical solution to the problem they purport to solve. *Core Wireless S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1362-63 (Fed. Cir. 2018).  Unlike the claims in *Trading Technologies*, the claims of the new patents do not require a "specific, structured" user interface that is "addressed to and resolves a specifically identified problem in the prior state of the art." *Trading Techs. Int'l Inc. v. CQG Inc.*, 675 F. App'x 1001, 1004 (Fed. Cir. 2017).  And unlike the claims upheld in *Location Intelligence*, which "d[id] more than simply state a result," and instead "recit[ed] the way in which [the result] is accomplished," the claims of the new patents do not provide any detail about how to implement its key functions to achieve the claimed result. *Local Intelligence, LLC v. HTC Am., Inc.*, No. 6:17-cv-06437-EJD, 2018 WL 1697127, at *7 (N.D. Cal. Apr. 6, 2018).

allegedly supplies an inventive concept:  the ICL.  (Opp. at 19.)  But as noted above the ICL is described in the claims in a purely functional manner as any manner in which agents can communicate.  Such limitations, claimed at a high function level, do not render claims inventive. *Affinity-Amazon*, 838 F.3d at 1272.

IPA's remaining arguments lack merit.  IPA's argument that source code can supply an inventive concept is incorrect because here the patentee explicitly declined to limit the claims based on the incorporated code.  ('115 patent at 23:22-23); *see Intellectual Ventures I LLC v. Erie Indem. Co.*, 711 F. App'x 1012, 1017 n.2 (Fed. Cir. 2017) (declining to consider source code where it was not claimed).  IPA's argument that a court need not consider "'how' one limitation or element works" (Opp. at 20) is wrong as a matter of law.  *Elec. Power Grp., LLC*, 830 F.3d at 1355 (at step two, "[i]nquiry . . . must turn to any requirements for how the desired result is achieved").

Ultimately, IPA is bound by the admissions in the specification, which emphasize that the key limitations of its claims predate the patents and were therefore routine and conventional.[11] *PharmaStem*, 491 F.3d at 1362.  *Exergen Corp. v. Kaz USA, Inc.* does not hold otherwise.  No. 2016-2315, 2018 U.S. App. LEXIS 6004 (Fed. Cir. Mar. 8, 2018).  There, the Federal Circuit held that a district court's finding as to whether something is routine and conventional is owed deference.  *Id.* at *11-12.  Unlike the example cited in that case, the Court need not rely on an obscure foreign language publication to determine the relevant features were conventional.  *Id.*

## CONCLUSION

For the foregoing reasons, Amazon respectfully requests the Court grant its motion and hold the claims of the asserted patents invalid for failure to claim eligible subject matter.

---

[11] *See, e.g.*, '115 patent at 4:17-55 (prior art agent-based systems); 3:7-11, 3:13-16 (agent registries in prior art CORBA system); 4:44-55 (prior art Open Agent Architecture system).)

Dated:   June 18, 2018

Respectfully submitted,

*/s/ Steven J. Balick*
Steven J. Balick (#2114)
sbalick@ashbygeddes.com
Andrew C. Mayo (#5207)
amayo@ashbygeddes.com
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Of Counsel:*

J. David Hadden
Saina S. Shamilov
Todd R. Gregorian
Ravi R. Ranganath
Athul K. Acharya
FENWICK & WEST LLP
801 California Street
Mountain View, California 94041
(650) 988-8500

Counsel for Defendants
AMAZON.COM, INC. and
AMAZON DIGITAL SERVICES, LLC