IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IPA TECHNOLOGIES, INC., <br> Plaintiff, <br> v. <br> AMAZON.COM, INC., and AMAZON DIGITAL SERVICES, LLC, <br> Defendants. | No. 16-1266-RGA |
| IPA TECHNOLOGIES, INC., <br> Plaintiff, <br> v. <br> MICROSOFT CORPORATION, <br> Defendant. | No. 18-01-RGA |
| IPA TECHNOLOGIES, INC., <br> Plaintiff, <br> v. <br> GOOGLE LLC, <br> Defendant. | No. 18-318-RGA |

**[PROPOSED] SCHEDULING ORDER**

This 25 day of March, 2019, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1 (b), and the parties having determined after

1

discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within fourteen (14) days of the date of this Order.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before August 16, 2019.

3. <u>Discovery</u>.

    a.    <u>Initial Discovery in Patent Litigation.</u> Paragraph 4 of the Default Standard is hereby modified as follows:

        i. On or before April 12, 2019, Plaintiff shall provide the disclosures required by Paragraph 4(a) of the Default Standard.

        ii. On or before May 24, 2019, each Defendant shall produce the documents required by Paragraph 4(b) of the Default Standard.

        iii. On or before July 10, 2019, Plaintiff shall provide the disclosures required by Paragraph 4(c) of the Default Standard.

        iv. On or before August 23, 2019, each Defendant shall provide the disclosures required by Paragraph 4(d) of the Default Standard.

    b.    <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before October 2, 2020.

    c.    <u>Document Production</u>. Document production shall be substantially complete by December 15, 2019.

d.  Requests for Admission. A maximum of 50 requests for admission are permitted for each side other than for purposes of authenticating evidence, for which an unlimited number of requests for admission will be permitted. For clarity, IPA may serve 50 RFAs on each of the Amazon Defendants, Microsoft, and Google. The parties agree to confer with a goal of working out an appropriate agreement/stipulation concerning document and other evidence authenticity prior to trial.

e.  Interrogatories. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side. Specifically, IPA may serve 10 common interrogatories on the Amazon Defendants, Microsoft and Google. IPA may also serve 15 individual interrogatories on each of the Amazon Defendants, Microsoft and Google. The Amazon Defendants, Microsoft and Google may collectively serve 10 common interrogatories on IPA. The Amazon Defendants, Microsoft and Google may each serve 15 individual interrogatories on IPA.

f.  Depositions.

i.  Limitation on Hours for Fact Deposition Discovery. IPA is limited to a maximum of 49 hours of fact deposition of each of 1) Amazon Defendants, 2) Microsoft, and 3) Google. Defendants collectively are limited to a maximum of 49 hours of fact deposition of IPA. The Defendants shall coordinate depositions so that each individual fact witness is only deposed once to the extent practical. This includes depositions of inventors (which are limited to ten (10) hours per inventor). IPA may take up to an additional fifty (50) hours of non-expert depositions of non-party witnesses. Defendants collectively may take up to an additional fifty (50) hours of non-expert depositions of non-party witnesses. Any deposition of inventors

Cheyer, Martin, and Julia will not count toward the third party deposition limit. Any party may move to modify these limitations for good cause shown.

    ii.  Expert Depositions. The deposition of each expert who issues a report shall be limited to seven (7) hours of deposition per expert report. However, should any of Plaintiff's experts issue an infringement, non-infringement, or damages report with respect to multiple defendants, those depositions shall be limited to two (2) hour of joint examination by Defendants with an additional five (5) hours for each individual defendant as to which the expert offers an opinion. For example, if an expert issues a report addressing the alleged infringement of [first defendant] and [second defendant], that witness would be subject to up to twelve (12) hours of deposition [2+5+5]. Unless otherwise agreed, the daily limit of seven (7) hours shall apply. If Plaintiff's infringement expert also issues a validity report, Defendants may depose that expert for no more than seven (7) hours on the issue of validity.

    iii.  Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

  g.  Discovery Matters and Disputes Relating to Protective Orders. All disputes concerning discovery matters are hereby referred to the assigned Magistrate Judge.

4. Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed

form of order and submit it to the Court within 30 days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6. Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. Claim Construction Issue Identification. On or before December 6, 2019, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than January 15, 2020. The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed

construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8. Claim Construction Briefing. The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on February 5, 2020. The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on March 4, 2020. The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on March 18, 2020. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on April 1, 2020. No later than April 8, 2020, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I. Agreed-upon Constructions

II. Disputed Constructions

A. [TERM 1]

    1. Plaintiff's Opening Position

    2. Defendant's Answering Position

    3. Plaintiff's Reply Position

    4. Defendant's Sur-Reply Position

B. [TERM 2]

    1. Plaintiff's Opening Position

    2. Defendant's Answering Position

3. Plaintiff's Reply Position

4. Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

9. <u>Hearing on Claim Construction</u>. Beginning at 9 a.m. on May 14, 2020, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

10. <u>Disclosure of Expert Testimony</u>.

    a. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before November 6, 2020. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before December 11, 2020. Reply expert reports from the party with the initial burden of proof are due on or before January 22, 2021. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before February 26, 2021.

    b. Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert* v. *Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it

shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

11. Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion, including *Daubert*, shall be served and filed on or before March 26, 2021. Oppositions to dispositive and *Daubert* motions shall be served and filed on or before April 23, 2021. Replies in support of dispositive and *Daubert* motions shall be served and filed on or before May 14, 2021. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

12. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13. Pretrial Conference. On September 17, 2021, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

14. *Motions in Limine.* Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one

additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. Jury Instructions, Voir Dire and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference. The parties shall submit simultaneously with filing each of the foregoing four documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

16. Trial. This matter is scheduled for a 5 day jury trial beginning at 9:30 a.m. on September 27, 2021, with the subsequent trial days beginning at 9:30 a.m. until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases. If more than one defendant remains at the time of trial, the Court will discuss the timing of subsequent trials for the remaining Defendants.

17. ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

18. Stipulations by the Parties. The parties have stipulated and agree to the following:

a. The Parties agree to work together to coordinate depositions such that to the extent practical each individual witness is only deposed once. This coordination also extends to third-party witnesses, such as inventors of the patents-in-suit.

b. The Parties agree that, when a Party issues a subpoena in this case, the issuing Party shall request that subpoenaed parties simultaneously produce materials to all Parties, and if, notwithstanding such request, the subpoenaed party does not produce the materials, the issuing Party shall provide a copy of all materials to the other Parties within five business days of receipt of the materials from the subpoenaed party.

IT IS SO ORDERED this 25 day of March, 2019.

_____
Hon. Richard G. Andrews
United States District Judge