**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| IPA TECHNOLOGIES INC., | |
| Plaintiff, | C.A. No. 1:16-cv-1266-RGA-SRF |
| v. | |
| AMAZON.COM, INC., and AMAZON DIGITAL SERVICES LLC, | **PUBLIC VERSION** |
| Defendants. | |

## <u>LETTER TO THE HONORABLE RICHARD G. ANDREWS FROM STEPHEN B. BRAUERMAN</u>

Dated: July 15, 2020

*Of Counsel*:

Paul J. Skiermont
Sarah E. Spires
Sadaf R. Abdullah
Steven W. Hartsell
Alexander E. Gasser
Jaime K. Olin
Sheetal Patel
Kevin P. Potere
Tara M. Williams
SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400
Dallas, TX 75201
(214) 978-6600
IPA_SDTeam@skiermontderby.com

Mieke Malmberg
SKIERMONT DERBY LLP
800 Wilshire Blvd., Suite 1450
Los Angeles, CA 90017
(213) 788-4500
IPA_SDTeam@skiermontderby.com

BAYARD, P.A.

Stephen B. Brauerman (sb4952)
600 N. King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com

*Attorneys for Plaintiff,*
*IPA Technologies Inc.*

1

Dear Judge Andrews,

IPA respectfully requests Court intervention on the following three issues:

## I.    Amazon's Refusal to Produce Discovery on Product Offerings Incorporating Alexa

IPA's discovery requests (and its infringement contentions) identify Amazon's Alexa as the "Accused Instrumentality." (Ex. A, at 2.) The elements of the asserted claims read on code level operations and functions that Alexa incorporates. However, Alexa is incorporated into many different devices, products, and other offerings sold by both Amazon and third parties partnering with Amazon. Hence, IPA defined, for the purposes of its discovery requests, Accused Products as "**[a]ll** Amazon and third-party products and/or services that incorporate or utilize Amazon's Alexa…." (*Id.*, at 3.) Amazon objected to IPA's requests "to the extent the[y]…attempt to cover products, services, devices and features that are not specifically accused in IPA's infringement contentions . . .." (Ex. B, at 9.) In an effort to ferret out whether Amazon was withholding discovery on the basis of this objection, IPA sent Amazon a letter pointing out its failure to produce discovery relating to all offerings that incorporate Alexa and noting that "Amazon is far better situated than IPA to provide a list of products and services that incorporate or use the Accused Instrumentality." (Ex. C, at 2.) It cited examples of what such additional Accused Products would be—e.g., Alexa Shopping, Alexa for Hospitality, Alexa for Business, Alexa Auto. In response, Amazon produced documents relating to some of these examples (for the first time), but did not produce discovery regarding any additional products or offerings incorporating Alexa. IPA once again requested that Amazon produce such discovery, stating that "this information is vital to IPA's ability to determine the scope of its case." (Ex. D, at 2.) On July 1, during a meet and confer, Amazon categorically refused to produce any identification or discovery regarding any of its offerings that incorporate Alexa other than the ones that IPA specifically identified by name because Amazon claimed that they are not accused in this matter.

Amazon's position is untenable from a factual and a legal standpoint. *First*, Amazon's premise that IPA seeks discovery on products that have not been accused in the case is false. IPA's infringement contentions are clear—Alexa, the digital assistant functionality, is accused of infringement. (*See, e.g.*, Ex. E.) Thus, discovery related to all of Amazon's offerings that incorporate Alexa (provided that they were marketed in the United States prior to patent expiration) is squarely relevant to IPA's damages case, whether or not specifically called out by name in the text of the contentions. This is particularly true where **Amazon** is in the best position to know which of its offerings incorporate Alexa. While IPA has attempted to thoroughly search public sources, at the end of the day there is no publicly available comprehensive list of products or services that incorporate Alexa. Moreover, the infringement contentions chart for each offering would be identical to the charts that IPA has already served because, again, **the relevant functionality is substantively the same**—further supporting that products and services using Alexa are already accused directly in IPA's contentions.

*Second*, even if there was any merit to Amazon's assertion that these implementations of Alexa are "not accused," courts in this district have rejected the blanket assertion that a plaintiff cannot obtain discovery on products outside the letter of its infringement contentions, finding that limiting discovery to only accused products "is contrary to the broad and liberal policy of discovery promoted by the Federal Rules of Civil Procedure." *Tessera Inc. v. Sony Elecs., Inc.*, No. 10–0838–RMB–KMW, (D.I.169) (D. Del. Aug. 8, 2012) (internal quotation marks and citation omitted). Instead, a court must inquire into whether the unaccused products are relevant

to existing claims of infringement and how the products are "reasonably similar" to already-accused products. *See Invensas Corp. v. Renesas Elecs. Corp.*, 287 F.R.D. 273, 282 (D. Del. 2012). Here, each of the allegedly unnamed products are, at a minimum, reasonably similar to the accused products in that they all incorporate Alexa and its associated code. *See BigBand Networks, Inc. v. Imagine Commc'ns Inc.*, 2010 WL 2898288, a *1-2 (D. Del. July 20, 2010) (ordering discovery regarding unaccused products relevant to infringement claims). Therefore, IPA seeks an order compelling Amazon to produce discovery on all products, services, and other offerings that it directly or indirectly (i.e., with third parties) marketed in the United States prior to the expiration of the asserted patents which incorporate or use Alexa.

## II.      Amazon's Attempts to Condition A Rule 30(b)(1) Deposition

Given the lack of clarity as to Amazon's Alexa offerings that drive revenue described in Section I, as well as Amazon's refusal to timely produce key financial documents during discovery, IPA sought to depose an Amazon employee knowledgeable about those issues to inform its discovery efforts. IPA intended to use information learned during that deposition to request additional documents and to refine its topics for a future Rule 30(b)(6) deposition of Amazon (for which a notice has not yet been served due in part to the incomplete status of Amazon's production). Therefore, on June 18, IPA served Amazon with a Rule 30(b)(1) Notice of Deposition to Rino Caruccio, a financial manager at Amazon. Mr. Caruccio is identified in Amazon's Initial Disclosures as "likely to have discoverable information" on the subject of "[f]inancial information relating to Amazon Alexa-enabled devices."

Amazon refused to produce Mr. Caruccio for a Rule 30(b)(1) deposition, stating that "[b]ecause Rino will be Amazon's corporate witness on financial topics, **we will only make Rino available for deposition one time in response to 30(b)(6) financial topics**." (Ex. F.) After a meet and confer, Amazon stated further that "Mr. Caruccio will only be available for deposition once and he will be Amazon's 30(b)(6) designee for at least some of **anticipated** financial topics…[S]hould IPA proceed with only a Rule 30(b)(1) deposition now, **Amazon will not designate any corporate witness in response to any Rule 30(b)(6) topics** for which Mr. Caruccio is the most knowledgeable witness." (Ex. G, at 1.)

Amazon's position is contrary to the Federal Rules of Civil Procedure and is an improper attempt to dictate IPA's discovery strategy. Courts have repeatedly held that parties are entitled to take separate depositions of employees under both Rule 30(b)(1) and Rule 30(b)(6). *See Munich Reinsurance Am., Inc. v. Am. Nat. Ins. Co.*, No. CIV.A. 09-6435 FLW, 2011 WL 1466369, at *26 (D.N.J. Apr. 18, 2011) ("[c]ourts have soundly rejected ... [the] argument that prior deposition testimony from individual fact witnesses relieves a corporation from designating a corporate spokesperson in response to a Rule 30(b)(6) notice of deposition") (citation omitted); *Difiore v. CSL Behring, U.S., LLC*, No. CV 13-5027, 2015 WL 5316479, at *1 (E.D. Pa. Sept. 11, 2015) ("[m]any other courts have not found the purported redundancy of deposing both individual fact witnesses and a corporate designee on similar topics to be an obstacle to a 30(b)(6) deposition"); *Foster–Miller, Inc. v. Babcock & Wilcox Canada*, 210 F.3d 1, 17 (1st Cir. 2000) (imposing sanctions for refusing to produce 30(b)(6) witnesses because the issuing party "had in early stages of the case already deposed the employees").

