# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| IPA TECHNOLOGIES INC., <br><br> Plaintiff, <br> v. <br><br> AMAZON.COM, INC., and AMAZON DIGITAL SERVICES LLC, <br><br> Defendants. | C.A. No. 1:16-cv-1266-RGA-SRF |

## JOINT LETTER TO THE HONORABLE RICHARD G. ANDREWS REGARDING AMAZON'S REDUCTION OF PRIOR ART REFERENCES

Dear Judge Andrews,

The Court held a July 24, 2020 discovery conference, wherein the Court ordered Amazon to reduce its number of prior art references. The Court asked the parties to submit a joint letter by August 28 indicating whether the dispute had been resolved. Pursuant to the Court's Order, the parties hereby submit the following statements:

**IPA's Position**

IPA renews its request for an overall cap on the number of references to six primary references and seven secondary references because Amazon has violated the letter and spirit of the Court's order regarding reduction of prior art assertions. IPA further seeks an order compelling Amazon to provide claim charts for each ground of alleged invalidity for each claim, which Amazon has failed to provide.

**Amazon's Notice:**

On August 21, Amazon served a Notice of Grounds of Invalidity of Asserted Claims ("Notice") that purported to specify four grounds of invalidity per claim. *See* Ex. A. However, as explained below, each alleged ground relies on multiple claim charts charting different systems or art. And even within each of those charts, Amazon purports to rely on multiple references. Further, even though all of the grounds on which Amazon relies are Section 103 obviousness combinations, Amazon failed to provide **any** charts of combinations, showing which aspect of which reference discloses particular limitations. Instead, Amazon relies on charts that cover a single reference without any indication of how the individual references should be combined.

For example, here are the four grounds that Amazon states it intends to rely on for certain claims of the '115 Patent:

| Patent, Claim(s) | Grounds of Invalidity (Basis) |
|---|---|
| '115 patent, claims 1, 5-7, 10, 11, 71 | 1. OAA system[2] (§ 103) |
| | 2. RETSINA System[3], Kiss[4], and MECCA[5] (§ 103) |
| | 3. KQML/KIF[6], Kiss, and MECCA (§ 103) |
| | 4. FIPA 97[7], Kiss, and MECCA (§ 103) |

*See* Ex. A, at 2. However, for the first ground (OAA System), while at first glance this appears to be a single prior art reference, footnote two reveals that this is a reference to a multitude of prior art charts and references for this one "OAA System." In other words, Amazon uses this "OAA system" phrase to incorporate **eight separate primary references** from its previously served invalidity contentions. For example, Amazon states in footnote 2:

> [2] "OAA system" includes prior art versions of source code, publications, and demonstrations that describe and relate to OAA, including, for example, the prior art identified in Exs. A-1, B-1, C-1, A-2, B-2, C-2 A-3, B-3, C-3, A-6, B-6, C-6 A-11, B-11, C-11, A-17, B-17, C-17, A-18, B-18, C-18, and A-19, B-19, C-19 of Defendants' Preliminary Invalidity Contentions and Defendants' First Supplemental Invalidity Contentions.

1

This shows that Amazon seeks to rely on eight different charts per claim for this alleged one system. Looking at the charts, it is apparent that these are not all related to one OAA system, but rather numerous individual systems (*e.g.,* OAA Automated Office, PAAM Tutorial, Multimodal Maps Paper). Moreover, a single chart of these references, A-1, titled OAA, contains over **twenty** individual alleged prior art publications and source code references:

