IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IPA TECHNOLOGIES, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 16-1266-RGA |
| | : | |
| AMAZON.COM, INC., et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

I heard a discovery dispute in the above-captioned case, gave some directions for reducing the number of asserted claims and the asserted prior art references, and asked the parties to submit a joint letter reporting whether the dispute had been resolved. They submitted the letter. (D.I. 161). I read it and reviewed the attachments to the letter.

Plaintiff reduced the number of asserted claims to thirty. No problem there. Defendant reduced the number of asserted prior art references. The main thing I had understood to be at issue in the discovery conference was the prior art references asserted in Defendant's obviousness combinations. Defendant now has four combinations for each asserted claim. Further, for each claim, the combinations have the same four lead prior art references, referred to as OAA, RETSINA, KQML/KIF, and FIPA 97. Each of these lead prior art references is a "system." I understand in this context a "system" to mean a working example as opposed to a publication. Plaintiff's main complaint now is that Defendant identifies about a dozen different sources describing or otherwise relating to how each of the OAA, KQML/KIF, and RETSINA worked, meaning that these three lead prior art references have to be understood from about

1

thirty-six different sources.  IPA requests that Amazon be limited to "six primary references and seven secondary references."  IPA says the OAA system is actually "eight separate primary references."  IPA says that OAA is not one system, but "numerous individual systems."  Amazon responds in part by identifying combinations and prior art it is no longer asserting.  Amazon says IPA is wrong to refer to the OAA system as multiple systems.   I think Amazon says that if the claims are one system, then OAA is one system.

      I am not going to limit Amazon as requested by Plaintiff.  I understand that any of the asserted prior art, such as OAA, refers to OAA as it existed at some particular point in time.  I do not know whether Amazon's twelve sources for the OAA are more like twelve pieces of a jigsaw puzzle where one needs each piece in order to see the picture, twelve pictures taken by multiple family members of a new college graduate receiving a diploma where the pictures mostly show the same thing, but the details differ slightly, or twelve pictures of the same person taken once a year for twelve years at school picture day.  My impression is the situation is more like the middle one, based on Amazon's representation that "OAA source code, the February 1998 OAA presentation, the PAAM 98 presentation, and the other publications . . . all describe and implement the same OAA architecture of an ICL, a facilitator, and agents."  But if I did what IPA has asked, I would essentially be guessing as to how much Amazon actually needs its dozen sources.  If it needs them, then it should have them.

      IPA also seeks to strike Exhibit D to Amazon's second invalidity contentions.  Amazon points out that the 466 pieces of prior art described in Exhibit D represent the "state of the art," and are not offered as parts of obviousness combinations.  Indeed, as Amazon represents, it does cross-reference these references as the "state of the art."  (D.I. 161-2 at 12 of 14).  Most of them will fall away (but, just to be sure, Amazon's expert reports cannot rely on more than 200 of

them), and, in any event, unless they are listed as part of the obviousness combinations, they will be limited to what Amazon says they are – background.  Thus, I am not going to strike Exhibit D.

Amazon opposes a purported IPA request to strike a "supplemental RETSINA chart." (D.I. 161 at 6).  I do not, however, see any such IPA request.

IPA also requests that I compel "Amazon to provide claim charts for each ground of alleged invalidity for each claim which Amazon has failed to provide."  Later, "Amazon has not provided a single chart that maps the purported combinations to the claim elements."  Amazon seems to have responded with both, "Amazon's invalidity contentions precisely identify its obviousness combinations and how references can be combined," and, in the alternative, IPA is just as bad as it has not amended its deficient infringement contentions.  The second argument seems to be new, and it is not appropriate for me to address on this record.  Since Amazon says they have already done the claim charts (or possibly the equivalent of claim charts), I would like to verify that, and I request that Amazon provide me by the close of business tomorrow its claim chart(s) showing how combination #3 (KQML/KIF, Kiss, MECCA, and Bian) (D.I. 161-1 at 3) reads on claim 1 of the '560 patent.  If I need a roadmap to understand whatever it is that Amazon submits, Amazon should provide a brief explanation so that I can try to make sense of what they submit.

IT IS SO ORDERED this 23 day of September 2020.

/s/ Richard G. Andrews
United States District Judge