IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IPA TECHNOLOGIES, INC.,                    :
                                           :
                     Plaintiff,            :
                                           :
           v.                              :        Civil Action No. 16-1266-RGA
                                           :
AMAZON.COM, INC., et al.,                  :
                                           :
                     Defendants.           :

**MEMORANDUM ORDER**

The parties seemed to dispute whether Amazon had provided claim charts.  (D.I. 172 at

3).  I thought that maybe I could figure this dispute out if I randomly asked Amazon to provide

one claim chart.  So I asked for a claim chart showing how "combination #3 (KQML/KIF, Kiss,

MECCA, and Bian)" read on claim 1 of the '560 patent.  (*Id*.).

I received a three-page letter with 170 pages of attachments in response.  (D.I. 173).

Even after spending more time than I should have, it is hard for me to explain what I received,

but I will try.  I start with the most straightforward.

For Kiss—a patent—there are four pages of what I recognize to be traditional-looking

claim chart, with limitations 1(a) through 1(g) on one side and descriptions of disclosures in Kiss

that correspond to each limitation.  (D.I. 173, Exh. I).  There are some cross-references to a chart

for one of the other asserted patents.  There are entries for each limitation and an assertion that

the disclosures are anticipatory.[1]

---

[1] Amazon has moved on from the assertion that any of its prior art anticipates any claim.  (D.I. 161 at 4).

For MECCA—a publication—there are nine pages that are in the same format as the Kiss chart.  (D.I. 173, Exh. J).  The disclosures here too are said to be anticipatory.

KQML/KIF—said to be a system—is described in Amazon's cover letter as being disclosed by "9 papers, 2 specifications, 1 presentation, and source code."  (D.I. 173 at 1).  I see only seven charts, though.  (D.I. 173, Exhs. B, C, D, E, F, G, H).  It appears that the seven charts are laid out similarly to Kiss, and each of the seven is said to anticipate the claim.

Bian—a thesis—is said to be a "secondary reference."  The secondary references in the secondary reference chart are numerous, maybe thirty-four of them.  The secondary references seem to pop in and out of a long claim chart.  (D.I. 173, Exh. K).  From reviewing that claim chart, it seems to me (notwithstanding boilerplate to the contrary) that the secondary references do not actually purport to disclose all seven limitations,[2] but it is difficult to tell since there is a lot of cross-referencing to other claim charts.

I think through a lot of tedious effort, IPA can see for each asserted reference what it is that Amazon says it discloses.  Perhaps Amazon could have done the charts in a clearer fashion, but the reason I engaged in this exercise was to see if Amazon had done it at all.  (D.I. 172 at 3).

I do now better understand IPA's frustration.  If I am properly understanding the claim charts, essentially, for the one combination, Amazon says, here are nine references (not counting Bian), each of which discloses every limitation, and, in combination, they also make the claim obvious.  I doubt that such an approach actually gives any reasonable notice as to what Amazon's theories are.

Thus, I do not think Amazon has complied with my order.  I am going to order Amazon to reduce its asserted prior art as follows:  (1) for systems such as KQML/KIF, absent a

---

[2] I think this is what Amazon is saying in an earlier footnote.  (D.I. 161 at 5 n.2).

declaration under oath as to why more than one reference (not including source code) is needed

to describe the system, Amazon needs to pick its best reference describing the system, and the

other references will no longer be asserted in support of the system; and (2) where there are

multiple primary references such as KQML/KIF, Kiss, and MECCA, absent a declaration under

oath as to why more than two primary references are needed (i.e., what is there might be missing

from one that is not also missing from the others), Amazon needs to pick a combination that does

not involve multiple references that meet the same claim limitations.[3]

     I need the parties to meet-and-confer and, in light of the existing schedule, advise of their

positions as to how to implement this order, and a timetable for doing so.

     IT IS SO ORDERED this <u>23</u> day of October 2020.


                             <u>/s/ Richard G. Andrews</u>
                             United States District Judge

---

[3] That is, if one reference discloses limitations 1 to 5, but not 6 and 7, and another reference discloses 1 to 5, but not 6 and 7, then one has to go.