**ASHBY & GEDDES**

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE
P. O. BOX 1150
WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

October 28, 2020

The Honorable Richard G. Andrews          VIA ELECTRONIC FILING
United States District Court
J. Caleb Boggs Federal Building
Wilmington, DE  19801-3555

Re:   *IPA Techs. Inc., v. Amazon.com, Inc., and Amazon Digital Service, LLC*
      C.A. No. 16-1266-RGA

Dear Judge Andrews:

Amazon respectfully writes regarding IPA's October 23, 2020 Response to Oral Order and Amended Notice of Asserted Claims (D.I. 197) (the "Amended Notice").

In the October 21, 2020 Oral Order to which IPA purports to respond in its Amended Notice, the Court asked IPA to identify which of its 30 asserted claims survived the recent *inter partes* review decisions by the Patent Trial and Appeal Board ("PTAB"). (D.I. 193)  However, IPA did not so limit its response; instead, it used its Amended Notice to announce that it will assert numerous previously abandoned claims—just six weeks before the close of fact discovery—as if doing so is a matter of right. (Amended Notice at 2 ("IPA hereby informs the Court that it is revising its asserted claims against Amazon as follows . . . .").)  IPA made no effort to meet and confer with Amazon regarding its desire to assert new claims, and has not sought leave of Court to make such a change.  In fact, IPA states that one remaining decision is expected from the PTAB by November 6 with respect to 25 additional claims that still are undergoing review, and that it also intends to evaluate whether to assert any of those claims that survive.  The Court should not permit IPA to change its election of asserted claims at this late stage in the case.

No good cause justifies IPA's belated attempt to add the dropped claims, because it was foreseeable that the PTAB would find many of the asserted claims unpatentable at the time IPA elected its final set of asserted claims to litigate in the case.  The IPR petitions were filed in February and March 2019.  The PTAB issued institution decisions in September and October 2019, and IPA filed its patent owner responses in early 2020.  In instituting review, the PTAB determined that there was a "reasonable likelihood" that the challenged claims were unpatentable.  35 U.S.C. § 314.  The Court ordered IPA to narrow its asserted claims several months later, during a July 24, 2020 discovery hearing.  (Ex. 1 (July 24, 2020 Hrg Tr.) at 36:22-39:2.)  During that hearing, in discussing the narrowing of asserted claims, IPA's counsel confirmed that IPA was aware of the IPRs and the prior art asserted in those proceedings.  (*See id.* at 31:20-32:5.)  A few weeks later, on August 7, 2020—with full knowledge of the claims challenged in the pending IPRs and the relative strength of the invalidity arguments in those petitions—IPA served its notice of reduction of asserted claims.  (Ex. 2 (Notice of Reduction in Asserted Claims).)

IPA's only justification for its attempt to assert additional claims is the "changed circumstance" of the PTAB's final written decisions. But IPA does not explain why the entirely predictable result of these IPRs would constitute good cause for its reassertion of claims dropped months ago. Indeed, multiple courts have denied requests to re-do the election of asserted claims following adverse IPR decisions. *Univ. of Virginia Pat. Found. v. Gen. Elec. Co.*, No. 3:14-cv-00051, 2019 WL 1993552, at *5 (W.D. Va. May 6, 2019) ("declin[ing] to find that the adverse finding in the IPR proceedings here support UVAPF's request to add new claims," noting that unlike adverse claim constructions, IPR decisions do not "convey new information about the asserted claims that the plaintiff could not have previously discovered"); *Papst Licensing GMBH & Co. v. Apple, Inc.*, No. 6:15-cv-01095-RWS, Dkt. 782 at 7 (E.D. Tex. July 1, 2020) (declining patentee's request for a "'do over' of claim election" following adverse IPR decision, noting that "allowing a party to amend its claim election and infringement contentions after every unfavorable IPR would diminish the effectiveness of the local rules").

Allowing IPA to assert additional claims at this late date would jeopardize the case schedule and would prejudice Amazon. The parties have been operating under a governing set of asserted claims since August 7, 2020. Amazon chose prior art references and combinations specifically in reliance on IPA's asserted claims. And Amazon has diligently pursued third-party discovery related to its invalidity defense based on the prior art it selected. (*See, e.g.*, D.I. 81, 89.) If IPA is allowed to change its asserted claims, then fairness requires that Amazon be permitted to change its prior art references and, potentially, pursue additional discovery related to invalidity. The parties may also have to take additional discovery related to IPA's infringement claims. Discovery is set to close in just over one month. (D.I. 158.) The parties are already working to schedule many fact depositions to take place during that time, including Rule 30(b)(6) depositions of both parties and inventor depositions—an already compressed time period made worse by the intervening Thanksgiving holiday. There is simply no room in the schedule for a change in the asserted claims that could alter the scope of discovery in this case.

Accordingly, Amazon respectfully requests that the Court deny IPA's request to change its asserted claims at this late stage in the case.

Respectfully,

*/s/ Steven J. Balick*

Steven J. Balick (#2114)

SJB/nlm
Attachments

cc:  Counsel of Record (via electronic mail; w/attachments)

{01622056;v1 }