## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IPA TECHNOLOGIES INC.,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC. and AMAZON<br>DIGITAL SERVICES, LLC,<br><br>Defendants. | C.A. No. 16-1266-RGA |

**OPPOSED MOTION FOR CLARIFICATION OF THE COURT'S CASE DISPOSITIVE/*DAUBERT* PROCEDURES, TO FILE BRIEFING IN SUPPORT THEREOF IN EXCESS OF NEW SCHEDULING ORDER PAGE LIMITS, OR IN THE ALTERNATIVE AN EXTENSION OF TIME**

WHEREAS, the parties' case dispositive and *Daubert* motions and briefs in

support thereof are due to be filed with the Court on June 25, 2021 (D.I. 174);

WHEREAS, paragraph 11 of this Court's March 24, 2019 Scheduling Order (D.I.

61) provides:

> All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion, including Daubert, shall be served and filed on or before March 26, 2021. Oppositions to dispositive and Daubert motions shall be served and filed on or before April 23, 2021. Replies in support of dispositive and Daubert motions shall be served and filed on or before May 14, 2021. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

WHEREAS, the Court's December 2019 Revised Scheduling Order provides:

> All case dispositive motions shall be served and filed on or before _____ , 202_. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Absent an order of the Court upon a showing of good cause, each side is limited to one

1

forty-page opening brief, one fortypage answering brief, and one twenty-page reply brief for all of its Daubert and case dispositive motions.

WHEREAS, Plaintiff had been preparing its case dispositive and *Daubert* motions in accordance with the Court's March 24, 2019 Scheduling Order (D.I. 61) and intended to file three case dispositive motions and one *Daubert* motion with briefing in support thereof in compliance with the Court's Scheduling Order in this case (*id.*) and the Local Rule's 20 page limitation.  Pursuant to D. Del. L.R. 7.1.3.(4), Plaintiff's briefs in support of these motions do not exceed 20 pages;

WHEREAS, counsel for Defendants Amazon.com, Inc. and Amazon Digital Services, LLC ("Defendants") contacted counsel for Plaintiff IPA Technologies Inc. ("Plaintiff") at 1:47 P.M. E.T. on June 24, 2021 to indicate that the Court's March 24, 2019 Scheduling Order does not identify page limits and that Defendants intend to file case dispositive and *Daubert* motions in accordance with the Court's December 2019 Revised Scheduling Order;

WHEREAS, because the December 2019 Revised Scheduling Order was published eight months after the Scheduling Order that was entered in this case (D.I. 61), Plaintiff's Lead Counsel was unaware of the Revised Scheduling Order and Plaintiff's Local Counsel was not aware that the Revised Scheduling Order applied to this case;

WHEREAS, prior to Defendants' eleventh hour correspondence concerning the Court's revised procedures, Plaintiff had already made every effort to condense and streamline the arguments in support of its case dispositive and *Daubert* motions in order to maximize efficiencies in this matter and streamline the case in anticipation of trial;

Based on the foregoing, Plaintiff respectfully submits that good cause exists to grant Plaintiff leave to file its case dispositive and *Daubert* briefing in accordance with

the provisions set forth in the March 24, 2019 Scheduling Order (D.I. 61) and Local

Rules (*see, e.g.*, *Sprint Communications Company L.P. v. Cequel Communications, LLC,*

*et al.*, C.A. No. 18-1752, (D.I. 243; D.I. 244; D.I. 247-260.), or in the alternative to

extend Plaintiff's deadline to file its case dispositive and *Daubert* motions from June 25,

2021 to July 2, 2021 in order to comply with the Court's revised procedures.  A proposed

form of order is attached to this motion for the Court's consideration.

WHEREAS, counsel for Plaintiff and Defendants have met and conferred

pursuant to D. Del. L.R. 7.1, and counsel for Defendants has indicated that Defendants

oppose the requested relief.


Dated: June 25, 2021                                                  BAYARD, P.A.

Of Counsel:                                                            */s/ Ronald P. Golden III*
                                                                              Stephen B. Brauerman (#4952)
Paul J. Skiermont                                               Ronald P. Golden III (#6254)
Sarah E. Spires                                                   600 North King Street, Suite 400
Steven W. Hartsell                                             Wilmington, DE 19801
Alexander E. Gasser                                          (302) 655-5000
Jaime K. Olin                                                      sbrauerman@bayardlaw.com
Sheetal Patel                                                      rgolden@bayardlaw.com
Kevin P. Potere
Tara M. Williams                                              *Attorneys for Plaintiff,*
Skiermont Derby                                               *IPA Technologies Inc.*
1601 Elm Street, Suite 4400
Dallas, TX 75201
(214) 978-6600
IPA_SDTeam@skiermontderby.com

Mieke Malmberg
Skiermont Derby
800 Wilshire Blvd., Suite 1450
Los Angeles, CA 90017
(213) 788-4500
IPA_SDTeam@skiermontderby.com

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1

I hereby certify, pursuant to D. Del. LR 7.1.1, that reasonable efforts have been made to reach agreement with opposing counsel on the matters set forth above and that no agreement could be reached.

Dated: June 22, 2021                    */s/ Ronald P. Golden III*
                                        Ronald P. Golden III (#6254)