# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IPA TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., and AMAZON DIGITAL SERVICES, LLC, <br><br> Defendants. | Civil Action No. 1:16-cv-01266-RGA |

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON MARKING

Dated: July 2, 2021

Of Counsel:

Paul J. Skiermont
Sarah E. Spires
Steven W. Hartsell
Jaime K. Olin
Alexander E. Gasser
Sheetal Patel
Kevin P. Potere
Tara M. Williams
SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400
Dallas, TX 75201
(214) 978-6600
IPA_SDTeam@skiermontderby.com

Mieke K. Malmberg
SKIERMONT DERBY LLP
800 Wilshire Blvd., Suite 1450
Los Angeles, CA 90017
(213) 788-4500
IPA_SDTeam@skiermontderby.com

BAYARD, P.A.

Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
600 North King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Plaintiff,*
*IPA Technologies Inc.*

**TABLE OF CONTENTS**

I.    SUMMARY OF THE ARGUMENT ................................................................................. 1

II.   NATURE AND STAGE OF THE PROCEEDING .............................................................. 1

III.  FACTUAL BACKGROUND.............................................................................................. 1

IV.   AMAZON DEFAULTED ON ITS *ARCTIC CAT* BURDEN OF PRODUCTION ............ 2

      A.   Amazon Did Not Identify Siri As A Specific Tangible Product That
           Amazon Believes And Alleges Should Have Been Marked With The
           Asserted Patents ........................................................................................... 2

      B.   Amazon Did Not Identify Any Other Specific Tangible Product It Believes
           Should Have Been Marked ........................................................................... 7

V.    CONCLUSION ................................................................................................................. 8

# TABLE OF AUTHORITIES

**CASES**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
 No. 06-11109-RWZ, 2008 WL 697703 (D. Mass. Feb. 8, 2008) ................................................4

*Altair Logix LLC v. Asus Computer Int'l*,
 18-CV-04985-HSG, 2019 WL 1117535 (N.D. Cal. Mar. 11, 2019) ...........................................5

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
 6 F.3d 1523 (Fed. Cir. 1993) ......................................................................................................4

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
 876 F.3d 1350 (Fed. Cir. 2017) .......................................................................................... passim

*CXT Systems, Inc. v. Academy LTD*,
 2:18-CV-00171-RWS-RSP, 2020 WL 9936135 (E.D. Tex. Jan. 28, 2020) ................................5

*Lake Cherokee Hard Drive Techs., L.L.C. v. Marvell Semiconductor, Inc.*,
 964 F. Supp. 2d 653 (E.D. Tex. 2013) .......................................................................................8

*Lexos Media IP, LLC v. Jos. A. Bank Clothiers, Inc.*,
 No. CV 17-1317-LPS-CJB, 2018 WL 4629184 (D. Del. Sept. 27, 2018) ..................................7

*Limelight Networks, Inc. v. XO Communications, LLC*,
 241 F. Supp. 3d 599 (E.D. Va. 2017) .........................................................................................4

*Pavo Sols. LLC v. Kingston Tech. Co., Inc*,
 No. 8:14-CV-01352-JLS-KES, 2019 WL 4390573 (C.D. Cal. June 26, 2019) .........................6

*Tex. Digital Sys., Inc. v. Telegenix, Inc.*,
 308 F.3d 1193 (Fed. Cir. 2002) ..................................................................................................3

*Wine Ry. Appliance Co. v. Enter. Ry. Equip. Co.*,
 297 U.S. 387 (1936) ...................................................................................................................3

*Zeiss A.G. v. Nikon Corp.*,
 No. 2:17-CV-07083-RGK-MRW, 2018 WL 5078256 (C.D. Cal. Oct. 4, 2018) ........................4

**RULES**

Fed. R. Civ. P. 37(c)(1) ....................................................................................................................8

## **TABLE OF EXHIBITS**

| | |
|---|---|
| Exhibit A | Amazon's Responses and Objections to IPA Common Interrogatory No. 6 dated October 5, 2020. |
| Exhibit B | Letter from K. Potere dated October 26, 2020. |
| Exhibit C | Letter from J. Ware dated October 28, 2020. |
| Exhibit D | Letter from K. Potere dated November 25, 2020. |
| Exhibit E | Transcript from May 14, 2020 *Markman* Hearing. |
| Exhibit F | Transcript from November 19, 2020 Discovery Conference. |
| Exhibit G | [SEALED] Excerpts of the Reply Expert Report of Katia P. Sycara, Ph.D. dated May 7, 2021. |

## I. SUMMARY OF THE ARGUMENT

IPA moves for summary judgment that Amazon did not satisfy its burden of production by identifying licensed products that were required to have been marked but were not. As a result, IPA may present pre-suit damages at trial pursuant to *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350 (Fed. Cir. 2017).