Amazon's refusal is based on the false premise that a witness may only be deposed once. The sole case Amazon identified as relevant to its position does not, in fact, support this premise at

all, and it involved a completely different factual scenario where (1) the motion to compel was brought over a month **after** the close of fact discovery; (2) the deposing party had served both Rule 30(b)(1) and Rule 30(b)(6) notices prior to the deposition date, and (3) the court made a specific finding as to the cumulative nature of testimony on infringement issues. *See Novartis Pharmaceuticals. Corp. v. Abbot Labs.*, 203 F.R.D. 159, 161-163 (D. Del. 2001). None of those facts are true here. IPA's need to take Mr. Caruccio's deposition is underscored by Amazon's continued refusal to produce relevant discovery relating to its revenue streams. IPA needs an identification of the types of financial information that Amazon maintains, the sources of revenue generated for Amazon by the Accused Products, and the meaning of the data provided in the spreadsheets Amazon has already produced so that it can adequately follow up on Amazon's production and craft Rule 30(b)(6) topics that encompass all relevant financial issues. Therefore, IPA respectfully requests an order compelling Amazon to produce Mr. Caruccio for his deposition pursuant to IPA's Notice within two weeks of this order, without prejudice to IPA's rights to seek a Rule 30(b)(6) deposition of Amazon on related topics in the future.

### III.    Amazon's Refusal to Reduce Its Number of Prior Art References

IPA's Infringement Contentions show Amazon's infringement of 116 claims across the three related, asserted patents. In an effort to narrow the case before depositions and preparation of expert reports, on June 19, IPA proposed that the parties mutually reduce the scope of each party's respective assertions. Specifically, IPA proposed that it reduce the number of asserted claims to 30 claims[1]—a ~75% reduction—and that Amazon reduce its number of asserted invalidity bases to no more than four bases per claim (with each anticipation reference and obviousness combination constituting a single basis) **and** cap the overall number of references to eight. To date, Amazon has served 24 primary claim charts that allege various references anticipate or render the asserted claims obvious when combined with specified references or "one or more other references identified in Defendants' Preliminary Invalidity Contentions." Further, Amazon's invalidity contentions contain a chart of secondary references (charts A-X, B-X, and C-X) that contain dozens of additional references (for example, ~31 references for A-X), resulting in hundreds of possible combinations.

While Amazon was willing to reduce the number of bases per claim to four, Amazon refused to cap its overall number of references or provide a counter-proposal regarding total references. This refusal means that Amazon could structure its assertions in a way that it could maintain **all** of the prior art references it currently identifies, resulting in no reduction in scope. In response to IPA's citation to a recent Delaware case from this Court supporting a reduction to the number of total asserted prior art references, Amazon responded by pointing to its prior refusal. (Ex. H.) IPA seeks the Court's assistance in procuring proportional reductions of assertions on each side given Amazon's refusal to engage. IPA requests that the Court require Amazon to, in response to IPA's reduction of claims to 30, reduce its invalidity references by 75%. Specifically, Amazon should be limited to 6 primary references (drawn from the 24 primary charts) and 7 secondary references (drawn from the A-X, B-X, and C-X charts) with no more than four bases per asserted claim (where each anticipation reference and/or combination constitutes a single basis).

---

[1] IPA expects that a further narrowing of asserted claims will occur prior to trial. However, due to delays caused by the COVID-19 pandemic (i.e., source code review was halted completely between mid-March and early July), IPA is not yet in a position to determine which additional claims it will cut.

Respectfully submitted,

/s/ Stephen B. Brauerman

Stephen B. Brauerman

cc:      All counsel of record

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 22, 2020, a true and correct copy of the foregoing has

been served upon the following parties via electronic mail.

J. David Hadden
dhadden@fenwick.com
Saina S. Shamilov
sshamilov@fenwick.com
Ravi Ranganath
rranganath@fenwick.com
Todd Gregorian
tgregorian@fenwick.com
Sapna S. Mehta
smehta@fenwick.com
Athul Acharya
aacharya@fenwick.com

Jeffrey T. Han
jhan@velaw.com
Hilary L. Preston
hpreston@velaw.com

Steven J. Balick
sbalick@ashby-geddes.com
Andrew C. Mayo
amayo@ashby-geddes.com

*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (No. 4952)

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| IPA TECHNOLOGIES INC., | |
| Plaintiff, | |
| v. | C.A. No. 1:16-cv-1266-RGA-SRF |
| AMAZON.COM, INC., and AMAZON DIGITAL SERVICES LLC, | |
| Defendants. | |

## <u>ORDER</u>

The Court having reviewed the discovery dispute letters (D.I. __, __), finds as follows:

IT IS HEREBY ORDERED that Defendants:

(1)     Produce discovery on all products, services, and other offerings that it directly or indirectly (i.e., with third parties) marketed in the United States prior to the expiration of the asserted patents which incorporate or use Alexa;

(2)     Produce Mr. Caruccio for his deposition pursuant to IPA's properly served Notice within two weeks of this order, without prejudice to IPA's rights to seek a Rule 30(b)(6) deposition in the future;

(3)     Within seven (7) days of this Order, IPA shall limit its number of asserted claims to no more than thirty (30) claims across the three asserted patents; and

(4)     Within fourteen (14) days of receiving IPA's reduction of asserted claims, Amazon shall limit its number of prior art references as follows: Amazon is limited to a total of six (6) primary references as currently identified in its present invalidity contentions, and seven (7) secondary references (as set forth in its charts A-X, B-X, and C-X).  Further, Amazon is limited to asserting a maximum of four (4) bases per claim with each anticipation reference or

1

combination constituting an individual basis.  Amazon shall identify, by claim, each specific

basis (i.e., each §102 reference or §103 combination) it intends to rely upon.

      IT IS SO ORDERED this _____ day of _____, 2020.


_____

Hon. Richard G. Andrews
United States District Judge

# EXHIBIT A

**PUBLIC VERSION**

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| IPA TECHNOLOGIES INC., | |
| Plaintiff, | C.A. No. 1:16-cv-1266 (RGA) |
| v. | |
| AMAZON.COM, INC. and AMAZON DIGITAL SERVICES, LLC, | |
| Defendants. | |
| IPA TECHNOLOGIES INC., | |
| Plaintiff, | C.A. No. 1:18-cv-318 (RGA) |
| v. | |
| GOOGLE LLC, | |
| Defendant | |
| IPA TECHNOLOGIES INC., | |
| Plaintiff, | C.A. No. 1:18-cv-001 (RGA) |
| v. | |
| MICROSOFT CORPORATION, | |
| Defendant. | |

**IPA TECHNOLOGIES, INC.'S FIRST COMMON INTERROGATORIES
TO ALL DEFENDANTS [NOS. 1-5]**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules
of the United States District Court for the District of Delaware, Plaintiff IPA Technologies, Inc.
("IPA") hereby requests that Defendants Amazon.com, Inc. and Amazon Digital Services, LLC
(collectively, "Amazon"), Defendant Microsoft Corporation ("Microsoft"), and Defendant

Google LLC ( "Google") (all Defendants collectively, "Defendant(s)") answer the following Interrogatories fully, in writing, and under oath, unless they are objected to, in which case Defendant shall state the reasons for its objection and shall answer to the extent the Interrogatory is not objectionable. The answers and objections, if any, shall be served within thirty days after service of these interrogatories.