> The OAA systems, publications, and demonstrations (which individually and/or collectively invalidate the asserted claims) relied upon herein include, but are not limited to:
> - "Statement on SRI's Plans for distributing the Open Agent Architecture" (April 25, 1997), *available at* https://web.archive.org/web/19970516140347/http:/www.ai.sri.com/~oaa/dist-policy.html ("OAA Distribution April 1997")
> - "OAA Distribution and Documentation" (May 16, 1997), *available at* https://web.archive.org/web/19970516150125/http://www.ai.sri.com/~oaa/distrib.html ("OAA Distribution May 1997)
> - Doug Moran, "OAA-USERS mailing list" (June 21, 1996), *available at* http://www.ai.sri.com/~oaa/distribution/MailArchive/oaa-users/0000.html ("OAA Distribution Email 1996")
> - Adam Cheyer, "agentlib.c" (updated Nov. 10, 1996), *available at* http://www.ai.sri.com/~oaa/distribution/distribv1/download/pc/oaa_c.zip (oaa_c\agentlib\agentlib.c) ("OAA Agentlib.c")
> - "Documentation for Open Agent Architecture Agents" (July 19, 1995 to September 20, 1996), *available at* http://www.ai.sri.com/~oaa/distribution/agents/agents.html ("OAA Agent Documentation")
> - "OAA Tutorial" (1994-1998), *available at* http://www.ai.sri.com/~oaa/distribution/distribv1/tutorial.html ("OAA Tutorial")
> - OAA systems and agents identified in SRI's September 4, 2019 production in this case, include, for example, the files located at the following paths[2] (collectively "OAA Systems"):
>   - OAA Code (1993-1994), Path: "From AI Server\OAA\OldOAA" ("OAA Code 1993-1994")
>   - OAA Distribution (October 1995), Path: "From AI Server\OAA\distrib\oaa2.1.tar.Z" ("OAA Distribution October 1995")
>   - ETRI Distribution (1996), Path: "From AI Server\OAA\etri-dist" ("OAA ETRI Distribution")
>   - OAA ETRI Demo (Nov. 1994), Paths: "From AI Server\OAA-trestle3\OAA-trestle3\" and "From AI Server\OAA-trestle3\demo" ("OAA ETRI Demo")
>   - Multimodal Map (1996[3]), Path: "From AI Server\OAA\NewMap" ("OAA Multimodal Map")
>   - NSA Demonstration (1996[4]-1997), Path: "From AI Server\OAA\nsa" ("OAA NSA Demo")
>   - OAA Demonstration (1996), Path: "From AI Server\OAA\users\glee" ("OAA Demo glee")
>   - Database agent (November 21, 1995), Path: "From AI Server\OAA-trestle3\OAA-trestle3\agents\cheyer\db" ("OAA DB agent November 1995")
>   - Database agent (December 12, 1995), Path: "From AI Server\OAA-trestle3\OAA-trestle3\agents\cheyer\dbs" ("OAA DB agent December 1995")
>   - Mail Spool agent (April 2, 1996), Path: "From AI Server\OAA-trestle3\OAA-trestle3\agents\cheyer\MSpool" ("OAA Mail Spool agent")
>   - ComputerFone agent (October 25, 1996), Path: "From AI Server\OAA-trestle3\OAA-trestle3\agents\cheyer\p" ("OAA ComputerFone agent")
>   - Entropic Text-to-speech interface agent (November 14, 1997), Path: "From AI Server\OAA-trestle3\OAA-trestle3\agents\cheyer\tts-c" ("OAA TTS Agent")
>   - Compound goal processing (1996-1997), Path: "From AI Server\OAA-trestle3\OAA-trestle3\agents\compound\" ("OAA Compound goal")
>   - Hospital agent (October 18, 1995), Path: "From AI Server\OAA-trestle3\OAA-trestle3\agents\umepon" ("OAA Hospital agent")
>   - Notify agent (March 6, 1997), Path: "From AI Server\OAA-trestle3\OAA-trestle3\agents\cheyer\n.pl" ("Notify agent")
>   - Office system with versions of the alarm, database, fax, news, mail, phone, and speech recognition agents (1994-1998), Path: "From AI Server\OAA-trestle3\OAA-trestle3\agents\V1" ("OAA Office system")