## II. NATURE AND STAGE OF THE PROCEEDING

IPA filed suit against Amazon on December 19, 2016 and filed an amended complaint adding U.S. Patent Nos. 6,251,115 and 7,069,560 ("Asserted Patents") which the Court allowed on April 12, 2018. (D.I. 28; D.I. 33.) Fact discovery closed on December 4, 2020 and expert discovery on May 28, 2021. Trial is set for November 15, 2021. (D.I. 262.)

## III. FACTUAL BACKGROUND

During discovery, IPA sought Amazon's *Arctic Cat* contentions directed to any alleged failure to mark that would bar past damages. (*See* Ex. A, No. 6 at p. 8.) Amazon responded:

> In this case, IPA does not assert only method claims. Thus, to be entitled to pre-suit damages, **IPA must show that it has complied with the requirements of 35 U.S.C. § 287**. . . . IPA did not provide any pre-suit notice of the asserted patents to Amazon, and thus must provide evidence of marking to recover pre-suit damages. **IPA has identified Siri as an allegedly practicing product** . . . .

(Ex. A at 8-10.) After receiving Amazon's response, IPA sent Amazon a letter stating:

> In response to Common Interrogatory No. 6, which asked whether **Amazon** "contend[s] that any product(s) practice one or more claims of the Asserted Patents," Amazon stated that "IPA has identified Siri as an allegedly practicing product." This is non-responsive. **The interrogatory asks about what "you" (i.e., Amazon) contend is a practicing product**. **IPA is entitled to know whether Amazon contends Siri is a practicing product or not so that it can evaluate how to respond**. Therefore, Amazon's response is deficient.

(Ex. B.) Amazon responded but refused to disclose whether Amazon believes, alleges, or contends that Siri is an unmarked patented article subject to § 287(a):

> **Amazon stands by its Response to Common Interrogatory No. 6**. The interrogatory

1

> asks for marking contentions. Plaintiff identified Siri as a practicing product. **Amazon has no information in its possession, custody or control relating to that Plaintiff's contention**. Indeed, **it does not appear that Plaintiff has any of the required information either**, as it issued a subpoena to Apple. In any event, **because Plaintiff did not provide pre-suit notice of the asserted patents to Amazon, it bears the burden to show that Apple complied** with the marking requirements of 35 U.S.C. § 287(a) based on Plaintiff's contention that Siri practices the asserted patents.

(Ex. C at 1-2.) IPA then told Amazon it would move to preclude Amazon's marking theory attempting to limit pre-suit damages based on its refusal to answer whether Amazon contends Siri triggered any marking requirement:

> [W]e wrote to you on October 26, 2020, pointing out that Amazon's response is deficient because it **failed to respond with Amazon's contention on whether any product(s) practice one or more of the asserted claims**, which is expressly the information requested by the Interrogatory. In Mr. Ware's letter dated October 28, **Amazon refused to supplement its response**, despite admitting that the Interrogatory seeks "contentions."

(Ex. D.) Amazon never supplemented its response to IPA's Common Interrogatory No. 6.

## IV.   AMAZON DEFAULTED ON ITS *ARCTIC CAT* BURDEN OF PRODUCTION

The Federal Circuit held in *Arctic Cat* that "an alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products **it believes** are unmarked '**patented articles' subject to [§ 287(a)**]." *Arctic Cat*, 876 F.3d at 1368; *see also id*. (accused infringer must first identify "**specific unmarked products** which the alleged **infringer believes practice the patent**"); *id*. at 1369 (accused infringer has the "burden of production to identify unmarked products **that it alleges** should have been marked").