### DEFINITIONS

1.      The terms "**you**" and "**your**" mean the party responding to these Interrogatories and any and all of its present or former subsidiaries, parents, affiliates, divisions, successors, predecessors, agents, employees, representatives, directors, officers, trustees, and attorneys, or any other person or entity acting in whole or in part in concert with any of the foregoing, directly or indirectly.

2.      The term "**Accused Instrumentality**" means:

- For Amazon: Amazon's Alexa digital assistant, including the software that enables the use of Alexa on Echo Products (as defined in the First Amended Complaint at Paragraph 168) and Fire Products (as defined in the First Amended Complaint at Paragraph 168); Skills and Bots (whether created by Amazon or third parties); Amazon Lex; and any software identified in Plaintiff's Default Discovery Standard Paragraph 4(a) disclosures (including any amendments or supplements thereto) and Plaintiff's Preliminary Infringement Contentions (including any amendments or supplements thereto).

- For Google: Google Assistant, including the software that enables the use of Google Assistant on electronic devices as identified in Paragraph 167 of the Complaint and the Google Agent Products as defined in Paragraph 169 of the

Complaint; Actions on Google; Google Now; Google Search; and any software identified in Plaintiff's Default Discovery Standard Paragraph 4(a) disclosures (including any amendments or supplements thereto) and Plaintiff's Preliminary Infringement Contentions (including any amendments or supplements thereto).

- For Microsoft: Microsoft's Cortana digital assistant, including the software that enables the use of Cortana-enabled products; the Microsoft Bot Framework and the Microsoft Azure Bot Service; Skills (whether created by Microsoft or third parties); Virtual Assistant, Virtual Assistant Accelerator, and Custom Assistant; and any software identified in Plaintiff's Default Discovery Standard Paragraph 4(a) disclosures (including any amendments or supplements thereto) and Plaintiff's Preliminary Infringement Contentions (including any amendments or supplements thereto).

3.      The term "**Accused Products**" means:

- For Amazon: All Amazon and third-party products and/or services that incorporate or utilize Amazon's Alexa digital assistant, including at least Amazon Echo Products (Echo, Echo Dot, Echo Show, Echo Spot, Echo Plus, Echo Look, and Echo Connect), Fire Products (Fire TV, Fire TV Stick, Fire TV Gaming Edition, Fire Tablet, and Fire HD Tablet), Alexa for Hospitality, Alexa for Business, Alexa Auto and Alexa Built-in products; and any products and/or services identified in Plaintiff's Default Discovery Standard Paragraph 4(a) disclosures (including any amendments or supplements thereto) and Plaintiff's Preliminary Infringement Contentions (including any amendments or supplements thereto).

Dated:  August 27, 2019

Of Counsel:

Paul J. Skiermont
Sarah E. Spires
Sadaf R. Abdullah
Steven W. Hartsell
Alexander E. Gasser
Christopher M. Hodge
Jaime K. Olin
Skiermont Derby
1601 Elm Street, Suite 4400
Dallas, TX 75201
(214) 978-6600
pskiermont@skiermontderby.com
sspires@skiermontderby.com
sabdullah@skiermontderby.com
shartsell@skiermontderby.com
agasser@skiermontderby.com
chodge@skiermontderby.com
jolin@skiermontderby.com

Mieke Malmberg
Skiermont Derby
800 Wilshire Blvd., Suite 1450
Los Angeles, CA 90017
(213) 788-4500
mmalmberg@skiermontderby.com

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (sb4952)
600 N. King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com

*Attorneys for Plaintiff,*
*IPA Technologies, Inc.*

15

# EXHIBIT B

# REDACTED IN ITS ENTIRETY

# EXHIBIT C

**PUBLIC VERSION**



Jaime K. Olin
214.978.6629
jolin@skiermontderby.com

1601 Elm Street
Suite 4400
Dallas, Texas 75201
T: + 214.978.6600
F + 214.978.6601

skiermontderby.com

May 1, 2020

**_VIA EMAIL_**
J. David Hadden
Saina S. Shamilov
Todd R. Gregorian
Ravi Ranganath
Vigen Salmastlian
Sapna Mehta
FENWICK & WEST LLP
801 California Street
Mountain View, California 94041

> Re:    **Follow Up to Meet-and-Confer re Discovery Deficiencies in _IPA Technologies_**
> **_Inc. v. Amazon.com, Inc. and Amazon Digital Services, LLC_, Civil Action No.**
> **1:16-CV-01266-RGA (D. Del)**

Counsel:

We write to follow up on the parties' meet-and-confer held on April 17, 2020, during which the parties discussed IPA's First Set of Common Interrogatories [Nos. 1-5], dated August 27, 2019, among other things.[1] Amazon requested that IPA put in writing the information IPA believes to be missing from Amazon's responses to the Interrogatories and, in particular, to Interrogatory No. 1. While we believe IPA's Interrogatories are clear and concise as written, we are providing further clarification in an effort to avoid unnecessary motion practice regarding these issues.

Please provide an updated response to IPA's Interrogatory No. 1 no later than May 15, 2020. IPA reserves the right to identify additional deficiencies in Amazon's document production and responses to IPA's interrogatories as discovery progresses.

---

[1] The terms "Amazon," "Accused Instrumentalities," and "Accused Products" used herein have the same meaning as used in IPA's Interrogatories.

May 1, 2020
Page 2



## IPA'S INTERROGATORY NO. 1

Interrogatory No. 1 requests several types of information, all of which relate to the financial implications to Amazon of the incorporation of the Accused Instrumentality (including Alexa, Lex, and Skills) into the Accused Products (all Amazon and third-party products and/or services that incorporate or utilize the Accused Instrumentality).

**First**, the Interrogatory requests the date that each Accused Instrumentality was first made, used, and/or incorporated into each Accused Product to be sold, offered for sale, or otherwise provided. While Amazon provided some launch dates for the Echo and Fire product lines generally,[2] Amazon's failure to specify the date that the Accused Instrumentality was incorporated into *each* model of the product lines Amazon listed prevents IPA from performing a detailed analysis for the revenue attributable to the Accused Products. Moreover, Amazon fails to provide any dates for other Accused Products, including Amazon Lex, Alexa Shopping, Alexa for Hospitality, Alexa for Business, Alexa Auto, Alexa Built-in products, and Alexa.com. As explained on our meet-and-confer, this information is vital to IPA's ability to determine the scope of its case. Amazon is far better situated than IPA to provide a list of products and services that incorporate or use the Accused Instrumentality, and when those products and services were launched. Once Amazon has done so, IPA can narrow the list to products and services that have been marketed or sold prior to the patents' expiration.

**Second**, the Interrogatory requests that Amazon identify how it derives revenue from Alexa's incorporation of the Accused Instrumentality into each Accused Product (including but not limited to: through direct sales of the product, by charging a fee for service or subscription, by directing a user back to Amazon to make a purchase, by licensing Alexa to a third-party to incorporate into a device, etc.).[3] Amazon has not provided any information responsive to this portion of the Interrogatory. This information is not readily available to IPA through public means, it is highly relevant to IPA's damages claim, and Amazon's burden in providing this information is minimal.