Further, Amazon has not provided a single chart that maps the purported combinations to the claim elements. For example, there is no claim chart corresponding to Ground 2 that combines the RETSINA System, Kiss, and MECCA. (Or for Ground 3, 4, or any of the other asserted combinations.) IPA is left guessing as to which parts of which reference Amazon intends to rely on for each ground, which is in direct conflict with the Court's admonishment that the combinations had to be specific: the Court stated "defendant can pick four specific references or combinations of references, but I do mean specific, not A plus B plus one of 4,000 other references to be named later." *See* J. Andrews, Jul. 24, 2020 Hrg. Tr. at 37:11-15. Additionally,

some of the references that are listed at the beginning of a chart (such as the ones at the beginning of A-1 above) are not even cited anywhere in the chart that appears in that exhibit. Again, IPA has no notice of what portions Amazon intends to rely on from those references.

At the end of the day, Amazon still asserts twenty-one primary "references." Compared to its preliminary contentions, which included twenty-four primary charts (which IPA described in its previous briefing), Amazon still maintains twenty-one primary invalidity chart references. It has only dropped a net of three references (it dropped four, but added one in "supplemental" contentions, as mentioned below). That is a mere **thirteen percent reduction**, in contrast with IPA's seventy-five percent reduction in asserted claims. This is not a mutual reduction and is manifestly unfair to IPA.

**Amazon's Second Supplemental Invalidity Contentions:**

Confusingly, on the same day it served the above-referenced Notice, Amazon also served its Second Supplemental Invalidity Contentions purporting to preserve its rights to rely on every single invalidity contention ever made by anyone in any setting in relation to the asserted patents. For example, Amazon stated "Amazon incorporates by reference all prior art references, charts, theories, and disclosures served on IPA in any prior or pending court action or proceeding before the Patent Trial and Appeal Board involving any of the Asserted Patents as through set forth fully herein." *See* Ex. E at 3. Amazon also states, "Amazon asserts that the prior art listed in Exhibits A–D, individually or in combination, invalidate(s) the Asserted Claims." *See* Ex. E at 6. It also includes different and inconsistent grounds from the Notice. For example, in the Second Supplemental Invalidity Contentions, Amazon cites Section 102 grounds, when all of the grounds in the Notice—which is the controlling document here—are Section 103.

IPA seeks an order striking Amazon's Second Supplemental Invalidity Contentions, and the supplemental Exhibit D (Amazon's listing of four-hundred-sixty-six (466) references that "Amazon asserts . . . individually or in combination, invalidate(s) the Asserted Claims;" *see* Ex. E at 6), except to the extent that Amazon is permitted to retain the one revised chart (A-23) and one additional chart (A-26) after the Court considers IPA's arguments outlined above.

**(1) Amazon's Position**

At the July 24, 2020 discovery conference, the Court ordered that Amazon "reduce its number of prior art references by August 21 to "four specific references or combinations of references . . . not A plus B plus one of 4,000 other references. . . . If at the end all 24 primary references are still there, plaintiff can come back to me and complain." *See* J. Andrews, Jul. 24, 2020 Hrg. Tr. at 37:10 – 38:10.

Consistent with the Court's guidance, Amazon identified no more than 4 grounds of invalidity per asserted claim, identified the specific references for each ground, and significantly reduced its selected primary and secondary references. *See* Notice of Grounds of Invalidity of Asserted Claims of Defendants Amazon.com, Inc. and Amazon Digital Services LLC (attached as Exhibit A). IPA takes issue with the number of invalidity charts Amazon prepared in its invalidity contentions that may relate to each identified invalidity ground. Significant prior art

systems such as the OAA System, KQML/KIF, and the RETSINA system were the topic of dozens of industry publications, presentations, and demonstrations. Additionally, source code related to these systems was shared among industry groups. For each of these systems, Amazon identified the specific prior art on which it is relying and prepared more than one invalidity claim chart to thoroughly identify its invalidity positions in view of the publications, presentations, demonstrations, and source code. Amazon should not be penalized for preparing thorough charts in its invalidity contentions that provide IPA with as much notice as possible. It is irrelevant whether each bases of invalidity that Amazon identifies is supported by multiple charts or not. The Court did not limit Amazon to a number of *claim charts*. The Court limited the number of invalidity bases, which is precisely what Amazon did as the excerpt above shows. Indeed, Amazon significantly reduced its invalidity positions:

- Amazon identified no more than 4 grounds per asserted claim and 24 total grounds;

- Amazon clarified that it will only rely on obviousness for each of these grounds;

- Amazon dropped 5 of its 11 unique primary references/systems from its primary reference charts for the asserted claims of the '115 and '560 patents, and dropped 4 of its 11 unique primary references/systems for the asserted claims of the '128 patent;

- Amazon dropped 13 of its 22 additional secondary references from its A-X, B-X, and C-X invalidity charts identifying secondary reference combinations; and

- Amazon dropped combinations between its four main prior art references/systems—*i.e.,* combinations between the OAA system, KQML/KIF, FIPA 97, and the RETSINA system.[1]

The chart below summarizes Amazon's reduction of primary references/systems using claim 1 of the '115 patent as an example.

| Number | Amazon's assertion prior to reduction | Amazon's assertion after reduction |
|---|---|---|
| 1 | **OAA system** (described by 7 papers, 2 presentations, 2 videos, OAA source code, and 5 documents showing examples of public availability charted in Exs. A-1, A-2, A-3, A-6, A-11, A-17, A-18, A-19) | **OAA system** (§ 103) |
| 2 | **KMQL/KIF** (described by 9 papers, 2 specifications, 1 presentation, and source code in Exs. A-7, A-8, A-10, A-14, A-20, A-23, A-25) | **KQML/KIF** combined with Kiss, and MECCA (§ 103) |
| 3 | **FIPA 97** (described by the FIPA 1997 specification in Ex. A-16) | **FIPA 97** combined with Kiss, and MECCA (§ 103) |
| 4 | **RETSINA System** (described by 11 papers and source | **RETSINA System** |

---

[1] Amazon's invalidity contentions identified motivations to combine each of its primary references/systems with one another.

4

| Number | Amazon's assertion prior to reduction | Amazon's assertion after reduction |
|---|---|---|
|  | code in Exs. A-22 and A-26) | combined with Kiss, and MECCA (§ 103) |
| 5 | **MECCA** (1 paper describing the MECCA system in Ex. A-9) | *See* combinations identified above |
| 6 | **Kiss** (described by 1 patent in Ex. A-15) | *See* combination identified above |
| 7 | **General Magic system** (described by 7 papers in Ex. A-21) | Dropped |
| 8 | **Prodigy system** (described by 4 papers in Ex. A-23) | Dropped |
| 9 | **Jang** (1 paper describing the MASCOT system in Ex. A-12) | Dropped |
| 10 | **Busetta** (1 paper describing the Belief, Desire, Intent, Message system in Ex. A-4) | Dropped |
| 11 | **Bradshaw** (1 paper describing the KAoS system in Ex. A-5) | Dropped |

Amazon served its preliminary invalidity contentions on August 23, 2019. IPA had no issue understanding these contentions for nearly a year, and complains now after Amazon significantly reduced its prior art selection. Amazon's invalidity contentions precisely identify its obviousness combinations and how references can be combined. Indeed, the cover pleading to Amazon's preliminary invalidity contentions provides 8 pages of argument expressly identifying the reasons a person having ordinary skill in the art would have been motivated to combine each of the primary references/systems identified in the table above with one another. *See, e.g.*, Ex. B at pp. 47-55 (excerpt of Amazon's Preliminary Invalidity Contentions). Additionally, the invalidity charts attached to Amazon's invalidity contentions include cross-references between the charts identifying the disclosures of a reference that could be combined with the disclosures of another reference. Indeed, these invalidity charts specifically identify how references such as Kiss and MECCA can be combined with KQML/KIF, FIPA 97, and the RETSINA system. *See, e.g.*, Ex. C (excerpts from Amazon's Kiss and A-X[2] invalidity charts). IPA can refer to the same invalidity charts in Amazon's invalidity contentions to identify the disclosures Amazon cited for the references in Amazon's reduced grounds of invalidity.