### A. Amazon Did Not Identify Siri As A Specific Tangible Product That Amazon Believes And Alleges Should Have Been Marked With The Asserted Patents

Amazon defaulted on its *Arctic Cat* initial burden of production when it did not identify any specific product capable of being marked that Amazon believes or alleges should have been marked but was not. (*Id.* at 9.)

As an initial matter, Amazon's initial interrogatory response is legally wrong when it

2

suggests that because IPA asserts both method and software product claims and did not provide actual notice to Amazon that, "to be entitled to pre-suit damages, IPA must show it has complied with the requirements of § 287(a)." To the contrary, Section 287 of the Patent Act:

> [D]oes not specify when or under what circumstances damages may be recovered. Rather, it describes circumstances that effect a forfeiture of damages . . . [it] [1] "penalizes the use of unauthorized marks upon manufactured articles" and [2] limits the extent to which damages may be recovered **where products covered by a U.S. patent are sold without the notice defined in the statute**. **The recovery of damages is not limited where there is no failure to mark, i.e., . . . where there are no products to mark**.

*Tex. Digital Sys., Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1219–20 (Fed. Cir. 2002) (quoting *Wine Ry. Appliance Co. v. Enter. Ry. Equip. Co.*, 297 U.S. 387, 393 (1936) ("*Wine Railway*").

The Supreme Court explained, "Two kinds of notice are specified—one to the public by a visible mark, another by actual [notice] to the infringer. The second becomes necessary only when the first has not been given; **and the first can only be given in connection with some fabricated article**. Penalty for failure implies opportunity to perform." *Wine Railway*, 297 U.S. at 395.[1] Thus, notice to Amazon was only required for pre-suit damages if IPA or its licensee produced some "fabricated article" covered by the Asserted Patents that was not marked.

For several reasons, Amazon's interrogatory response does not satisfy its initial burden of production because it failed to disclose any product or device **"it believes** are unmarked '**patented articles' subject to [the marking requirement]**." *Arctic Cat*, 876 F.3d at 1368.

*First*, Amazon's interrogatory response does not identify any specific product that should have been marked. Instead, Amazon asserts that IPA identified "Siri"—which is not a product or device—it is Apple's trademarked name for a cloud-based service run from servers that are not

---

[1] "Although *Wine Railway* interpreted a predecessor to the current patent marking statute, we have applied *Wine Railway* to the modern statutory counterpart, 35 U.S.C. § 287." *Tex. Digital Sys.,* 308 F.3d at 1219 (collecting Federal Circuit cases citing *Wine Railway*).

sold or publicly available—thus "Siri" is not subject to § 287(a)'s marking requirement as Amazon asserts. Because Siri is not a fabricated article capable of being marked, it cannot be a "patented **article**" for purposes of § 287(a). *See, e.g.*, *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1539 (Fed. Cir. 1993) ("*AMS*") (explaining the reason marking does not apply where only method claims are asserted is usually "**there is nothing to mark**," but where both apparatus and methods claims are asserted marking is required only "**to the extent there is a tangible item to mark**"; holding marking was required based on the facts at issue because "**there was a physical device produced by the claimed method that was capable of being marked**"); *Akamai Techs., Inc. v. Limelight Networks, Inc.*, No. 06-11109-RWZ, 2008 WL 697703, at *1 (D. Mass. Feb. 8, 2008) (finding no limitation on past damages for failure to mark if there is no tangible article covered by the patent capable of being marked, such as a system **consisting of software and internal computers not accessible to customers or potential infringers**) (citing *AMS*, 6 F.3d at 1539); *Limelight Networks, Inc. v. XO Communications, LLC*, 241 F. Supp. 3d 599, 608 (E.D. Va. 2017) (Content Delivery Network **servers** did not contain a tangible item that could be marked and thus was "not a 'patented article' as contemplated by 35 U.S.C. § 287").

Moreover, even if Siri were somehow found to exist in some public device that could be marked—Amazon never identified **any specific Siri device** that should be marked with the Asserted Patent numbers. Amazon was required to identify a specific product or device, i.e., a tangible article, that should have been marked with patent numbers to satisfy *Arctic Cat's* initial burden of production. It did not do so. That failure alone forecloses Amazon's attempt to limit pre-suit damages as a matter of law. *See, e.g.*, *Zeiss A.G. v. Nikon Corp.*, No. 2:17-CV-07083, 2018 WL 5078256, at *3 (C.D. Cal. Oct. 4, 2018) (applying *Arctic Cat* and granting a one-paragraph summary judgment motion for patent owner because during discovery the accused

4

infringer failed to meet its burden of production by not identifying unmarked patented **articles** it believes practice the invention).