**Third**, the Interrogatory seeks Amazon's revenues, costs, cost of good sold, gross profits, operating costs, operating profits, and net profits for the Accused Products. To date, Amazon has produced only four financial documents: (1) revenue information for in-skill purchases on Alexa Skills (AMZ_IPA_00024818); (2) shipped units and revenue net of sales discount information for Amazon's Echo and Fire product lines (AMZ_IPA_00024829); and (3) revenue information for Lex (AMZ_IPA_00041577); and (4) limited usage information for Lex

---

[2] "Alexa was launched in November 2014 together with the Echo. Amazon Alexa was first made available on *certain* Fire TV devices on or about July 2017. Amazon Alexa was first made available on *certain* Fire TV stick and Fire Tablet devices on or about September 2016. Amazon Lex was first made available on or about April 2017." (emphasis added).

[3] "State in specific detail for each quarter since that time the financial consequences to you from the above  practices, including an identification of: Each manner or way in which you generate or derive revenue, directly or indirectly, from the Accused Instrumentality, as incorporated in or used by the Accused Products . . ."

May 1, 2020
Page 3



(AMZ_IPA_00041578). Amazon has not provided key financial information requested in the Interrogatory, including:

- costs, cost of good sold, gross profits, operating costs, operating profits, net profits, and any additional financial information that Amazon maintains during the ordinary course of business for the Amazon Echo, Amazon Fire TV, Amazon Fire Tablet, and Amazon Skills; and

- **any** financial information for certain Amazon products and services, including but not limited to Amazon Fire TV Gaming edition, Amazon Echo Look, Amazon Lex, Alexa Shopping, Alexa for Hospitality, Alexa for Business, Alexa Auto, Alexa Built-in products, and Alexa.com.

Further, Amazon has produced no financial reports of any kind, even though Amazon's response to Interrogatory No. 1 indicated that it would. Please let us know whether Amazon still intends to produce additional financial documents and reports on a rolling basis, as indicated in its response to Interrogatory No. 1, and if so, when Amazon anticipates that production to be completed. Please also supplement Amazon's response to indicate the Bates ranges of that production.

**Fourth**, the Interrogatory asks Amazon to identify all individuals who have personal knowledge of the information set forth in your response and all sources of information (by Bates number in the case of documents) Amazon relied upon in responding to the Interrogatory. While Amazon has updated its Initial Disclosures to identify a small handful of individuals, IPA suspects this list does not include *all* individuals with knowledge of information responsive to this Interrogatory, nor has Amazon identified the sources of information relied upon to answer it.

In an effort to narrow this Interrogatory to capture the most vital information, IPA requests that Amazon complete the following chart, or use a similar template to provide the relevant responses.

Sample Chart:

| Accused Instrumentality | Accused Product or Service | Date of First Manufacture, Use, Sale, Launch, or Offer to Sale (indicate which one) | How Amazon Derives Revenue |
|---|---|---|---|
| Alexa | Fire Tablet 7 inch, 2017 | May 2017 (first sale) | Sales of product |

In addition, Amazon should supplement its financial spreadsheets for the Accused Products to (1) account for costs, cost of goods sold, gross profits, operating costs, operating profits, net profits, and any additional financial information that Amazon maintains during the ordinary course of business for the Accused Products and (2) provide financial information for the remainder of Amazon's products and services that incorporate and/or use the Accused Instrumentality, including at least Amazon Fire TV Gaming edition, Amazon Echo Look,

May 1, 2020
Page 4



Amazon Lex, Alexa Shopping, Alexa for Hospitality, Alexa for Business, Alexa Auto, Alexa Built-in products, and Alexa.com. Finally, to the extent Amazon has not already done so, please supplement your response to Interrogatory No. 1 and/or your Initial Disclosures to identify the individuals most knowledgeable about each Accused Product's date of introduction on the market, the means by which Amazon derives revenue from the Accused Instrumentality's incorporation in or use by each Accused Product, and the financial information for each Accused Product.

## IPA's Requests for Production

Relatedly, Amazon's document production is deficient with respect to at least Requests for Production Nos. 16, 17, 19-24, 26, 28-30, 34, 36-38, 40-45, 48, 49, and 51-55 because Amazon has not, to date, produced sufficient technical documentation or marketing-related information regarding certain products, including but not limited to Amazon Fire TV Gaming edition, Amazon Echo Look, Alexa Shopping, Alexa for Hospitality, Alexa Auto, Alexa Built-in products, and Alexa.com. To the extent Amazon offered any of these or any other product or service implementing the Accused Instrumentality for sale prior to the expiration of the patents, such documentation is highly relevant evidence to the issues in the case. Please provide a date certain by which Amazon will produce these documents.

Regards,

*/Jaime K. Olin/*

Jaime K. Olin

# EXHIBIT D

# REDACTED IN ITS ENTIRETY

# EXHIBIT E

**PUBLIC VERSION**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IPA TECHNOLOGIES INC.,<br><br>          Plaintiff,<br><br>v.<br><br>AMAZON.COM INC. and AMAZON<br>DIGITAL SERVICES, LLC,<br><br>          Defendants. | C.A. No. 1:16-cv-01266 (RGA)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S PRELIMINARY INFRINGEMENT CONTENTIONS FOR
DEFENDANTS AMAZON.COM INC. AND AMAZON DIGITAL SERVICES, LLC**

Pursuant to paragraph 3(a)(iii) of the Court's Scheduling Order (D.I. 61) and paragraph

5(c) of the parties' Stipulated Order re: *Default Standard for Discovery, Including Discovery of*

*Electronically Stored Information ("ESI")* ("Stipulated ESI Order") (D.I. 77), Plaintiff IPA

Technologies Inc. submits its Preliminary Infringement Contentions to Defendants Amazon.com

Inc. and Amazon Digital Services, LLC (collectively, "Amazon") with respect to U.S. Patent No.

6,851,115 ("the '115 patent"), U.S. Patent No. 7,069,560 ("the '560 patent"), and U.S. Patent No.

7,036,128 ("the '128 patent") (collectively, "the patents in suit") and Amazon Alexa, a cloud-

based voice service that is enabled for devices in the Amazon Echo and Fire lines, along with

products from third-party device manufacturers, among others.

Because fact discovery is ongoing and these contentions are based only on publicly-

available information and Amazon's initial production pursuant to paragraph 5(b) of the

Stipulated ESI Order, IPA reserves its right to supplement these Preliminary Contentions in

CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIAL

response to any non-infringement contentions Amazon might serve; IPA's review of Amazon's source code, which has not yet begun; and any additional technical documents Amazon produces, pursuant to its ongoing discovery obligations under paragraph 5(b) of the Stipulated ESI Order and the Federal Rules of Civil Procedure. IPA further reserves its right to supplement these Preliminary Contentions and to submit expert opinions and analyses in accordance with the expert discovery schedule set forth in the Scheduling Order. IPA reserves its right to include arguments and examples relating to infringement by doctrine of equivalents, either following claim construction, or after any other case event transpires to necessitate their inclusion. In addition, the references and documentary excerpts included in these Preliminary Contentions are exemplary rather than exhaustive, and do not limit IPA's right to rely on other materials.

By submitting these contentions, IPA does not waive any claims or defenses that may be asserted in this case. These contentions may be asserted in the alternative and do not constitute any concession by IPA for purposes of claim construction or infringement, nor does IPA waive any arguments that may be made or positions that may be taken regarding the proper construction of any claim term.

IPA contends that Amazon's making, using, offering for sale, selling, and/or importing Amazon Alexa before the expiration of the '115, '560, and '128 patents constitutes direct infringement (literally or under the doctrine of equivalents) under 35 U.S.C. § 271(a). Further, Amazon's inducing others to make, use, offer for sale, sell, and/or import components of Amazon Alexa constitutes indirect infringement under 35 U.S.C. § 271(b). Specifically, Amazon instructs third-party developers on how to make, use, test, and sell their own infringing products ("Skills" to be used with Amazon Alexa), and Amazon also instructs and encourages end users to use the infringing products. This inducement by Amazon leads to direct infringement by both

CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIAL

third-party developers and end users. And Amazon's contributing to the sale, offer to sell, and/or importation of Amazon Alexa constitutes indirect infringement under 35 U.S.C. § 271(c). Specifically, Amazon has knowledge that Amazon Alexa, which has no substantial non-infringing use, will be utilized by end users to directly infringe the patents-in-suit by using Amazon Alexa on their smartphones, tablets, or other devices.