IPA mischaracterizes the OAA system as referring to multiple systems. This is wrong. As IPA is aware from the SRI OAA patents it asserts in this case, "OAA" refers to the Open Agent *Architecture*. The asserted patents disclose that in this architecture a service requesting agent sends a request in the inter-agent communication language (ICL) as a base goal, the facilitator parses the base goal to identify ICL sub-goals, the facilitator identifies agents that can solve those ICL sub-goals, and the facilitator delegates those ICL sub-goals to appropriate service-providing agents that cooperate to solve those ICL sub-goals. The OAA source code, the February 1998 OAA presentation, the PAAM 98 presentation, and the other publications

---

[2] Amazon's A-X, B-X, and C-X invalidity charts are secondary reference charts for each asserted patent identifying specific secondary references that disclose each limitation of each asserted claim, that can be combined with each of the primary references.

Amazon charted all describe and implement the *same OAA architecture* of an ICL, a facilitator, and agents. Additionally, the various demonstrations and implementations of OAA that Amazon charted—*e.g.*, Automated Office, MVIEWS, and Multimodal Maps—use the same ICL and facilitator and simply focus on different subsets of agents that are capable of solving the sub-goals of interest for that demonstration or implementation. The source code, demonstrations, presentations, and publications Amazon identifies as part of the OAA system describe the *same system*.

IPA's request to strike Exhibit D of Amazon's second invalidity contentions should be denied. Exhibit D is a list of prior art that demonstrates the *state of the art*. *See* Ex. B at 145 (identifying Exhibit D as "Prior Art Reflecting the General *State of the Art*"). Amazon's notice of reduction of invalidity references does not suggest any combination with each and every one of the 466 prior art references identified in Exhibit D.[3] *See* Ex. A. Additionally, Amazon's *preliminary* invalidity contentions served on August 23, 2019 attached an earlier version of Exhibit D identifying 441 prior art references that demonstrated the state of the art. IPA did not raise any issues with Exhibit D. IPA also did not raise any issue with the supplemental version of Exhibit D attached to Amazon's first supplemental invalidity contentions served on November 18, 2019 identifying 443 prior art references. Amazon's second supplemental invalidity contentions simply adds 23 references to the state of the art. This listing of the state of the art in Exhibit D does not alter Amazon's reduced grounds of invalidity dated August 21, 2020. *Genzyme Therapeutic Prods. Ltd. P'ship v. Biomarin Pharm. Inc.*, 825 F.3d 1360, 1369 (Fed. Cir. 2016) ("state of the art 'can legitimately serve to document the knowledge that skilled artisans would bring to bear in reading the prior art identified as producing obviousness'") (*citing Ariosa Diagnostics v. Verinata Health, Inc.*, 804 F.3d 1359, 1365 (Fed. Cir. 2015)); *Integra Lifesciences Corp. v. Hyperbranch Med. Tech. Inc.*, 223 F.Supp.3d 202, 205 (D. Del., December 9, 2016) (state of the art identifying 420 references did not expand invalidity bases).

IPA's request to strike Amazon's supplemental RETSINA chart in Exs. A-26 (addressing the '115 patent), B-26 (addressing the '128 patent), and C-26 (addressing the '560 patent) is baseless. These invalidity charts simply identify and map RETSINA source code and publications that Amazon uncovered after serving its preliminary invalidity contentions and first supplemental invalidity contentions. Further, IPA was already on notice about the existence of this RETSINA source code, which was described by the RETSINA publications Amazon identified and charted in its preliminary invalidity contentions served as Exhibits A-22, B-22, and C-22. IPA has no basis to argue that it is prejudiced by Amazon's supplementation. Instead, Amazon's diligent supplementation has put IPA on notice of Amazon's position that specific source code and publications describing the same RETSINA system invalidate the asserted claim *5 months before opening expert reports are due*, and *six months before* IPA will address invalidity in its rebuttal expert report. D.I. 157.