**Second**, Amazon's interrogatory response does not identify any product whatsoever that Amazon **believes or alleges** are unmarked 'patented articles' required to be marked under § 287(a). *Arctic Cat*, 876 F.3d at 1368 ("believes") and 1369 ("alleges"). To the contrary, Amazon points only to IPA's contentions directed to secondary consideration of non-obviousness—but that does not satisfy Amazon's burden of production to identify specific unmarked products that *Amazon believes* and alleges are covered by the Asserted Patents. *Id*. "Federal Circuit precedent is clear that it is [the accused infringer] that bears the initial burden of producing answers to these questions." *Altair Logix LLC v. Asus Computer Int'l*, 18-CV-04985-HSG, 2019 WL 1117535, at *3 (N.D. Cal. Mar. 11, 2019).

Contrary to Amazon's insinuation, IPA's non-obviousness contentions do not concede or admit that "Siri" should have been marked—because "Siri" is not a tangible product capable of being marked. And IPA's contention plainly cannot satisfy Amazon's *Arctic Cat* initial burden of production to identify unmarked products that **Amazon** believes or alleges the patents cover. *See, e.g.*, *CXT Systems, Inc. v. Academy LTD,* 2:18-CV-00171-RWS-RSP, 2020 WL 9936135, at *2-4 (E.D. Tex. Jan. 28, 2020) ("CXT counters that JCP, as the alleged infringer, failed to meet its initial burden to 'put CXT on notice that CXT or its authorized licensees sold specific, unmarked products **which JCP believes practice the Asserted Patents**.' The Court agrees with CXT and finds that JCP failed to meet its initial burden regarding marking."); *see also id*. at 4.

Amazon's interrogatory response not only admits it has no basis to allege or contend that Siri is an unmarked patented article subject to marking—it also purports to shift the initial burden of production to identify unmarked patented articles to IPA, which *Arctic Cat* expressly forbids.

In fact, Amazon's response **admits** that neither Amazon—nor IPA—had any basis to believe or allege that Siri is an unmarked patented article subject to any marking requirement:

Amazon refused to do what the law requires. *See Pavo Sols. LLC v. Kingston Tech. Co., Inc*, No. 14-CV-01352, 2019 WL 4390573, at *2 (C.D. Cal. June 26, 2019) ("While [the accused infringer's] burden is low,…it must at least put [the patent owner] "on notice that he or his authorized licensees sold **specific unmarked products** which the **alleged infringer believes practice the patent**.") (quoting *Arctic Cat*, 876 F.3d at 1368 (emphasis added)).

Further, beyond failing to answer IPA's interrogatory—Amazon has affirmatively argued and represented to the Court on numerous occasions that Siri is not subject to any marking requirement. For example, during the claim construction hearing, Amazon's counsel stated:

> MR. HADDEN:… I will jump in on the history just briefly. Some of the developers of these patents also worked on Siri. **These patents do not relate to Siri….**

(Ex. E at 43:3-11 (emphasis added).) Likewise, during the November 19, 2020, discovery conference, Amazon again represented to the Court that Siri is not subject to any marking requirement because it has no relevance to this case:

> MR. RANGANATH:…**But I want to start out with something even more fundamental which is the idea that somehow Apple and SIRI are relevant to this case…. But this idea that these patents enable SIRI is a hotly disputed issue in this case**. IPA certainly claims that. One of the patent inventors recently testified that SIRI was the "anti-OAA," referring to open agent architecture. **In other words, nothing to do with these patents. So, we certainly anticipate if this case went to trial, we will establish that.**

(Ex. F at 33:7-23 (emphasis added).)

*Finally*, Amazon objected to IPA's interrogatory as prematurely seeking expert testimony and stated that it would provide its expert reports in accordance with the Court's schedule. (Ex. A, 9.) Amazon then served expert reports that express Amazon's belief, allegation, and contention that Siri **does not** practice any claim of the Asserted Patents. (*See* Ex. G ¶¶ 656-673,

6

Ex. C (attached to Exhibit G).)