Amazon directly and/or indirectly infringes claims 1-25, 29-44, 48-71, and 84-89 of the '115 patent; claims 1, 20-35, and 45-55 of the '560 patent; and claims 1-6, 20-27, and 40-42 of the '128 patent (collectively, "the asserted claims").

Amazon had actual and constructive knowledge of the '115 and '560 patents since at least March 12, 2018, when Amazon was served with the First Amended Complaint in this lawsuit. Amazon had actual and constructive knowledge of '128 patent at least as early as March 12, 2018, when Amazon was served with the First Amended Complaint in this lawsuit, although Amazon likely had actual and constructive knowledge before that date, given the repeated references to the '128 patent in the prosecution of its own patent applications. Despite this actual and constructive knowledge, Amazon has willfully, wantonly, and deliberately infringed the patents in suit.

IPA discloses detailed Preliminary Contentions for each asserted claim in the '115 patent in Exhibit A; each asserted claim in the '560 patent in Exhibit B; and each asserted claim in the '128 patent in Exhibit C. These Preliminary Contentions are meant to be illustrative of IPA's infringement theories and should not be read to restrict or limit IPA's ability to rely on other portions of Amazon's document production, source code, or other documents or information, to support its infringement claims.

CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIAL

Dated:  July 10, 2019

Of Counsel:

Paul J. Skiermont
Sarah E. Spires
Sadaf R. Abdullah
Steven W. Hartsell
Alexander E. Gasser
Christopher M. Hodge
Jaime K. Olin
Skiermont Derby
1601 Elm Street, Suite 4400
Dallas, TX 75201
(214) 978-6600
pskiermont@skiermontderby.com
sspires@skiermontderby.com
sabdullah@skiermontderby.com
shartsell@skiermontderby.com
agasser@skiermontderby.com
chodge@skiermontderby.com
jolin@skiermontderby.com

Mieke Malmberg
Skiermont Derby
800 Wilshire Blvd., Suite 1450
Los Angeles, CA  90017
(213) 788-4500
mmalmberg@skiermontderby.com

BAYARD, P.A.

/s/ *Stephen B. Brauerman*
Stephen B. Brauerman (sb4952)
600 King Street, Suite 400
Wilmington, DE  19801
(302) 655-5000
sbrauerman@bayardlaw.com

*Attorneys for Plaintiff,*
*IPA Technologies, Inc.*

CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIAL

# EXHIBIT F

**PUBLIC VERSION**

| | |
|---|---|
| **From:** | Vigen Salmastlian <vsalmastlian@fenwick.com> |
| **Sent:** | Thursday, June 18, 2020 6:18 PM |
| **To:** | Jaime Olin |
| **Cc:** | Amazon-IPA v. Amazon; amayo@ashby-geddes.com; sbalick@ashby-geddes.com; IPA_SDTeam; Steve Brauerman |
| **Subject:** | [EXTERNAL] IPA v. Amazon - 30(b)(1) Deposition Notice of Rino Caruccio |
| **Attachments:** | IPA - Notice of Deposition (Rino Caruccio)(as-filed).pdf |

EXTERNAL

Hi Jaime,

I hope you and your team are doing well.

We received the attached 30(b)(1) deposition notice today seeking to take the deposition of Rino Caruccio on July 20.  As we have discussed during our previous teleconferences, Amazon will not make any of its witnesses available for deposition twice.  Because Rino will be Amazon's corporate witness on financial topics, we will only make Rino available for deposition one time in response to 30(b)(6) financial topics identified by IPA.

Vigen

**VIGEN SALMASTLIAN**

Associate | Fenwick & West LLP | +1 650-335-7853 | vsalmastlian@fenwick.com
Admitted to practice in California.

-------------------------------------------
NOTICE:
This email and all attachments are confidential, may be legally privileged, and are intended solely for the individual or entity to whom the email is addressed.  However, mistakes sometimes happen in addressing emails.  If you believe that you are not an intended recipient, please stop reading immediately.  Do not copy, forward, or rely on the contents in any way.  Notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and then delete or destroy any copy of this email and its attachments.  Sender reserves and asserts all rights to confidentiality, including all privileges that may apply.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IPA TECHNOLOGIES INC., | |
| Plaintiff, | C.A. No. 1:16-cv-1266-RGA |
| v. | |
| AMAZON.COM, INC., and AMAZON DIGITAL SERVICES, LLC, | |
| Defendants. | |

## PLAINTIFF IPA TECHNOLOGIES INC'S NOTICE OF RULE 30(b)(1) DEPOSITION TO RINO CARUCCIO

PLEASE TAKE NOTICE, that pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, on July 20, 2020, beginning at 9:00 a.m., at the offices of Fenwick & West LLP, Silicon Valley Center, 801 California Street, Mountain View, California 94041, or such other time and place as mutually agreed upon by counsel (including through remote means, as necessary), Plaintiff IPA Technologies Inc. will take the deposition of Rino Caruccio. The deposition shall continue thereafter day to day until completed before a notary public or other officer authorized by law to administer oaths. The testimony shall be recorded by stenographic, audio, video, and/or real-time computer means. Please also be advised that exchange of exhibits during the deposition, whether in-person or remote, may be electronic.

Dated: June 18, 2020

Of Counsel:

Paul J. Skiermont
Sarah E. Spires
Sadaf R. Abdullah
Steven W. Hartsell
Alexander E. Gasser
Jaime K. Olin
Sheetal Patel
SKIERMONT DERBY LLP
1601 Elm St. Ste. 4400
Dallas, TX 75201
(214) 978-6600
pskiermont@skiermontderby.com
sspires@skiermontderby.com
shartsell@skiermontderby.com
sabdullah@skiermontderby.com
agasser@skiermontderby.com
jolin@skiermontderby.com
spatel@skiermontderby.com

Mieke K. Malmberg
SKIERMONT DERBY LLP
800 Wilshire Blvd. Ste. 1450
Los Angeles, CA 90017
mmalmberg@skiermontderby.com

BAYARD, P.A.

/s/ Stephen B. Brauerman
Stephen B. Brauerman (No. 4952)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
sbrauerman@bayardlaw.com

Attorneys for Plaintiff
IPA Technologies, Inc.