IPA complains about Amazon's diligent supplementation of its invalidity contentions

---

[3] IPA takes issues with the language in Amazon's invalidity contentions cover pleading that states "prior art listed in Exhibits A-D, individually or in combination, invalidate(s) the Asserted Claims." Ex. E at 6. But this language in no way alters Amazon's notice of grounds of invalidity. Ex. A.

throughout discovery to provide IPA with notice of its invalidity positions.  Yet, IPA has yet to supplement its *preliminary* infringement contentions served *over a year ago* on July 10, 2019.  This is despite Amazon's confirmation to IPA that its source code was available for review on September 11, 2019.  Indeed, before the COVID-19 shelter-in-place orders, IPA only reviewed Amazon's source code on two days—November 19, 2019 and March 4, 2020.  And despite Amazon agreeing to a remote source code review protocol on June 22, 2020, IPA continues to point to its *preliminary* infringement contentions in its August 7, 2020 reduction of asserted claims.  *See* Ex. D (IPA's notice of asserted claims).  To the extent IPA now seeks to preclude Amazon from supplementing its invalidity contentions during the normal course of discovery, IPA should also be precluded from supplementing its infringement contentions.

For the foregoing reasons, Amazon requests that this Court deny IPA's requests for a cap on the number of prior art references and request for additional claim charts.  Amazon further requests that the Court deny IPA's request to strike any part of Amazon's second supplemental invalidity contentions.

| | |
|---|---|
| Dated: August 28, 2020 | ASHBY & GEDDES |
| BAYARD, P.A. | |
| */s/Stephen B. Brauerman* | */s/Andrew C. Mayo* |
| Stephen B. Brauerman (sb4952) | Steven J. Balick (#2114) |
| 600 N. King Street, Suite 400 | Andrew C. Mayo (#5207) |
| Wilmington, DE 19801 | 500 Delaware Avenue, 8th Floor |
| (302) 655-5000 | P.O. Box 1150 |
| sbrauerman@bayardlaw.com | Wilmington, DE 19899 |
| | (302) 654-1888 |
| | sbalick@ashbygeddes.com |
| | amayo@ashbygeddes.com |
| *Of Counsel*: | |
| | *Of Counsel*: |
| Paul J. Skiermont | |
| Sarah E. Spires | J. David Hadden |
| Sadaf R. Abdullah | Saina S. Shamilov |
| Steven W. Hartsell | Ravi Ranganath |
| Alexander E. Gasser | Vigen Salmastlian |
| Jaime K. Olin | FENWICK &WEST LLP |
| Sheetal Patel | 801 California Street |
| Kevin P. Potere | Mountain View, CA 94041 |
| Tara M. Williams | (650) 988-8500 |
| SKIERMONT DERBY LLP | |
| 1601 Elm Street, Suite 4400 | Todd R. Gregorian |
| Dallas, TX 75201 | Sapna S. Mehta |
| (214) 978-6600 | FENWICK &WEST LLP |
| IPA_SDTeam@skiermontderby.com | 555 California Street, 12th Floor |
| | San Francisco, CA 94104 |
| Mieke Malmberg | (415) 875-2300 |
| SKIERMONT DERBY LLP | |
| 800 Wilshire Blvd., Suite 1450 | Hilary L. Preston |
| Los Angeles, CA 90017 | VINSON & ELKINS LLP |
| (213) 788-4500 | 666 Fifth Avenue, 26th Floor |
| IPA_SDTeam@skiermontderby.com | New York, NY 10103-0040 |
| | (212) 237-0000 |
| *Attorneys for Plaintiff,* | |
| *IPA Technologies Inc.* | *Attorneys for Defendants Amazon.com, Inc. and Amazon Digital Services, LLC* |

8