Given Amazon's repeated representations to the Court that Siri does not practice the Asserted Patents—and its expert report arguing Siri does not practice the Asserted Patents—it is clear that Amazon refused to supplement its interrogatory response to state its actual and repeatedly expressed belief that Siri is **not** subject to any marking requirement based on the very sort of litigation gamesmanship that *Arctic Cat's* framework sought to prevent: Amazon wanted to attempt to keep a potential limitation on past damages alive—but it did not want to make an admission that Siri practices any claim of the Asserted Patents. This gamesmanship resulted in Amazon defaulting on its *Arctic Cat* initial burden of production that requires Amazon to identify a specific tangible product that it believes and contends should have been marked.

### B. Amazon Did Not Identify Any Other Specific Tangible Product It Believes Should Have Been Marked

Beyond Amazon's refusal to identify Siri as a tangible product that it believes should have been marked—Amazon did not identify any other specific tangible product it contends should have been marked. Instead, Amazon's interrogatory response states (Ex. A at 9):

> Nor is there any evidence that: IPA or its predecessors have required their licensees to mark practicing products; IPA has policed any purported marking requirements; or that any other licensee of the asserted patents has marked its allegedly practicing products.

Once again, Amazon failed to identify any specific product it contends should have been marked, thus defaulting on its *Arctic Cat* burden of production. Amazon's mere identification of license agreements does not satisfy Amazon's initial burden of production as a matter of law. *See, e.g.*, *Lexos Media IP, LLC v. Jos. A. Bank Clothiers, Inc.*, No. CV 17-1317-LPS-CJB, 2018 WL 4629184, at *1 (D. Del. Sept. 27, 2018) ("noting that [patent owner] had 'numerous' licensees" does not satisfy the *Arctic Cat* burden of production); *CTX Systems*, 2002 WL 9936135 at *3 ("JCP's reference to the PayPal agreement [is not] enough to put CXT on notice of **specific**

7

**products that JCP believed** the agreement allowed PayPal, as licensee, to sell **that practiced the Asserted Patents** as required under *Arctic Cat*.").

Amazon should not be permitted to have it both ways—particularly given *Artic Cat's* express holding putting the initial burden of production on the accused infringer is based in part on the desire to avoid litigation gamesmanship. If Amazon believes IPA was required to mark any specific products, including Siri, it should have disclosed this theory and the specific devices it contends should have been marked to IPA during discovery. It did not. If, on the other hand, Amazon maintains its representations to the Court that Siri is irrelevant, it follows that Amazon does not believe or allege that Siri needed to be marked. Amazon never disclosed either theory to IPA in response to IPA's specific interrogatory and follow-up correspondence.

In light of Amazon's failure to disclose whether Amazon contends any specific product required marking, the Court should foreclose Amazon from arguing any failure to mark at trial—whether based on Siri or any other product. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *see also Lake Cherokee Hard Drive Techs., L.L.C. v. Marvell Semiconductor, Inc.*, 964 F. Supp. 2d 653, 659 (E.D. Tex. 2013) (granting plaintiff's summary judgment motion on marking under Rule 37 where defendant failed to disclose its marking theories despite the fact that plaintiff "propounded an interrogatory expressly on marking.").

## V.    CONCLUSION

IPA respectfully requests that the Court grant summary judgment that Amazon did not satisfy its *Arctic Cat* initial burden of production and thus there are no marking issues for trial.

8

Dated: July 2, 2021

Of Counsel:

Paul J. Skiermont
Sarah E. Spires
Steven W. Hartsell
Jaime K. Olin
Alexander E. Gasser
Sheetal Patel
Kevin P. Potere
Tara M. Williams
SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400
Dallas, TX 75201
(214) 978-6600
IPA_SDTeam@skiermontderby.com

Mieke K. Malmberg
SKIERMONT DERBY LLP
800 Wilshire Blvd., Suite 1450
Los Angeles, CA 90017
(213) 788-4500
IPA_SDTeam@skiermontderby.com

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
600 North King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Plaintiff,
IPA Technologies Inc.*

9