**Discovery Documents**

1:16-cv-01266-RGA-SRF IPA Technologies Inc. v. Amazon.com, Inc. et al

DISCOVERY-SRF,MEDIATION-MPT,PATENT

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Brauerman, Stephen on 6/18/2020 at 4:46 PM EDT and filed on 6/18/2020

| | |
|---|---|
| **Case Name:** | IPA Technologies Inc. v. Amazon.com, Inc. et al |
| **Case Number:** | 1:16-cv-01266-RGA-SRF |
| **Filer:** | IPA Technologies Inc. |
| **Document Number:** | 134 |

**Docket Text:**
**NOTICE to Take Deposition of Rino Caruccio on July 20, 2020 at 9:00 a.m. filed by IPA Technologies Inc..(Brauerman, Stephen)**


**1:16-cv-01266-RGA-SRF Notice has been electronically mailed to:**

Alexander E. Gasser     agasser@skiermontderby.com, IPA_SDTeam@skiermontderby.com

Andrew Colin Mayo     amayo@ashbygeddes.com, jday@ashbygeddes.com, mkipp@ashbygeddes.com, nlopez@ashbygeddes.com, nmyers@ashbygeddes.com, sbalick@ashbygeddes.com, tlydon@ashbygeddes.com

Eric B. Young     eyoung@fenwick.com, dskarloken@fenwick.com

J. David Hadden     dhadden@fenwick.com, icampos@fenwick.com

Jaime K. Olin     jolin@skiermontderby.com

Kevin P. Potere     kpotere@skiermontderby.com, ipa_sdteam@skiermontderby.com

Mieke Malmberg     mmalmberg@skiermontderby.com

Paul J. Skiermont     pskiermont@skiermontderby.com

Ravi R. Ranganath     rranganath@fenwick.com, icampos@fenwick.com

Sadaf R. Abdullah     sabdullah@skiermontderby.com, IPA_SDTeam@skiermontderby.com

Saina S. Shamilov     sshamilov@fenwick.com, icampos@fenwick.com

Sapna S. Mehta     smehta@fenwick.com, mguidoux@fenwick.com

Sara E. Bussiere     sbussiere@bayardlaw.com, jlately@bayardlaw.com, Njoyce@Bayardlaw.com,
tdevine@bayardlaw.com

Sarah E. Spires     sspires@skiermontderby.com

Sheetal Patel     spatel@skiermontderby.com, IPA_SDTeam@skiermontderby.com

Stephen B. Brauerman     sbrauerman@bayardlaw.com, Njoyce@Bayardlaw.com,
ntalarowski@bayardlaw.com, tdevine@bayardlaw.com

Steven J. Balic k     sbalick@ashbygeddes.com, amayo@ashbygeddes.com, jday@ashbygeddes.com,
mkipp@ashbygeddes.com, nlopez@ashbygeddes.com, nmyers@ashbygeddes.com,
tlydon@ashbygeddes.com

Steven W. Hartsell     shartsell@skiermontderby.com,

Todd R. Gregorian     tgregorian@fenwick.com, jlinteo@fenwick.com

Vigen Salmastlian     vsalmastlian@fenwick.com, bwalrod@fenwick.com

**1:16-cv-01266-RGA-SRF Filer will deliver document by other means to:**

Jeffrey T. Han
UNDELIVERABLE EMAIL 3/6/2019


The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/18/2020] [FileNumber=4219418-0
] [340a98e2c70413b401b46cde9b57ac53996189f1ec163c8f99f0efb24d85e3a673b
6773cfc342b94ce92b9f85b1a3ba38384a6385dcdcdef2b6e2d20fc0f16d9]]

EXHIBIT G

REDACTED IN ITS
ENTIRETY

# EXHIBIT H

**PUBLIC VERSION**

**From:** Saina Shamilov <sshamilov@fenwick.com>
**Sent:** Thursday, July 2, 2020 11:23 AM
**To:** Steven Hartsell; Amazon-IPA v. Amazon; amayo@ashby-geddes.com; sbalick@ashby-geddes.com; Sapna Mehta; Vigen Salmastlian
**Cc:** IPA_SDTeam; Steve Brauerman
**Subject:** [EXTERNAL] RE: IPA v. Amazon
**Attachments:** RE: [EXTERNAL] IPA v. Amazon - 30(b)(1) Deposition Notice of Rino Caruccio


EXTERNAL

Hi Steven, thank you for forwarding the decision.  We are aware of it and have already agreed to a mutual reduction and provided your team with a specific proposal for such a reduction last week; please see the attached for convenience.  Perhaps your team missed it?

Best,
Saina


**SAINA SHAMILOV**

Partner | Fenwick & West LLP | +1 650-335-7694 | sshamilov@fenwick.com
Admitted to practice in California and registered to practice before the USPTO.

**From:** Steven Hartsell <SHartsell@skiermontderby.com>
**Sent:** Thursday, July 2, 2020 5:58 AM
**To:** Amazon-IPA v. Amazon <Amazon_IPA_v_Amazon@fenwick.com>; amayo@ashby-geddes.com; sbalick@ashby-geddes.com; Sapna Mehta <smehta@fenwick.com>; Vigen Salmastlian <vsalmastlian@fenwick.com>
**Cc:** IPA_SDTeam <ipa_sdteam@skiermontderby.com>; Steve Brauerman <SBrauerman@bayardlaw.com>
**Subject:** IPA v. Amazon

** EXTERNAL EMAIL **

Counsel,

Following up on our conversation, attached is an order from Judge Andrews requiring "a mutual reduction in the number of asserted claims and the amount of asserted prior art." *Wonderland Switzerland AG v. Evenflo Co., Inc.*, No. CV 18-1990-RGA, 2020 WL 374750, at *5 (D. Del. Jan. 23, 2020). This order demonstrates that a reduction in the total number of prior art references is expected by the Court.

Regards,
Steven

_____
Steven W. Hartsell | Skiermont Derby LLP
1601 Elm Street, Suite 4400, Dallas, Texas 75201
P: 214.978.6616 | F: 214.978.6601 | skiermontderby.com

This message is the property of Skiermont Derby LLP and may contain privileged information or attorney work product. If this message has been delivered to you by mistake, then do not copy or deliver this message to anyone. Instead, destroy it and notify me by reply e-mail.

-------------------------------------------
NOTICE:
This email and all attachments are confidential, may be legally privileged, and are intended solely for the individual or entity to whom the email is addressed.  However, mistakes sometimes happen in addressing emails.  If you believe that you are not an intended recipient, please stop reading immediately.  Do not copy, forward, or rely on the contents in any way.  Notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and then delete or destroy any copy of this email and its attachments.  Sender reserves and asserts all rights to confidentiality, including all privileges that may apply.

| | |
|---|---|
| **From:** | Vigen Salmastlian <vsalmastlian@fenwick.com> |
| **Sent:** | Tuesday, June 23, 2020 9:24 PM |
| **To:** | Sadaf Abdullah; Jaime Olin |
| **Cc:** | Amazon-IPA v. Amazon; amayo@ashby-geddes.com; sbalick@ashby-geddes.com; IPA_SDTeam; Steve Brauerman |
| **Subject:** | RE: [EXTERNAL] IPA v. Amazon - 30(b)(1) Deposition Notice of Rino Caruccio |

Sadaf,

Below we respond to your assertions, the letter from Jaime Olin dated June 19, 2020, and again address IPA's continuing deficiencies with its discovery responses and document production, which neither you nor your teammates have addressed.  Amazon is available to meet-and-confer on these issues on Wednesday, June 24 any time between 1-4 PT or on Friday, June 26 any time between 12-2 PT.  Amazon intends to raise these additional issues related to IPA's deficient document production and discovery responses with the Court at the same time as the 30(b)(1) issue identified by IPA.

Amazon's Supplemental Response to IPA's Interrogatory No. 1 Addresses the Issues IPA Raised

You allege that "Amazon's supplemental responses to Interrogatory No. 1 . . . [and] recent document production" indicates we "continue[] to withhold relevant information," but you fail to identify what information you believe is withheld.  *See* E-mail from S. Abdullah to V. Salmastlian dated June 22, 2020.  Amazon undertook a significant effort to collect the additional financial information that IPA requested for each of the newly accused products based on what was communicated in IPA's letter dated May 1, 2020 and supplemented its interrogatory response and document production on June 9, 2020.

As discussed during our teleconference on May 29, 2020, Amazon is willing to consider any additional follow-up that IPA can articulate, but to date, merely stating that Amazon is purportedly withholding information without identifying that information makes it impossible for Amazon to even consider resolving the dispute.  This issue is not ripe for the Court as IPA is yet to identify what information it believes Amazon is withholding.

IPA's 30(b)(1) Deposition of Rino Caruccio (Amazon's Corporate Witness for Financial Information Related to the Accused Products)

Since at least March 16, 2020 (when Amazon served its second supplemental initial disclosures), IPA has been aware that Rino Caruccio is the Amazon witness most knowledgeable about financial information related to the accused products.  Indeed, if and when IPA services financial 30(b)(6) topics, Rino Caruccio will be Amazon's corporate witness on those topics.

A 30(b)(1) deposition of Rino Caruccio will undoubtedly cover the same subject-matter as IPA's forthcoming financial 30(b)(6) topics.  Amazon will not make Rino Caruccio available twice by offering him first for a 30(b)(1) deposition and then again for a 30(b)(6) deposition covering the same subject-matter.  IPA's attempt to depose Rino Caruccio twice will cause a significant burden and disruption to Rino Caruccio and Amazon's business beyond the strain already caused by the pandemic and shelter-in-place orders, and will be duplicative.

The *non-precedential* District of Columbia case you cite does not support IPA's position.  *Prasad* does not stand for the proposition that the *same fact witness* can be deposed twice in a case on the same subject-matter—once as a 30(b)(1) witness and again as a 30(b)(6) witness.  *Prasad v. George Washington Univ.*, 325 F.R.D. 1, 5 (D.D.C. 2018).  Indeed, Delaware law supports Amazon's position.  *Novartis Pharms. Corp. v. Abbott Labs.*, 203 F.R.D. 159, 162-163 (denying motion to compel a 30(b)(6) deposition of a witness that was already deposed in his individual capacity, was the most

knowledgeable person on the subject, and would have been designated under 30(b)(6).).  Although IPA is entitled to taking depositions under Rule 30(b)(1) and Rule 30(b)(6), Novartis makes clear IPA cannot use these rules to depose the same witness, who is the most knowledgeable witness on the subject, just to get two bites at the same apple.

<u>Amazon's Offer to Provide Written Responses to IPA's 30(b)(6) Document Collection Topics</u>

IPA also misstates the correspondence related to IPA's 30(b)(6) notice related to document collection.  First, Amazon's objections and responses on April 6, 2020 made clear that in view of the unprecedented COVID-19 pandemic and shelter-in-place orders, Amazon would make a witness available once restrictions were lifted and it was safe to conduct business and travel.  Alternatively, to move discovery along, Amazon offered to provide IPA with written responses addressing these topics.  IPA did not respond to Amazon's offer, and instead, requested to meet and confer on Friday, April 17.  During this teleconference, Amazon reiterated this offer, but again, IPA did not accept.  Three weeks later, IPA voluntarily withdrew the 30(b)(6) topics in its letter dated May 4, 2020.  IPA did not accept Amazon's offer to provide written responses to these topics until June 1, 2020.  Accordingly IPA itself is responsible for the alleged "three month" delay.  *See* Letter from J. Olin to V. Salmastlian dated June 15, 2020.  Since IPA accepted Amazon's offer on June 1, 2020 (just three weeks ago), Amazon has been working diligently to conduct the necessary calls with Amazon witnesses on numerous teams to obtain the required information for these written responses.  As indicated in our email dated June 15, 2020, Amazon will be providing these responses to IPA on June 29, 2020.

<u>Narrowing the Asserted Claims and Prior Art</u>

We understand that IPA will be narrowing its asserted claims from 116 to 30 across the three asserted patents.  *See* Letter from J. Olin to V. Salmastlian dated June 19, 2020.   Amazon is amenable to reducing its prior art to four bases of invalidity per claim as in the E.D. Texas cases IPA cites.  Amazon will not agree to an arbitrary cap of eight total references across the asserted patents.  Even the non-precedential E.D. Texas cases IPA cites do not support such a cap.  *See Unified Messaging Sols. LLC v. Facebook, Inc.*, No. 6:11CV120, 2012 WL 11606516, at *1 (E.D. Tex. July 12, 2012) (ordering defendant to "reduce its invalidity contentions to include no more than 4 distinct bases of invalidity for each asserted claim.").  *MOSAID Techs. Inc. v. Freescale Semiconductor, Inc.*, No. 6:11-CV-173, Dkt. No. 182, at 2 (E.D. Tex. Aug. 28, 2012) ("Defendants [to] limit their invalidity references to four total references (single references or combinations thereof) *per claim*.") (emphasis added).

<u>Documents Improperly Withheld by IPA</u>

While IPA raises vague complaints about Amazon's significant efforts in collecting and producing the requested financial information, IPA is intentionally withholding highly relevant offers to settle and license and financial information related to the asserted patents.

- **Offers to settle and license:** Amazon served a request for IPA to produce offers to settle or license.  *See* Amazon's RFP No. 4.  During our teleconference on May 29, 2020, IPA represented that it is intentionally withholding these documents pursuant to FRE 408.  But as Amazon responded in its letter dated June 15, 2020, Fed. R. Civ. P. 408, governs the admissibility of compromise offers and negotiations, which is not the standard for discovery.  *In re MSTG, Inc.*, 675 F.3d 1337, 1343-44 (Fed. Cir. 2012) ("Congress . . . did not take the additional step of protecting settlement negotiations from discovery.") . IPA now contradicts its assertion and states "IPA is not withholding any documents on this basis."  *See* Letter from J. Olin to V. Salmastlian dated June 19, 2020.  So what documents was IPA referring to that it is improperly withholding pursuant to FRE 408?  Amazon reiterates its request that IPA produce the offers to license and settle that IPA represented it was withholding pursuant to FRE 408 during our May 29, 2020 teleconference, or explain in detail why the statements counsel made during that call were false.

- **IPA's licensing revenue:** Amazon served a request for IPA to produce financial information related to "the sale, lease, or licensing of the Patents-In-Suit or any allegedly practicing product developed, offered, marketed or sold by IPA" including "monthly, quarterly, and annual financial statements" identifying "revenues, expenses, or

profits of IPA." *See* Amazon's RFP No. 80.  IPA has not produced any of these highly relevant documents and has not articulated any basis for withholding them.  IPA's confirmation that the "two licenses that cover the asserted patents . . . are fully paid-up" does not relieve IPA from the burden of producing the requested financial information.  *See* Letter from J. Olin to V. Salmastlian dated July 19, 2020.  Amazon reiterates its request that IPA produce all the financial information requested by RFP No. 80.

IPA is also withholding highly relevant technical documents provided by SRI to IPA pursuant to the patent acquisition agreement transferring the asserted patents from SRI to IPA.

- **SRI documents:** During our teleconference on May 29, 2020, we also discussed IPA's failure to produce the SRI documents that were delivered to IPA pursuant to paragraph 2.2 of the patent acquisition agreement (including inventor notebooks and an internal SRI file containing documents related to conception, reduction to practice, and third-party disclosures, among others).  *See*  IPA-00093025–46 at ¶ 2.2.  Amazon raised this deficiency over two months ago.  *See* Letter from V. Salmastlian to J. Olin dated April 16, 2020.  During our teleconference, IPA represented that it never received these documents from SRI and that it would confirm this representation in writing.  IPA's letter dated June 19, 2020 failed to provide such confirmation.  And more importantly, according to SRI, SRI did provide IPA with these documents, yet inexplicably IPA is withholding them.  Amazon again requests that IPA provide SRI's communication to IPA along with the files that were sent to IPA to comply with section 2.2 of the patent acquisition agreement.

IPA's Failure to Supplement its Interrogatory Responses

IPA's Interrogatory responses yet again continue to be deficient.  Defendants served their common interrogatory requests on IPA on September 5, 2019, over nine months ago.  Amazon's letter dated April 16, 2020 identified numerous deficiencies with these responses, many of which IPA still has not addressed.  With fact discovery set to close in just over three months, Amazon is not willing to continue waiting for IPA to provide fulsome responses.

- **Interrogatory No. 1:**  IPA still has not identified its contention related to conception and reduction to practice for each asserted claim, what documents support each contention, and persons with knowledge related to each contention.  Indeed, as discussed above, IPA has not produced any documents related to conception and reduction to practice.

- **Interrogatory No. 2:** IPA still has not identified its position whether the asserted claims of the '128  patent are entitled to a priority date before August 9, 2000, and the basis for each asserted claim.

- **Interrogatory No. 4:**  IPA has not identified its positions related to the specific secondary considerations or objective indicia of non-obviousness that support the validity of each asserted claim, the specific documents that support each contention, and the persons with knowledge.  IPA's claim-by-claim contention cannot be derived from the business records IPA produced pursuant to Rule 33(d).

- **Interrogatory No. 6:** IPA has not identified its position on whether each product or service covered by the asserted patents has ever been marked with the patent numbers, the date the marking was first made, the date such marking stopped, and any basis for excusing any failure to mark.  IPA agreed it "will produce" these documents but has not produced any to date.  As IPA is well aware, establishing evidence of marking is IPA's burden as part of its damages case.  During our teleconference on May 29, 2020, IPA asserted that it has no evidence of whether the third party licensees of asserted patents are marking.  IPA represented that it would provide written confirmation that it has no such evidence of marking in this case, but has not done so.  IPA should respond to the interrogatory and either confirm this representation in writing or provide a fulsome response as requested by the interrogatory.

- **Interrogatory No. 10:**  IPA has not identified any contention that each asserted claim "is valid and not anticipated or rendered obvious by" "each prior art reference" in Defendants' Invalidity Contentions.  In IPA's

supplemental interrogatory responses, IPA misrepresents that Defendant's invalidity contentions "include several hundred prior art references" and IPA will not respond until "Amazon has provided IPA with the narrowed list of prior art references it intends to use at trial."  This is nonsensical.  First, thus far in the case, Amazon's invalidity contentions identify only 24 primary references and about 28 additional secondary references (in addition to the primary references) covering the 116 asserted claims across the three asserted patents.  Second, Amazon will not be identifying the subset of prior art that will be used at trial until after the close of *expert* discovery. This does not relieve IPA from the burden of identifying its contentions in this case.  Further, while IPA's March 2, 2020 letter from J. Olin to D. Hadden, demanded that Amazon supplement its response to IPA's noninfringement interrogatory with "all factual and legal bases" with respect to **116** asserted claims,  even though Amazon already identified each asserted claim element that is not infringed, IPA still has not responded in any substantive way to the equivalent interrogatory served on IPA.

## VIGEN SALMASTLIAN

Associate | Fenwick & West LLP | +1 650-335-7853 | vsalmastlian@fenwick.com
Admitted to practice in California.

---

**From:** Sadaf Abdullah [mailto:SAbdullah@skiermontderby.com]
**Sent:** Monday, June 22, 2020 11:01 AM
**To:** Vigen Salmastlian <vsalmastlian@fenwick.com>; Jaime Olin <jolin@skiermontderby.com>
**Cc:** Amazon-IPA v. Amazon <Amazon_IPA_v_Amazon@fenwick.com>; amayo@ashby-geddes.com; sbalick@ashby-geddes.com; IPA_SDTeam <ipa_sdteam@skiermontderby.com>; Steve Brauerman <SBrauerman@bayardlaw.com>
**Subject:** RE: [EXTERNAL] IPA v. Amazon - 30(b)(1) Deposition Notice of Rino Caruccio

**\*\* EXTERNAL EMAIL \*\***

Vigen,

We have reviewed Amazon's supplemental responses to Interrogatory No. 1 as well as Amazon's recent document productions. Amazon continues to withhold relevant information to which IPA is entitled under the Federal Rules of Civil Procedure, and which is critical to Amazon's damages case. Because we have met and conferred on those issues multiple times and Amazon continues to refuse to produce the information, we believe the issue is ripe to raise with the Court.

In addition, Amazon's refusal to produce Mr. Caruccio in response to IPA's properly served Notice is contrary to the Federal Rules of Civil Procedure and relevant case law. *See* Fed. R. Civ. P. 30(b)(6) ("This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules."); *see, e.g., Prasad v. George Washington Univ.*, 325 F.R.D. 1, 5 (D.D.C. 2018) ("What is clear is that Plaintiff is entitled to take a Rule 30(b)(6) deposition on this topic notwithstanding the fact that she has taken Rule 30(b)(1) depositions of witnesses who had personal knowledge….As the rules and cases make clear, Rule 30(b)(6) and Rule 30(b)(1) serve different purposes.").

Amazon's refusal is an attempt to unilaterally dictate when and how IPA takes discovery is unreasonable, and is another example of the needless delay and gamesmanship Amazon has exhibited toward discovery for several months now. Amazon's position relating to IPA's first Rule 30(b)(6) notice was similarly contrary to the rules, but in the spirit of compromise IPA agreed to a different pathway to obtain the information it needed.

However, given that Amazon is taking the same misguided stance in response to a **Rule 30(b)(1)** notice, IPA has no choice but to raise this issue with the Court as well. Your email from  last week categorically states Amazon's refusal and invokes the same positions Amazon took during previous meet and confers. Please provide your availability for tomorrow or Wednesday to confer on this issue so that we can proceed to raise it with the Court.

Following that conference, the parties' local counsel can jointly contact chambers for an argument date on the disputes described above.

Regards,

Sadaf

_____

Sadaf R. Abdullah | Skiermont Derby LLP
1601 Elm St., Suite 4400, Dallas, Texas 75201
P: 214.978.6615 | F: 214.978.6601 | skiermontderby.com

This message is the property of Skiermont Derby LLP and may contain privileged information or attorney work product. If this message has been delivered to you by mistake, then do not copy or deliver this message to anyone. Instead, destroy it and notify me by reply e-mail.

---

**From:** Vigen Salmastlian <vsalmastlian@fenwick.com>
**Sent:** Thursday, June 18, 2020 6:18 PM
**To:** Jaime Olin <jolin@skiermontderby.com>
**Cc:** Amazon-IPA v. Amazon <Amazon_IPA_v_Amazon@fenwick.com>; amayo@ashby-geddes.com; sbalick@ashby-geddes.com; IPA_SDTeam <ipa_sdteam@skiermontderby.com>; Steve Brauerman <SBrauerman@bayardlaw.com>
**Subject:** [EXTERNAL] IPA v. Amazon - 30(b)(1) Deposition Notice of Rino Caruccio

EXTERNAL

Hi Jaime,

I hope you and your team are doing well.

We received the attached 30(b)(1) deposition notice today seeking to take the deposition of Rino Caruccio on July 20.  As we have discussed during our previous teleconferences, Amazon will not make any of its witnesses available for deposition twice.  Because Rino will be Amazon's corporate witness on financial topics, we will only make Rino available for deposition one time in response to 30(b)(6) financial topics identified by IPA.

Vigen

## VIGEN SALMASTLIAN

Associate | Fenwick & West LLP | +1 650-335-7853 | vsalmastlian@fenwick.com
Admitted to practice in California.

--------------------------------------------
NOTICE:
This email and all attachments are confidential, may be legally privileged, and are intended solely for the individual or entity to whom the email is addressed.  However, mistakes sometimes happen in addressing emails.  If you believe that you are not an intended recipient, please stop reading immediately.  Do not copy, forward, or rely on the contents in any way.  Notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and then delete or destroy any copy of this email and its attachments.  Sender reserves and asserts all rights to confidentiality, including all privileges that may apply.