# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IPA TECHNOLOGIES, INC., | ) | **REDACTED PUBLIC VERSION** |
|  | ) |  |
| Plaintiff, | ) | The Honorable |
|  | ) | Richard G. Andrews |
| v. | ) |  |
|  | ) |  |
| AMAZON.COM, INC., and AMAZON DIGITAL | ) |  |
| SERVICES, LLC, | ) | Civil Action 1:16-CV-01266-RGA |
|  | ) |  |
| Defendants. | ) | **JURY TRIAL DEMANDED** |
|  | ) |  |

## DECLARATION OF RAVI R. RANGANATH IN SUPPORT OF
## ANSWERING BRIEF OF AMAZON IN OPPOSITION TO
## IPA TECHNOLOGIES, INC.'S DAUBERT MOTION AND MOTION TO EXCLUDE
## CERTAIN TESTIMONY OF DR. KATIA P. SYCARA

Dated: July 30, 2021

*Of Counsel:*

J. David Hadden
Saina S. Shamilov
Ravi Ranganath
Vigen Salmastlian
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
(650) 988-8500

Todd R. Gregorian
Sapna S. Mehta
Eric B. Young
Min Wu
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
(415) 875-2300

ASHBY & GEDDES

Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendants Amazon.com, Inc.*
*and Amazon Digital Services, LLC*

I, Ravi R. Ranganath, declare as follows:

1. I am a licensed attorney admitted in the State of California and admitted *pro hac vice* to this Court. I am a partner with the law firm of Fenwick & West LLP, counsel of record for defendants Amazon.com, Inc. and Amazon Digital Services LLC (collectively, "Amazon"). I have personal knowledge of the facts in this declaration and, if called upon to do so, could and would testify competently as to the matters set forth herein.

2. Attached hereto as **Exhibit 1** are true and correct excerpts from the May 26 and 27, 2021 deposition of Dr. Katia Sycara in this case.

3. Attached hereto as **Exhibit 2** is a true and correct copy of the Declaration of Katia Sycara, signed July 15, 2021.

4. Attached hereto as **Exhibit 3** is a true and correct copy of the Reply Expert Report of Katia Sycara, serve May 7, 2021.

5. Attached hereto as **Exhibit 4** is a true and correct copy of a November 30, 2020 email from Vigen Salmastlian, counsel for Amazon, to IPA's counsel at Skiermont Derby LLP.

6. Attached hereto as **Exhibit 5** is a true and correct copy of a May 3, 2021 email Mr. Salmastlian sent to Jamie Olin, counsel for IPA.

7. Attached hereto as **Exhibit 6** is a true and correct copy of a November 6, 2020 email I received from Jaime Olin narrowing the scope of IPA's Interrogatory No. 6 to just the source code files IPA asked to print.

8. Attached hereto as **Exhibit 7** is a true and correct copy of a November 18, 2020 email I received from Ms. Olin asking to print source code.

9. Attached hereto as **Exhibit 8** is a true and correct copy of a November 25, 2020 email I received from Ms. Olin regarding IPA's November 24, 2020 request to print source code.

10.     Attached hereto as **Exhibit 9** is a true and correct copy of a December 7, 2020 email I received from Ms. Olin regarding IPA's December 4, 2020 request to print source code.

11.     Attached hereto as **Exhibit 10** is a true and correct copy of email correspondence between Saina Shamilov, counsel for Amazon, and Ms. Olin between December 28 and 30, 2020 regarding source code printing.

12.     Attached hereto as **Exhibit 11** is a true and correct copy of email correspondence between Mr. Salmastlian and Ms. Olin between January 5 and 7, 2021 regarding Amazon's supplemental responses to IPA's Individual Interrogatory No. 6.

13.     Attached hereto as **Exhibit 12** are true and correct excerpts from the May 18, 2021 deposition of Dr. Nenad Medvidovic in this case.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed in San Carlos, California on July 30, 2021.

*/s/ Ravi R. Ranganath*
Ravi R. Ranganath

# Exhibit 1

# SEALED

# REDACTED IN ITS ENTIRETY

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IPA TECHNOLOGIES, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC., and<br>AMAZON DIGITAL SERVICES LLC,<br><br>  Defendants. | The Honorable Richard G. Andrews<br><br>Civil Action No. 1:16-CV-01266-RGA |

## DECLARATION OF KATIA SYCARA

I, Katia Sycara, hereby declare as follows:

1.      I have personal knowledge of the facts in this declaration.

2.      I am the Edward Fredkin Research Professor in the School of Computer Science at Carnegie Mellon University, in Pittsburgh, Pennsylvania. I have been retained as an independent technical expert by Amazon.com, Inc. and Amazon Digital Services, LLC (collectively, "Amazon") in connection with the above-captioned litigation concerning U.S. Patent Nos. 6,851,115 (the "'115 patent"), 7,069,560 (the "'560 patent"), and 7,036,128 (the "'128 patent") (the "asserted patents"). I understand the '128 patent is no longer asserted in this case.

3.      I was deposed in the above captioned case on May 26, 2021 and May 27, 2021 on my expert opinions related to invalidity and non-infringement of the asserted patents. During my deposition on May 26, 2021, I testified that I could not recall exactly how many hours I spent drafting my opening invalidity report, but that it was 50 hours or more. Sycara Dep., 64:18-65:8

(May 26, 2021).  I also testified that I possibly spent another 50-80 hours reviewing prior art references for my invalidity report. *Id.* at 70:1-16.  After my deposition I reviewed my bills for this case.  I spent over 400 hours analyzing prior art and drafting and editing my opening report on invalidity.  My bills in this case are attached as Exhibits A through I.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this _15_ day of July 2021 in _Pittsburgh_, Pennsylvania

_____
Katia Sycara

# Exhibit A



# INVOICE

October 8, 2019

**Sycara & Lewis**
**300 S. Dallas Ave.**
**Pittsburgh, PA 15208**

**EIN: 25-1778913**

Fenwick & West, LLP
801 California Street
Mountain View, CA 94041

**Description:**

Review of patents and background materials, conference call, and locate and retrieve archival records and files involving the Retsina system.

9/02/2019-10/03/2019                    15 hours

15 hours @ $650/hr

**Amount:**

$9,750.00

K Sycara    10/8/2019

Katia Sycara, General Partner

Katia Sycara consulting hours involving IPA Technologies Inc. v. Amazon.com, Inc. and Amazon Digital Services, LLC

| Date | Time | Description |
|---|---|---|
| 9/02 | 1 hr | reading the patents and background materials |
| 9/04 | 1 hr | call initial discussion of prior art |
| Week of 9/09 | 5 hrs | looking for old files of retsina code, tapes and demos |
| Week of 9/16 | 6 hrs | looking for old files of retsina code, tapes and demos |
| 9/26 | 30 mins | reading background materials for Freshub vs Amazon |
| 9/27 | 30 mins | –discussion of Freshub vs Amazon |
| 10/3 | 1 hr | seeking to discover older retsina files |
| Total | 15 hr | |

# Exhibit B



# INVOICE

December 8, 2019

**Sycara & Lewis**
**300 S. Dallas Ave.**
**Pittsburgh, PA 15208**

**EIN: 25-1778913**

Fenwick & West, LLP
801 California Street
Mountain View, CA 94041

**Description:**

Review of patents and background materials, conference call, and locate and retrieve archival records and files involving the Retsina system.

10/04/2019-12/08/2019                    28.55 hours

28.55 hours @ $650/hr

**Amount:**

$18,557.50

_____
Katia Sycara, General Partner

Katia Sycara consulting hours involving IPA Technologies Inc. v. Amazon.com, Inc. and Amazon Digital Services, LLC

10/4  Accessing and inspecting old Retina files  for code and timestamps   5.5 hours

10/7/  discovered  and inspected  1996 KQML message files  and first version of Interoperator   3.15

10/7 discovered and inspected file of the Warren demo   4.5 hours

10/9   feasibility of resurrecting Warren demo  2.0

10/10 continued investigation of differences in broker and matchmaker agent codes 1.5

10/21 telephne conversation with Allen Wang 1 hour

10/23 discussion with Allen Wang: 0.25

10/23 reading of the protective order and preparation of consulting  engagements  0.50 hrs

11/15 attempts to install Perl and get it working on current hardware  2.15 hrs

11/18  trying different strategies to combat code incompatibilities   4.5 hrs

11/30 continue looking for alternatives   3.5 hrs

Total       28.55 hr

# Exhibit C



# INVOICE

May 3, 2020

**Sycara & Lewis**
**300 S. Dallas Ave.**
**Pittsburgh, PA 15208**

**EIN: 25-1778913**

Fenwick & West, LLP
801 California Street
Mountain View, CA 94041

**Description:**

Mapping Warren architecture, review of infringement contentions and invalidity charts,
review of Alexa documentation and Warren code review.

12/9/2019-4/29/2020                     80.25 hours

80.25 hours @ $650/hr

**Amount:**

$52,162.5

_____
Katia Sycara, General Partner

3rd Invoice: Hours from Jan Feb March April

**December**

| 12/9/2019 | 2 hrs | Review of conversational  layer  protocols |
| 12/12/2019 | .5 hr | trying to find places that read VHS tapes |
| 12/23/2019 | .5 hr | discussion with Allen Wang: on feasibility of (a) running Warren demo, (b) reimplementation of perl code, (c) Warren architectural diagram |
| 12/27/2019 | 4 hrs | Mapping of Warren architecture (Warren.pptx) Mapping of Warren architecture (Warren.pptx) |

**Total**      **7 hrs**

**January**

| 1/02/2020 | 4 hrs | Mapping of Warren architecture (Warren.pptx) Mapping of Warren architecture (Warren.pptx) (cont.) |
| 1/03/20203 | 3 hrs | Mapping of Warren architecture (Warren.pptx) Mapping of Warren architecture (Warren.pptx) (cont.) |
| 1/13/2020 | 2 hrs Review of Prolog |
| 1/16/2020 | 2.5 hrs review of patents |

**Total**      **11.5 hrs**

**March**

| 3/6/2020 | 4 hrs | review of claim construction documents |
| 3/7/2020 | 3 hrs | review of claim construction documents |
| 3/8/2020 | 4.5 | hrs review of OAA source code |
| 3/10/2020 | 2.5 hrs review of OAA source code |
| 3/12/2020 | 1.5 hr  telecon with Vigen |
| 3/14/2020 | 2.5 hrs review of infringement contentions |
| 3/15/2020 | 3.5 hrs review of infringement contentions |
| 3/17/2020 | 3.5 hrs reviewing invalidity charts |

| | | |
|---|---|---|
| 3/18/2020 | 1.5 hrs telecon with Vigen | |
| 3/19/2020 | 3.5 hrs review of prosecution history | |
| 3/20/2020 | 2.5 hrs review of invalidity charts | |
| 3/21/2020 | 2.0 hrs review of invalidity charts | |
| 3/25/2020 | 1.5 hrs telecon with Vigen | |
| 3/27/2020 | 3.5 hrs review of Case Summary | |
| **Total** | **39.5 hrs** | |

**April**

| | |
|---|---|
| 4/1/2020 | 1.0 hrs telecom with Vigen |
| 4/7/2020 | 3.25 hrs review of claim construction documents |
| 4/8/2020 | 1.25 hrs telecon with Vigen |
| 4/10/2020 | 3.5 hrs reviewing Alexa documents |
| 4/12/2020 | 1.5 hrs reviewing Alexa documents |
| 4/14/2020 | 1.0 hrs reviewing Alexa documents |
| 4/15/2020 | 1.0 hr  telecon with Vigen |
| 4/21/2020 | 2.5 hrs reviewing RETSINA, Warren, visitor Hoster demo tapes |
| 4/22/2020 | 1.0 hr  telecon with Vigen |
| 4/26/2020 | 3.5 hrs reviewing Warren code |
| 4/27/2020 | 1.5 hrs reviewing relevant  literature on communication specs |
| 4/29/2020 | 1.25 hrs telecom with Vigen |
| **Total** | **22.25 hrs** |

# Exhibit D



# INVOICE

June 28, 2020

**Sycara & Lewis**
**300 S. Dallas Ave.**
**Pittsburgh, PA 15208**

**EIN: 25-1778913**

Fenwick & West, LLP
801 California Street
Mountain View, CA 94041

**Description:**

Warren code review and search

5/1/2020-5/31/2020                                 36.75 hours

36.75 hours @ $650/hr

**Amount:**

$23,887.50

_____
Katia Sycara, General Partner

**Invoice: Hours from May 2020**

| | | |
|---|---|---|
| 5/2/2020 | 2 hrs | Review of communication protocols |
| 5/4/2020 | 6 hrs. | Finding Warren Demo code fragments for communication protocol and making ready for the walk through |
| 5/7/2020 | 6 hrs | Preparation of Analysis/refutation of Claim 1 of patent 115 (sent the Claim 1 refutation on May 13) |
| 5/14/2020 | 4 hrs | Refutation of claims 2-7 |
| 5/17/2020 | 2.5 hrs | Further development of refutation of claims |
| 5/20/2020 | 1.75 hrs | Call with Vigen |
| 5/21/2020 | 1.5 hrs | Checking completeness of Warren code and earliest commit date |
| 5/22/2020 | 2.5 hrs | Worked on finding and tracing ANS functionality |
| 5/26/2020 | 3.5 hrs | Finding and tracing use of monitor query, query parameters and query decomposition |
| 5/27/2020 | 4.25 hrs | Tracing code for matchmaker to identify multiple agents to execute requests |
| 5/30/2020 | 2.75 hrs | Tracing code for goal decomposition |

36.75 hrs

# Exhibit E



# INVOICE

July 14, 2020

**Sycara & Lewis**
**300 S. Dallas Ave.**
**Pittsburgh, PA 15208**

**EIN: 25-1778913**

Fenwick & West, LLP
801 California Street
Mountain View, CA 94041

**Description:**

Warren code and message review and search

6/1/2020-6/30/2020                    39.75 hours

39.75 hours @ $650/hr

**Amount:**

$25,837.50

_____

Katia Sycara, General Partner

**Invoice: Hours from June 2020**

6/2/2020 --- 3.5 hours finding and tracing ANS registration and relevant KQML messages in Warren

6/3/2020 ----1 hr Telecon with Vigen

6/7/2020 2 hrs searching Warren code for additional libraries that Warren agents use

6/9/2020 -- 3 hrs and 30 minutes searching for Visitor Hoster code in Pleiades

6/13/2020 – 2hrs and 30 mins searching for additional relevant code in Warren

6/14/2020 -- 3 hrs and 30 mins trying to compile Warren code

6/19/2020 -- 4 hrs trying to compile Warren code

6/20/2020 1 hr and 45 mins – error libraries for KQML messages

6/21/2020 – 3 hrs and 30 minutes tracing code for query decomposition and merging

6/27/2020 --2 hrs and 30 minutes checking 115 invalidity charts

6/28/2020 --6 hrs and 30 minutes checking the 115 invalidity charts

6/30/2020 -- 5 hrs and 30 minutes working on the 115 invalidity charts

_____

39.75 hours

# Exhibit F



# INVOICE

October 17, 2020

**Sycara & Lewis**
**300 S. Dallas Ave.**
**Pittsburgh, PA 15208**

**EIN: 25-1778913**

Fenwick & West, LLP
801 California Street
Mountain View, CA 94041

**Description:**

Warren code and message review and search

| | |
|---|---|
| 7/1/2020-7/31/2020 | 41.0 hours |
| 8/1/2020-8/31/2020 | 51.5 hours |

92.5 hours @ $650/hr

**Amount:**

**$60,125.00**

_____
Katia Sycara, General Partner

**Hours for July 2020**

7/1:   8:30 hours    Planner_Trace.txt; response to Vigen's questions

**7**/1   1 hour teleconference with Vigen

7/2:   3 hours    worked on invalidity claims questions

7/3:   6:45 hours    tracing Warren planning code

7/8:   6:45 hours    reviewing and commenting addressing updated invalidity claims

7/8   1:15 hour teleconference with Vigen

7/11:   3:45 hours    reviewing and addressing additional comments in revised
invalidity claims

7/13   4:00 hours    additional review of remaining questions about invalidity claims.

7/28   3:45 hours    locate and review cvs log for visitor-Hoster; review of later version
of demo

7/28   2:15 hours    Continued review

**41.00  hours**

**Hours for August 2020**

8/4:  4 hours     Checked-out Warren as of 1997-12-12; Read through broker code; found evidence of agent being found via MM advertisement lookup; question of parallelism

8/5:  3 hours     Checked-out Warren as of 1997-12-12; Read through broker code; found evidence of agent being found via MM advertisement lookup; question of parallelism

8/6:  2 hours     looking for later warren code and Broker agent

8/8:  3 hours     looking for later warren code and Broker agent

8/9:  3 hours     Read reduction of claims; tested permissions in Hoster subdirectories; read relevant Sycara paper

8/10:  4 hours     found papers on planner, reviewed outstanding claims questions, responded to other claims questions

8/11:  3 hours     looking at invalidity chart with reduced claims for consistence of claims

8/12:  1 hour     telecon with Vigen

8/16:  3 hours     looking at Visitor Hoster for KQML message structure and Broker structure

8/17:  6 hours     detailed Broker code tracing in Warren and written document

8/18  5 hours      Follow-up; review of claims; walk through code

8/19  6 hours      Follow-up; review of claims; walk through code

8/19:  0:30 hours   telcon with Vigen

8/26:  3:30 hours   Search for ask/tell code snippets

8/27:  4:30 hours reviewed the invalidity charts by the retsina system

**51.5 hours**

# Exhibit G



February 28, 2021

# INVOICE

**Sycara & Lewis
300 S. Dallas Ave.
Pittsburgh, PA 15208**

**EIN: 25-1778913**

Fenwick & West, LLP
801 California Street
Mountain View, CA 94041

**Description:**

**December:** Reviewing declaration, Microsoft IPR, and depositions

29.5 hours @ $650/hr

**January:** Reviewing FIPA, patent, depositions, expert report draft, and invalidity claims

60.75 hours @ $650/hr

**February:** Tracing Retsina code, reviewing background material and current draft report

61.75 hours @ $650/hr

**Total** December 1, 2020 to February 28, 2021 : 152 hours @ $650/hr

**Amount:**

**$98,800.00**

_____
Katia Sycara, General Partner

**Dec 1, 2020**

**30 mins**  ( 9:00pm-9:30pm)   reading table for current limitations and skimming Vigen's declaration

**Dec 20, 2020**

**2 hrs**  (11:30-1:30am)  reading Vigen's declaration and cross referencing w/ exhibits and patents

**2 hrs**  (2:30-4:30pm)  Vigen's declaration and cross referencing w exhibits and patents

**Dec 23, 2020**

**1hr and 15 mins**  ( 3:30pm-4:45pm ) reading Microsoft IPR

**2 hrs**  (5:00pm-7:00pm ) telecon with Vigen

**Dec 26, 2020**

**1hr and 45 min**  (4:45pm-6:30pm) reading Microsoft IPR

**1 hr**   (7:15-8:15pm ) reading Microsoft case

**Dec 27, 2020**

**1 hr and 45 min**  (1:45-3:30) Microsoft case

**2 hrs**  (5:00-7:00)  Microsoft case

**Dec 28, 2020**

**2 hrs and 15 min**  (10-12:15)  Reading Cheyer Deposition

**1 hr and 30 min**   (1:30-3:00) Reading Cheyer deposition

**2 hrs**  (6:00-8:00) Cheryer Deposition

**Dec 29, 2020**

**1 hr 15 min**  (3:00-4:15) Cheyer deposition

**Dec 30, 2020**

**1 hr**  (10:30-11:30) Martin deposition

**4 hrs and 15 min**    (11:45-15:30) Martin deposition

**1 hr and 30 min**  (5:00-6:30) Julia deposition

**30 min**  (7:00-7:30) Julia deposition

**Dec 31, 2020**

**1 hr** (4:45-5:45) Julia deposition

**December hours:    29.5**

**Jan 2, 2021**

**1hr and 45 min**   (2:00-3:45) Read FIPA part 1

**2 hrs and 45 min**  (5:45-8:00pm) search for docs FIPA, Julia

**Jan 3, 2021**

**2 hrs** (11:00-13:00) Reading Moran deposition

**1 hr and 45 min**        (3:45-5:30) Read Martin Paam98 and check with oaa code

**2 hrs**  (6:00-8:00) Read Martin-turorial and Cohen

**January 4, 2021**

**1 hr and 30 min**  (1:15-2:45) reviewing patents and background material

**2 hrs** (6:30-8:30) reviewing patents including Tamai

**January 5, 2021**

**1 hr and 30 min**  (7:00-8:30) reviewing  patents including Trovato

**Jan 6, 2021**

**1hr and 15 min** (5:30-6:45)   Call with Vigen

**Jan 9, 2021**

**1 h**r   (2:45-3:45 )   Review of  claim construction and Finin declaration

**2 hrs**  (6:00-8:00) Finin deposition

**Jan 10, 2021**

**1 hr** (11:30-12:30)  Finin deposition

**Jan 11, 2021**

**1 hr and 30 min** (12:30- 2:00) review of  FIPA part 2.

**2 hr**  (6:15-8:15)  review of FIPA part 2

**Jan 20, 2021**

**15 min**  (3:00-3:15) telecon with Vigen

**Jan 23, 2021**

**4 hr**  (3:30-7:30) Organizing and reviewing my expert report draft and cross checking refs

**Jan 24, 2021**

**1 hr 15 min** (12:30- 1:45)  Organizing and reviewing my expert report draft and cross checking refs

**4 hr 45 min** (3:00 – 7:45) Organizing and reviewing my expert report draft and cross checking refs

**Jan 25, 2021**

**30 min** (10:00-10:30) pm annotating parts of the report for sending to Vigen

**Jan 26, 2021**

**1 hr 45 min** (7:00-8:45) reviewing my expert report draft and cross checking refs

**Jan 27, 2021**

**1 hr 15 min** (11:00- 12:15) reviewing my expert report draft and cross checking refs

**2 hr** (1:00pm – 3:00)  reviewing my expert report draft and cross checking refs

**3 hr 30 min** (6:30 pm -10:00 pm)  reviewing my expert report draft and cross checking refs

**Jan 28, 2021**

**1 hr 30 min** (10:00-11:30)  comments on current draft of  my expert report draft and email to Vigen

**1 hr** (2:00-3:00) call with Vigen

**Jan 30, 2021**

**5 hr 15 min** (12:00- 5:15) reviewing  FIPA and Kiss based invalidity claims on revised expert report for 115 and 560 and cross checking

**2 hr 45 min** (6:15- 9:00) reviewing FIPA and Kiss based invalidity claims  on revised expert report for 115 and 560 and cross checking

**January 31**, **2021**

**5 hr** (11:00 am -4:00pm) reviewing FIPA and Steiner based invalidity claims on revised expert report for 128  and cross checking

**2 hr** (4:00-6:00) telecon with Vigen

**January hours: 60.75**

**February 4, 2021**

**6 hr** (11:00-15:00) tracing Retsina code

**1.5 hr** (16:00-17:30) tracing retsina code

**1.5 hr** (17:30-19:00) telecon with Vigen

**Feb 9**

**1 hr** (6:00-7:00) tracking down dates of appearance on my web site of my pubs that amazon uses

**Feb 10**

**2 hr 30 min** (6:00-8:30) reviewing current report draft

**1 hr** (10:00-11:30) tracing code for the report

**Feb 11**

**3 hr 30 min** (4:00- 7:30) reviewing additional background materials for the report

**Feb 13**

**4 hr** (5:30-9:30) reviewing report

**Feb 14**

**2 hr** (12:00- 2:00) reviewing  background materials for the report

**4 hr** (2:30- 6:30) reviewing background materials for the report

**1 hr 30 min** (7:00- 8:30) reviewing  background materials for the report

**1 hr 30 min** (10:00-11:30) reviewing  background materials for the report

**Feb 15**

**1 hr 30 min** (6:00-7:30) reviewing current report draft

**Feb 16**

**2 hr 15 min** (3:30-5:45) reviewing current report draft

**1 hr 45 min** (6:00-7:45)  reviewing current report draft

**30 min** (8:15-8:45) reviewing current report draft

**Feb 17**

**2 hr 30 min** (2:00-4:30) tracing code

**1 hr 15 min** (5:00- 6:15) call with Vigen

**1 hr 30 min** (7:00- 8:30) reviewing report

**Feb 18**

**2 hr** (10:00-12:00)  (including  a 15 min call with Vigen)

**4 hr** (1:00-5:00) reviewing current report draft

**30 min** (5:00-5:30) call with Vigen

**3 hr** (6:00-9:00) reviewing current draft of the report

**2 hr** (11:00pm - 1am) reviewing current draft of the report

**Feb 19**

**6 hr 30 min** (9:30-4:00) reviewing semi-final report draft

**30 min** (4:00-4:30) call with Vigen

**Feb 20**

**2 hr** (10-12) prep of documents for non-Infringement

**February hours: 61.75**

# Exhibit H



May 9, 2021

# INVOICE

**Sycara & Lewis**
**300 S. Dallas Ave.**
**Pittsburgh, PA 15208**

**EIN: 25-1778913**

Fenwick & West, LLP
801 California Street
Mountain View, CA 94041

**Description:**

**March:** Reviewing non-infringement and invalidity reports

62.75 hours @ $650/hr

**April:** Preparing for deposition

102.50 hours @ $650/hr

**Total** March 1, 2020 to April 30, 2021 : 165.25 hours @ $650/hr

**Amount:**

$ 107,412.50

_____

Katia Sycara, General Partner

**March 6, 2021**

**3.5 hr**  organizing materials for my non-infringement report (rebuttal to the IPA expert Dr Medvidovic Report)

**March 7, 2021**

**7 hr**  pm reviewing materials for non-infringement report

**March 8, 2021**

**4 hr** reviewing materials for non-infringement report

**March 9, 2021**

**4.5 hr**  reviewing materials for non-infringement report

**March 10 2021**

**4 hr**  reviewing background materials for non-infringement report

**March 11 2021**

**1.25 hrs** reviewing the errata invalidity report

**2.75 hrs**  reviewing materials for non-infringement  report

**March 12, 2021**

**2.50 hrs**  reviewing the errata invalidity report

**15 mins**  call with Vigen

**March 13, 2021**

**6 hr** reviewing materials (Medvidovic, documents and code) for non-infringement report

**March 14, 2021**

**5 hr** reviewing materials (Medvidovic. documents and code) for non-infringement report

**March 16, 2021**

**5.5 hr** reviewing materials for non-infringement report

**March 17, 2021**

**4.25 hr** reviewing background documents and code for the non-infringement report

**March 18, 2021**

**4.75 hr** reviewing documents and code

**March 21, 2021**

**3 hr** review of initial draft of non-infringement report

**March 28, 2021**

**4.5 hr** review of documents and code

**April 1, 2021**

**2.75 hr** review of revised draft of non-infringement report

**April 2, 2021**

**2.5 hr** review of cited code

**April 3, 2021**

**5.5 hr** review of Medvidovic report

**4.5 hr** cited code

**April 4, 2021**

**6.5 hr** review materials and depositions

**April 5, 2021**

**2.5 hr** review materials and depositions

**April 6, 2021**

**2 hr** code

**1.5 hr** telecon with Vigen and Saina

**April 7, 2021**

**3 hr** review of  background materials for non-infringement

**30 mins** telecon with Shubham Katiyar

**April 8, 2021**

**30 mins** telecon with Manoj et al.

**30 mins** telecon with Davis et al.

**2 hr**  review prior patents

**April 9, 2021**

**30 mins** telecon with Kelly Vanee et al

**30 mins** telecon with Andy Huntwork

**4 hr** reading depositions

**April 10, 2021**

**7.5 hr** review of background materials for non-infringement

**April 11, 2021**

**6.5 hr**  review of additional deposition reports

**April 12, 2021**

**5 hrs**  review of updated version of non-infringement report and background materials

**1.75** hrs call with Loeb, Vigen et al

**3 hr** review code

**April 13, 2021**

**1.25 hrs**  review acquired patents

**30 mins** (5:30- 6:00)   telecon with Ravi et al

**1 hr** review additional documents

**April 14, 2021**

**5.5 hrs** review of updated version of non-infringement report and background materials

**April 15, 2021**

**9 hr** review of semi-final and final versions of non-infringement report

**April 17, 2021**

**4 hr**s review of additional Alexa code

**April 20, 2021**

**1 hr** review of list of materials consulted for the non-infringement report

**April 24, 2021**

**6.25 hrs** review of Medvidovic rebuttal to my invalidity report

**April 25, 2021**

**4.75 hr** Review of Medvidovic rebuttal report

**April 27, 2021**

**2 hr** review of initial draft of my reply report

**April 28, 2021**

**2 hr** review of Medvidovic rebuttal report

**2.25 hrs** talk with Vigen

# Exhibit I



# INVOICE

July 4, 2021

**Sycara & Lewis**
**300 S. Dallas Ave.**
**Pittsburgh, PA 15208**

**EIN: 25-1778913**

Fenwick & West, LLP
801 California Street
Mountain View, CA 94041

**Description:**

**May:** Writing invalidity report, reviewing Medvidovic deposition, preparing and sitting
for two days of depositions

208.25 hours @ $650/hr

**June:** preparing deposition transcription errata

6 hours @ $650/hr

**Total** May 1, 2021 to June 29, 2021 **:** 214.25 hours @ $650/hr

**Amount:**

$ 139,262.5

_____          **Date: July 4, 2021**
Katia Sycara, General Partner

**May 1, 2021**

**9 hr**   reviewing materials and versions for my Reply Report

**May 2, 2021**

**10 hr**   reviewing materials and versions for my Reply Report

**May 3, 2021**

**8.75**   reviewing materials and versions for my Reply Report

**May 4, 2021**

**8 hr**   reviewing materials and versions for my Reply Report

**May 5, 2021**

**8.5 hr**  reviewing materials and versions for my Reply Report

**May 6, 2021**

**12.75 hr** reviewing materials and versions for my Reply Report

**May 7, 2021**

**9 hr**   reviewing the final version of my reply report for submission

**May 8, 2021**

**2 hr**   organizing materials for deposition

**May 9, 2021**

**4.25 hr**      organizing materials for deposition

**May 10, 2021**

**3 hr**   reviewing materials for deposition
**1.5 hr**  call with Vigen

**May 11, 2021**

**6.5 hr**  reviewing my invalidity report

**May 12, 2021**

**9.75 hr**       reviewing Dr. Medvidovic's reports related to validity

**May 13, 2021**

**8.75 hr**       reviewing Dr. Medvidovic's reports related to infringement

**May 14, 2021**

**9 hr**   reviewing Alexa documents and code including setting up Amazon laptop & accessing code

**May 15, 2021**

**10.25 hr** reviewing Alexa code

**May 16, 2021**

**9.75 hr**       reviewing Alexa documents and code

**May 17, 2021**

**1.25 hr**       reviewing Alexa documents and code

**7.25**   Attending Medvidovic deposition

**May 21, 2021**

**7 hr**    Attending Medvidovic deposition

**0.75 hr** talk with Vigen

**May 22, 2021**

**11.75 hr** reviewing materials for my deposition

**May 23, 2021**

**10.75 hr** reviewing materials for my deposition

**May 24, 2021**

**8.5 hr**  deposition preparation with Vigen

**May 25, 2021**

**7.5 hr** deposition preparation with Vigen

**May 26, 2021**

**3 hr**   talk with Vigen
**9 hr**   my deposition on invalidity claims

**May 27, 2021**

**2 hrs**   talk with Vigen
**8.75 hr** my deposition on infringement


**June 13, 2021**

**6 hr**   identifying and correcting my deposition transcription errata

# Exhibit 3

# SEALED

# REDACTED IN ITS ENTIRETY

# Exhibit 4

| | |
|---|---|
| **From:** | Vigen Salmastlian |
| **Sent:** | Monday, November 30, 2020 2:50 PM |
| **To:** | Sadaf Abdullah; Jeffrey Ware; Daniel Jackson; IPA_SDTeam; Steve Brauerman; Ronald Golden |
| **Cc:** | Amazon-IPA v. Amazon; Mayo, Andrew C.; Balick, Steven J. |
| **Subject:** | RE: [EXTERNAL] RE: IPA v. Amazon: IPA Letter re 30(b)(6) Topics |

Counsel,

We write in response to your letter dated November 29, 2020 to address your statement that "If Amazon intends to use its own engineers to support a non-infringing alternative theory, it needs to provide Rule 30(b)(6) testimony on it pursuant to [] topic [20]." As a prerequisite for formulation of non-infringing alternatives, is a coherent infringement theory. To date, IPA has not articulated one. IPA's request to review Amazon source code each day this week through the close of fact discovery on December 4 confirms that IPA is still searching for an infringement theory.

As I explained in my letters to Jaime Olin on November 20, 2020 and November 22, 2020, IPA has failed to provide notice of its infringement theories in this case. IPA did not supplements its July 10, 2019 preliminary infringement contentions until November 13, 2020, just three weeks before the close of fact discovery. Nonetheless, IPA's supplemental infringement contentions do not meet the Rule 11 standard. IPA's first supplemental infringement contentions related to the asserted independent claims are deficient at least for the following reasons:

**IPA has not identified the required "facilitator"**
- IPA has not identified what in Alexa is the "facilitator" ('560 patent, claims 26 and 28 and '115 patent, claim 86) or the "computer program executable to facilitate" ('115 patent, claim 29)
- IPA has not identified what in Alexa is a "distributed facilitator agent functionally distributed across at least two computer processes" ('560 patent, claim 26)

**IPA has not identified the required "agent registry"**
- IPA has not identified what in Alexa is the "agent registry" ('115 patent, claim 29; '560 patent, claims 26 and 50)
- IPA has not identified what in Alexa is responsible for "registering . . . capabilities" of agents ('115 patent, claim 1, '128 patent, claim 22)
- IPA has not identified what in Alexa is the "plurality of synchronized agent registries . . . each resident within a separate computer process" ('560 patent, claim 50)

**IPA has not identified the required "Interagent Communication Language (ICL)"**
- IPA has not identified what in Alexa is the "Interagent Communication Language (ICL)" (all claims)
- IPA has not identified what in Alexa is the "layer of conversational protocol" of the ICL (all claims)
- IPA has not identified what in Alexa is the "events" of the layer of conversational protocol of the ICL (all claims)
- IPA has not identified what in Alexa is the "parameter lists" of the layer of conversational protocol of the ICL, or how such "parameter lists [are] associated with the one or more of the events" and "further refine the one or more events" (all claims)
- IPA has not identified what in Alexa is the "context layer" of the ICL ('115 patent, claims 1, 29, 86)

**IPA has not identified how Alexa uses an ICL as required by the claims**
- IPA has not identified how Alexa uses "ICL" to express a "service request," "base goal," "complex goal," "compound goal" and/or "sub-goals" ('115 patent, claims 1 and 29, '128 patent, claim 22, '560 patent, claims 26 and 50)
- IPA has not identified how Alexa "registers" agent capabilities using ICL ('115 patent, claim 1, '128 patent, claim 22)

- IPA has not identified what in Alexa is a "data wave carrier comprising a signal representation of an inter-agent language description of an active client agent's functional capabilities" ('115 patent, claim 86)
- IPA has not identified what in Alexa are "user interface agents [that] interpret said input request and generate a corresponding goal formulated in ICL" ('128 patent, claim 22)

**IPA has not identified the required "base goal," "complex goal," "compound goal," and "sub-goals"**
- IPA has not identified what in Alexa is the "base goal" ('115 patent, claims 1, 29, '560 patent, claim 50), "arbitrarily complex goal" ('115 patent, claim 1), and "compound goal" ('560 patent, claim 26),
- IPA has not identified what in Alexa is the "sub-goals" ('115 patent, claims 1, 29, and 86 (recited expressly by claims 1 and 29 and required by the Court's construction of "goal satisfaction plan"), '128 patent, claim 22, '560 patent, claims 26 and 50)

**IPA has not identified the required "agents" ('115 patent, claim 1 ("client agents"), '115 patent, claim 29 and '560 patent, claims 26 and 50 ("service-providing electronic agents"), '115 patent, claim 86 ("client agent"), '128 patent, claim 22 ("electronic agents"))**
- IPA's infringement contentions generally cite to the Alexa Skills Kit but IPA fails to identify how any third-party skills are "agents" and how such skills meet the limitations of the asserted claims
- IPA requested to print source code related to numerous Amazon speechlets but failed to identify how any speechlets are "agents" and how such speechlets meet the limitations of the asserted claims

**IPA confirmed it has no basis to reassert claims 44 and 86 of the '115 patent**
- IPA's charts confirm it has no basis to reassert claims 44 and 85 of the '115 patent (*See* IPA's First Supplemental Ex. A at 228, 229 ( "IPA is currently unable to support this contention"))

**IPA has not identified evidence to support its assertion of the '128 patent**
- IPA has not identified what in Alexa is the "location agent" (required by '128 patent, claim 22 from which asserted claims 23-26 and 40 depend)
- IPA has not identified any evidence that Alexa was incorporated into vehicles or that Alexa worked with "navigation" before the January 5, 2019 expiration date of the patents (*See* IPA's First Supplemental Ex. C at 63-70 (citing evidence from after January 5, 2019)

**IPA provides no notices of any theory based on Alexa source code**
- IPA had over 14 months to review source code, but chose to review Amazon's source code on just two days before office closures caused by the COVID-19 pandemic on March 16, 2020. And despite the parties reaching an agreement to conduct remote source code review on June 22, 2020, IPA still has not identified how any Amazon source code supports its purported infringement theories. Merely listing dozens of files for each limitation does not provide Amazon with any notice of IPA's infringement theories.

As you know fact discovery is set to close in this case on December 4—just four days from now—and IPA represented that it plans to supplement its infringement contentions again before the close of fact discovery. IPA's belated supplementation of its infringement theories is severely prejudicial to Amazon's case. IPA's tactic of providing no notice of its theories until after the conclusion of all technical Amazon depositions is improper and prejudicial. Amazon cannot prepare a witness to provide 30(b)(6) testimony on issues IPA has yet to provide any contention on. To the extent the Court does not strike IPAs belated supplementation of its infringement contentions, Amazon will rely on its technical witnesses after the close of fact discovery to address IPA's new theories and identify non-infringing alternatives. Amazon will also move to strike any theories advanced in IPA's expert reports that were not in IPA's infringement contentions—which are none as indicated above.

Others on our team will respond to the other assertions in your letter.

Vigen

Vigen Salmastlian
Fenwick | Associate | 650-335-7853 | vsalmastlian@fenwick.com

---

**From:** Sadaf Abdullah <SAbdullah@skiermontderby.com>
**Sent:** Sunday, November 29, 2020 8:56 AM
**To:** Jeffrey Ware <jware@fenwick.com>; Daniel Jackson <DJackson@skiermontderby.com>; IPA_SDTeam <ipa_sdteam@skiermontderby.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Cc:** Amazon-IPA v. Amazon <Amazon_IPA_v_Amazon@fenwick.com>; Mayo, Andrew C. <AMayo@ashbygeddes.com>; Balick, Steven J. <SBalick@ashbygeddes.com>
**Subject:** RE: [EXTERNAL] RE: IPA v. Amazon: IPA Letter re 30(b)(6) Topics

** EXTERNAL EMAIL **

Please see the attached letter.

Regards,
Sadaf

---

**From:** Jeffrey Ware <jware@fenwick.com>
**Sent:** Saturday, November 21, 2020 8:49 PM
**To:** Daniel Jackson <DJackson@skiermontderby.com>; IPA_SDTeam <ipa_sdteam@skiermontderby.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>; Sadaf Abdullah <SAbdullah@skiermontderby.com>
**Cc:** Amazon-IPA v. Amazon <Amazon_IPA_v_Amazon@fenwick.com>; Mayo, Andrew C. <AMayo@ashbygeddes.com>; Balick, Steven J. <SBalick@ashbygeddes.com>
**Subject:** [EXTERNAL] RE: IPA v. Amazon: IPA Letter re 30(b)(6) Topics


EXTERNAL

Counsel,

Please see attached correspondence.

Regards,

Jeffrey Ware
Fenwick | Associate | 206-389-4531 | jware@fenwick.com

---

**From:** Daniel Jackson <DJackson@skiermontderby.com>
**Sent:** Wednesday, November 18, 2020 9:43 AM
**To:** Amazon-IPA v. Amazon <Amazon_IPA_v_Amazon@fenwick.com>; Mayo, Andrew C. <AMayo@ashbygeddes.com>; Balick, Steven J. <SBalick@ashbygeddes.com>
**Cc:** IPA_SDTeam <ipa_sdteam@skiermontderby.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Subject:** IPA v. Amazon: IPA Letter re 30(b)(6) Topics

** EXTERNAL EMAIL **

Counsel,

Please see attached correspondence from Sadaf Abdullah.

Regards,
Daniel

_____
Daniel Jackson | Paralegal
Skiermont Derby LLP
1601 Elm Street, Suite 4400, Dallas, Texas 75201
P: 214.978.6614 | F: 214.978.6601 | [skiermontderby.com](skiermontderby.com)

# Exhibit 5

| | |
|---|---|
| **From:** | Vigen Salmastlian |
| **Sent:** | Monday, May 3, 2021 2:16 PM |
| **To:** | Kevin Potere; Sapna Mehta; Amazon-IPA v. Amazon; amayo@ashby-geddes.com; sbalick@ashby-geddes.com |
| **Cc:** | IPA_SDTeam; Steve Brauerman; Ronald Golden |
| **Subject:** | RE: IPA/Amazon: Failure to disclose Manoj Sindhwani |

Counsel,

I am following-up on the below email. Manoj Sindhwani is available for a 2 hour deposition on Friday, May 14, 1-3 PT.  We also have not received a response regarding the Siri and Rule 11 issues identified below.

Vigen

Vigen Salmastlian

Fenwick | Associate | 650-335-7853 | vsalmastlian@fenwick.com

---

**From:** Vigen Salmastlian
**Sent:** Monday, April 26, 2021 2:04 PM
**To:** Kevin Potere <kpotere@skiermontderby.com>; Sapna Mehta <smehta@fenwick.com>; Amazon-IPA v. Amazon <Amazon_IPA_v_Amazon@fenwick.com>; amayo@ashby-geddes.com; sbalick@ashby-geddes.com
**Cc:** IPA_SDTeam <ipa_sdteam@skiermontderby.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Subject:** RE: IPA/Amazon: Failure to disclose Manoj Sindhwani

Counsel,

We will not be withdrawing any portions of Julie Davis's expert report.  Manoj Sindhwani became relevant to this case in view of the new assertions in the Velardi report.  We will respond separately to your request to take Manoj Sindwhani's deposition outside of fact discovery.

It has also come to our attention that IPA raised new theories related to Siri in Dr. Medvidovic's Rebuttal report that were not previously disclosed in this case.  Dr. Medvidovic attaches Exhibits 2-4 to his rebuttal report that purportedly map the asserted claims to Siri functionality disclosed in the Siri source code and documents IPA requested from Apple during fact discovery.  But IPA did not disclose any of the theories or arguments during fact discovery, including in response to Amazon's Common Interrogatory No. 4.  This Interrogatory requested "a claim-by-claim description of an nexus you contend exists between the subject-matter of such claim and any evidence of [] Secondary Consideration or Objective Indicia, each document and thing which supports, relates to, or refutes such contention, and each person with knowledge of such facts."  IPA identified "Commercial success of Siri," "copious industry praise for Siri," and incorporated "IPR2019-00810, Paper 22 at 119-145," "IPR2019-00810, Paper 34, at 66-76," "IPR2019-00810, Exhibit 2032 ¶¶205-229 & Appendix A" and "IPR2019-00835, Paper 19, at 140-165," and "IPR2019-00835, Exhibit 2032 ¶¶271-295 & Appendix A."  But none of these IPR petition papers or exhibits disclose any version of these Siri charts.  Indeed, Dr. Medvidovic's declaration attached as Exhibit 2032 to these IPR petitions does not include any charts related to Siri.  These are entirely new theories that cite Siri documents and source code produced in this case.  IPA identifying these new theories outside the close of fact discovery just three weeks before the deadline for reply expert reports is prejudicial and improper.  Please confirm that IPA will withdraw these new theories related to Siri or explain the basis for the belated identification of these theories in this case.

Moreover, following-up on my e-mails dated November 22, November 23, and November 30, 2020, IPA continues to have no rule 11 bases for this case. This is demonstrated by Dr. Medvidovic's Opening Report and Dr. Sycara's Rebuttal Report. For example, in addition to the numerous other issues detailed in Dr. Sycara's Rebuttal Report, IPA cannot establish that:

- Alexa has no "arbitrarily complex goal expression" as required by asserted claims 10, 29, 34, 35 and 38 of the '115 patent. As IPA is well-aware, Alexa could only process a single simple intent before compound intents were released on December 6, 2018. And the simple intents of a compound intent could only be identified by recognizing the word "and" in the ASR output corresponding to the user's utterance. Because the adopted construction of this term requires "language or syntax that allows- multiple sub-goals *and* potentially includes *more than one type of logical connector . . .*" no accused functionality of Alexa meets this limitation.

- Alexa also does not "determine sub-goal requests based on non-syntactic decomposition of the base goal" as required by asserted claims 28 and 50 of the '560 patent. The Court's construction of "non-syntactic decomposition" requires that the recited "sub-goal requests" of the "base goal" or starting goal are determined by "separating or resolving into constituent parts based on factors other than syntax." But as explained above, before December 6, 2018, Alexa could only identify a single simple intent. And after compound intents were released on December 6, 2018, Alexa could only identify the simple intents of the compound intent by recognizing the word "and" in the syntax. The accused Alexa functionality did not use "factors other than syntax" to "separate or resolve" the recited "sub-goal requests" of the "base goal."

- Alexa also does not have any "location agent" as required by asserted claims 23-26 and 40. IPA accuses "location services" but none of these location services are provided by any speechlet or skill, which IPA identifies as the purported agents. Moreover, none of the accused Alexa devices include GPS or cellular functionality, and thus, are not capable of reporting the device's dynamic location. These devices can only identify the static location manually programmed by the user in the device preferences. And when that device is moved from one location to another, the device is not capable of reporting the correct location without the user again manually changing the static location setting. Thus, the accused Alexa functionality and the accused Alexa devices do not have any "location agent."

- As explained in detail in Dr. Sycara's Rebuttal Report, IPA also does not identify any coherent theory that Alexa implements the recited "ICL" required by all asserted claims. Alexa has no such ICL.

These are just a few of the numerous reasons IPA has no Rule 11 basis for this case. Amazon will seek attorney's fees if IPA continues to assert claims for which it has no rule 11 basis. This is not the sole basis for which Amazon may seek its fees in this case.

Vigen

Vigen Salmastlian
Fenwick | Associate | 650-335-7853 | vsalmastlian@fenwick.com

---

**From:** Kevin Potere <kpotere@skiermontderby.com>
**Sent:** Friday, April 23, 2021 7:47 AM
**To:** Sapna Mehta <smehta@fenwick.com>; Vigen Salmastlian <vsalmastlian@fenwick.com>; Amazon-IPA v. Amazon <Amazon_IPA_v_Amazon@fenwick.com>; amayo@ashby-geddes.com; sbalick@ashby-geddes.com
**Cc:** IPA_SDTeam <ipa_sdteam@skiermontderby.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Subject:** IPA/Amazon: Failure to disclose Manoj Sindhwani

** EXTERNAL EMAIL **

Counsel,

In the Rebuttal Expert Report and Disclosure of Julie L. Davis submitted on April 15, 2021, Ms. Davis relies on conversations with Manoj Sindhwani, Vice President of Alexa AI at Amazon. (Davis Rebuttal Report at 4, 47, 65, 66.) Amazon has not, however, previously identified Mr. Sindhwani in its Initial Disclosures as an individual likely to have discoverable information pursuant to Rule 26(a)(1)(A)(i) and 26(e) of the Federal Rules of Civil Procedure. As a result, please confirm that, pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, you will withdraw the portions of Ms. Davis's expert report that rely on any information obtained from Mr. Sindhwani and confirm that Amazon will not use Mr. Sindhwani to supply evidence on a motion, at a hearing, or at a trial in this matter.

Please also provide Mr. Sindhwani's immediate availability to be deposed in this matter and confirm that the limitation on maximum hours for fact deposition discovery set forth in Section 3(f)(i) of the Court's Scheduling Order dated March 25, 2019 will not apply since this deposition is necessitated by Amazon's failure to timely disclose Mr. Sindhwani.

IPA reserves all rights with respect to Amazon's failure to disclose Mr. Sindhwani including IPA's right to move to strike the portion of Ms. Davis' Rebuttal Expert Report that relies on conversations with Mr. Sindhwani and all remedies set forth under Rule 37(c)(1)(A)-(C) of the Federal Rules of Civil Procedure.

Regards,

Kevin

_____
Kevin P. Potere | Skiermont Derby LLP
1601 Elm St., Suite 4400, Dallas, Texas 75201
P: 214.978.6600 | F: 214.978.6601 | skiermontderby.com

This message is the property of Skiermont Derby LLP and may contain privileged information or attorney work product. If this message has been delivered to you by mistake, then do not copy or deliver this message to anyone. Instead, destroy it and notify me by reply e-mail.

# Exhibit 6

| | |
|---|---|
| **From:** | Jaime Olin <jolin@skiermontderby.com> |
| **Sent:** | Friday, November 6, 2020 2:43 PM |
| **To:** | Vigen Salmastlian; Amazon-IPA v. Amazon; sbalick@ashby-geddes.com; amayo@ashby-geddes.com |
| **Cc:** | IPA_SDTeam; Steve Brauerman; Ronald Golden |
| **Subject:** | IPA/Amazon: Interrogatory No. 6 |

**\*\* EXTERNAL EMAIL \*\***

Counsel:

We'd like to propose a narrowing of our Interrogatory No. 6 that should assuage Amazon's concerns about the burden of responding to this discovery while also getting IPA what it needs from its request. Once we begin making our source code print-out requests, will Amazon agree to disclose, for each file printed, the date that code was released to users and the version number of the code released on that date?

Please let us know as soon as possible whether Amazon will agree to this proposal.

Thanks,
Jaime

_____
Jaime Kate Olin | Skiermont Derby LLP
1601 Elm Street, Suite 4400, Dallas, Texas 75201
P: 214.978.6629 | F: 214.978.6601 | skiermontderby.com

This message is the property of Skiermont Derby LLP and may contain privileged information or attorney work product. If this message has been delivered to you by mistake, then do not copy or deliver this message to anyone. Instead, destroy it and notify me by reply e-mail.

# Exhibit 7

**Eric Young**

---

| From: | Jaime Olin <jolin@skiermontderby.com> |
|---|---|
| Sent: | Wednesday, November 18, 2020 4:26 PM |
| To: | Amazon-IPA v. Amazon |
| Cc: | IPA_SDTeam |
| Subject: | RE: IPA/Amazon: Source Code Print-Outs and Depositions |

**\*\* EXTERNAL EMAIL \*\***

Counsel:

The pdfs for printing are located in the /Desktop/To Print/2020-11-18/ folder.

Thanks,
Jaime

_____
Jaime Kate Olin | Skiermont Derby LLP
P: 214.978.6629

---

**From:** Jaime Olin
**Sent:** Wednesday, November 18, 2020 5:44 PM
**To:** Amazon-IPA v. Amazon <Amazon_IPA_v_Amazon@fenwick.com>
**Cc:** IPA_SDTeam <ipa_sdteam@skiermontderby.com>
**Subject:** RE: IPA/Amazon: Source Code Print-Outs and Depositions

Counsel:

Following up on the email below, we expect to have all the print-out requests in pdf format in a folder on the review computer by 5 PT today. We would appreciate it if Amazon does not access that folder until after that time, since our reviewers will be creating and sorting the pdfs until the review window closes.

Thanks,
Jaime

_____
Jaime Kate Olin | Skiermont Derby LLP
P: 214.978.6629

---

**From:** Jaime Olin <jolin@skiermontderby.com>
**Sent:** Wednesday, November 18, 2020 12:46 PM
**To:** Amazon-IPA v. Amazon <Amazon_IPA_v_Amazon@fenwick.com>
**Cc:** IPA_SDTeam <ipa_sdteam@skiermontderby.com>
**Subject:** IPA/Amazon: Source Code Print-Outs and Depositions

Counsel:

IPA intends to make all its source code print-out requests by the end of the day today. To do so, we will save pdfs of the relevant files to a folder on the review computer, as contemplated by paragraph 9(j) of the Protective Order, and will send a follow-up email to let you know when that process is complete. We request a full set of print-outs be delivered to each address listed at the bottom of this email. Please let us know if you'd like to meet and confer regarding delivery options so we can ensure the print-outs will be delivered by Monday, 11/23, prior to next week's depositions of Mr. Loeb and Mr. Katiyar.

Relatedly, we intend to ask questions relating to the source code at those depositions. We propose Amazon provide a full set of the source code print-outs to Mr. Loeb and Mr. Katiyar in hard copy. We will also use our hard copy print-outs so that we will not have any digital copies of the code displayed during the deposition. Please let us know as soon as possible whether that procedure works for Amazon, or whether you'd like to meet and confer this week to discuss alternatives.

Thanks,
Jaime

Addresses for Source Code Print-Outs

Skiermont Derby LLP
c/o Jaime Olin
1601 Elm Street, Suite 4400
Dallas, TX 75201

Neno Medvidovic
1300 Lynngrove Drive
Manhattan Beach, CA 90266

George Edwards
Quandary Peak Research
205 S Broadway, Suite 300
Los Angeles, CA 90012

Atif Hashmi
5754 Croydon Ave.
San Jose, CA 95118

_____

Jaime Kate Olin | Skiermont Derby LLP
1601 Elm Street, Suite 4400, Dallas, Texas 75201
P: 214.978.6629 | F: 214.978.6601 | skiermontderby.com

This message is the property of Skiermont Derby LLP and may contain privileged information or attorney work product. If this message has been delivered to you by mistake, then do not copy or deliver this message to anyone. Instead, destroy it and notify me by reply e-mail.

# Exhibit 8

| **From:** | Jaime Olin <jolin@skiermontderby.com> |
|---|---|
| **Sent:** | Wednesday, November 25, 2020 8:35 AM |
| **To:** | Amazon-IPA v. Amazon |
| **Cc:** | IPA_SDTeam |
| **Subject:** | IPA/Amazon: Source Code Print-Outs |

**\*\* EXTERNAL EMAIL \*\***

Counsel:

Please print all PDFs in the /Desktop/To Print/2020-11-24/ folder on the source code review computer and send these to the addresses indicated in my last email regarding print-outs. There should be a total of 71 pages.

Thanks,
Jaime

_____

Jaime Kate Olin | Skiermont Derby LLP
1601 Elm Street, Suite 4400, Dallas, Texas 75201
P: 214.978.6629 | F: 214.978.6601 | skiermontderby.com

This message is the property of Skiermont Derby LLP and may contain privileged information or attorney work product. If this message has been delivered to you by mistake, then do not copy or deliver this message to anyone. Instead, destroy it and notify me by reply e-mail.

# Exhibit 9

| | |
|---|---|
| **From:** | Jaime Olin <jolin@skiermontderby.com> |
| **Sent:** | Monday, December 7, 2020 1:40 PM |
| **To:** | Amazon-IPA v. Amazon |
| **Cc:** | IPA_SDTeam |
| **Subject:** | IPA/Amazon: Source Code Printout Request |

**\*\* EXTERNAL EMAIL \*\***

Counsel:

If you have not already done so, please print the PDFs present in "/Desktop/To Print/2020-12-04/" folder on the source code computer.

Thanks,
Jaime

_____

Jaime Kate Olin | Skiermont Derby LLP
1601 Elm Street, Suite 4400, Dallas, Texas 75201
P: 214.978.6629 | F: 214.978.6601 | skiermontderby.com

This message is the property of Skiermont Derby LLP and may contain privileged information or attorney work product. If this message has been delivered to you by mistake, then do not copy or deliver this message to anyone. Instead, destroy it and notify me by reply e-mail.

# Exhibit 10

| | |
|---|---|
| **From:** | Saina Shamilov |
| **Sent:** | Wednesday, December 30, 2020 2:35 PM |
| **To:** | Jaime Olin; Ravi Ranganath; Amazon-IPA v. Amazon |
| **Cc:** | IPA_SDTeam |
| **Subject:** | RE: [EXTERNAL] RE: IPA/Amazon: Source Code Print-Outs |

Jaime, I will call you tomorrow.

Saina Shamilov

Fenwick | Partner | 650-335-7694 | sshamilov@fenwick.com

**From:** Jaime Olin <jolin@skiermontderby.com>
**Sent:** Wednesday, December 30, 2020 2:26 PM
**To:** Saina Shamilov <sshamilov@fenwick.com>; Ravi Ranganath <rranganath@fenwick.com>; Amazon-IPA v. Amazon <Amazon_IPA_v_Amazon@fenwick.com>
**Cc:** IPA_SDTeam <ipa_sdteam@skiermontderby.com>
**Subject:** RE: [EXTERNAL] RE: IPA/Amazon: Source Code Print-Outs

**\*\* EXTERNAL EMAIL \*\***

Hi Saina,

IPA requires the print-outs so its experts can cite the code (and not just the file names) in the infringement report, as you acknowledge below. In the protective order, the parties agreed to the 1500-page limit for source code print-outs, and this request does not exceed that limit (nor is it voluminous, as it is fewer files than our first request and, again, does not exceed the 1500-page limit Amazon agreed to). Also, as stated below, the protective order does not impose any timing restrictions on when print-outs may be requested. We're unclear why Amazon is now hesitating to provide the print-outs – I am mostly open tomorrow if you want to give me a call to discuss (619-252-9826).

Thanks,
Jaime

_____
Jaime Kate Olin | Skiermont Derby LLP
P: 214.978.6629

**From:** Saina Shamilov <sshamilov@fenwick.com>
**Sent:** Wednesday, December 30, 2020 11:44 AM
**To:** Jaime Olin <jolin@skiermontderby.com>; Ravi Ranganath <rranganath@fenwick.com>; Amazon-IPA v. Amazon <Amazon_IPA_v_Amazon@fenwick.com>
**Cc:** IPA_SDTeam <ipa_sdteam@skiermontderby.com>
**Subject:** RE: [EXTERNAL] RE: IPA/Amazon: Source Code Print-Outs

Hi Jaime, there appears to be some misunderstanding.  As a courtesy, we agreed to allow electronic access to the source code files so your experts can refer to them while preparing their reports, for example, by including correct source code

citations if they need to; we did not anticipate voluminous source code printing requests after discovery closed.   Could you please answer our question – why does IPA require additional printed source code at this stage in the case?

Thank you,
Saina

Saina Shamilov
Fenwick | Partner | 650-335-7694 | sshamilov@fenwick.com

---

**From:** Jaime Olin <jolin@skiermontderby.com>
**Sent:** Wednesday, December 30, 2020 9:19 AM
**To:** Ravi Ranganath <rranganath@fenwick.com>; Amazon-IPA v. Amazon <Amazon_IPA_v_Amazon@fenwick.com>
**Cc:** IPA_SDTeam <ipa_sdteam@skiermontderby.com>
**Subject:** RE: [EXTERNAL] RE: IPA/Amazon: Source Code Print-Outs

**<span style="color:red">** EXTERNAL EMAIL **</span>**

Hi Ravi,

While fact discovery has closed, Amazon has agreed to allow IPA access to the secure computer through the close of expert discovery and this access presumably includes providing IPA with requested print-outs. There are no timing limitations in the Protective Order regarding print-outs, and this request does not exceed the page limits. In addition, these print-outs do not reflect any changes to any of our infringement theories.

Please let me know if you have additional questions.

Thanks,
Jaime

---

Jaime Kate Olin | Skiermont Derby LLP
P: 214.978.6629

---

**From:** Ravi Ranganath <rranganath@fenwick.com>
**Sent:** Tuesday, December 29, 2020 4:40 PM
**To:** Jaime Olin <jolin@skiermontderby.com>; Amazon-IPA v. Amazon <Amazon_IPA_v_Amazon@fenwick.com>
**Cc:** IPA_SDTeam <ipa_sdteam@skiermontderby.com>
**Subject:** [EXTERNAL] RE: IPA/Amazon: Source Code Print-Outs


<span style="color:red">EXTERNAL</span>

Jaime,

Fact discovery has closed and IPA already supplemented its infringement contentions with citations to source code.  So we can consider your request, can you explain why IPA requires additional printed code at this stage in the case?

Thanks,

Ravi Ranganath

___

**From:** Jaime Olin <jolin@skiermontderby.com>
**Sent:** Monday, December 28, 2020 9:40 AM
**To:** Amazon-IPA v. Amazon <Amazon_IPA_v_Amazon@fenwick.com>
**Cc:** IPA_SDTeam <ipa_sdteam@skiermontderby.com>
**Subject:** IPA/Amazon: Source Code Print-Outs

**\*\* EXTERNAL EMAIL \*\***

Counsel:

Please print the PDFs in the following folders on the source code computer:

/Desktop/To Print/2020-12-15
/Desktop/To Print/2020-12-17

Thanks,
Jaime

_____

Jaime Kate Olin | Skiermont Derby LLP
1601 Elm Street, Suite 4400, Dallas, Texas 75201
P: 214.978.6629 | F: 214.978.6601 | skiermontderby.com

This message is the property of Skiermont Derby LLP and may contain privileged information or attorney work product. If this message has been delivered to you by mistake, then do not copy or deliver this message to anyone. Instead, destroy it and notify me by reply e-mail.

# Exhibit 11

| | |
|---|---|
| **From:** | Jaime Olin <jolin@skiermontderby.com> |
| **Sent:** | Wednesday, January 13, 2021 2:31 PM |
| **To:** | Vigen Salmastlian; Amazon-IPA v. Amazon; sbalick@ashby-geddes.com; amayo@ashby-geddes.com |
| **Cc:** | IPA_SDTeam; Steve Brauerman; Ronald Golden |
| **Subject:** | RE: [EXTERNAL] RE: IPA/Amazon: Interrogatory No. 6 |

**\*\* EXTERNAL EMAIL \*\***

Vigen,

We appreciate Amazon's providing the date of first release for each of the files printed during discovery. Can you please let us know if you still intend to provide that list before January 22?

As explained in previous emails, we disagree with Amazon's characterization of IPA's most recent request for print-outs as "belated" or "outside the scope of the case." To the extent Amazon refuses to provide to IPA the first release dates for these files but intends to rely on those dates in its own reports, summary judgment briefing, or trial testimony, we will move to strike those references under FRCP 37.

Thanks,
Jaime

_____

Jaime Kate Olin | Skiermont Derby LLP
P: 214.978.6629

---

**From:** Vigen Salmastlian <vsalmastlian@fenwick.com>
**Sent:** Thursday, January 07, 2021 4:23 PM
**To:** Jaime Olin <jolin@skiermontderby.com>; Amazon-IPA v. Amazon <Amazon_IPA_v_Amazon@fenwick.com>; sbalick@ashby-geddes.com; amayo@ashby-geddes.com
**Cc:** IPA_SDTeam <ipa_sdteam@skiermontderby.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Subject:** [EXTERNAL] RE: IPA/Amazon: Interrogatory No. 6

EXTERNAL

Jaime,

Amazon did not "limit" its response to Interrogatory No. 6 in any way. We identified deployment dates for the functionalities and specific source code files IPA requested in view of IPA's belated source code printing requests just two weeks before the close of fact discovery. Identifying source code deployment dates for the 200+ source code files IPA requested as of the December 4 discovery cut-off date is not a trivial process and has taken longer than expected because Amazon was shut down for two weeks over the holidays. And as indicated in our email this week, we are still working on identifying a Traffic Speechlet witness, who will also help with the Traffic Speechlet source code deployment dates. We are working to provide the deployment dates by January 22, with the following exceptions:

- IPA's infringement contentions and printed source code identify 20 speechlets, which requires coordinating with 20 different engineering teams. IPA represented to the Court at the December 12 discovery hearing that it will only pursue a single speechlet. Dec. 21, 2020 Hr. Tr. at 26:11-13 (agreeing to "limit the deposition testimony to one witness about one particular speechlet functionality" and confirming "we're not asking for 20 depositions of 20 Speechlet engineers.") On December 21, you identified that speechlet as the Traffic Speechlet. Amazon will not burden 19 additional engineering teams to identify deployment dates for the 19 additional speechlets that IPA is no longer relying on. Thus, we will provide deployment information for the Traffic Speechlet code IPA requested to print once we identify the appropriate witness.

- Three weeks after the close of fact discovery, IPA requested 94 additional source code files that were not identified in IPA's infringement contentions. Amazon will not engage in the effort of identifying deployment dates for these files as they are outside the scope of the case, discovery, and the belated theories IPA identified on Dec. 4. If IPA cites or relies on these new source code files in its infringement report, we will move to strike those portions of IPA's report.

Your email below makes reference to version numbers, however, IPA narrowed Interrogatory No. 6 to the specific source code files IPA printed. For each specific source code file IPA requested to print during fact discovery, we are identifying the first date that file was released to Alexa users.

Vigen

Vigen Salmastlian
Fenwick | Associate | 650-335-7853 | vsalmastlian@fenwick.com

**From:** Jaime Olin <jolin@skiermontderby.com>
**Sent:** Tuesday, January 05, 2021 9:18 AM
**To:** Amazon-IPA v. Amazon <Amazon_IPA_v_Amazon@fenwick.com>; sbalick@ashby-geddes.com; amayo@ashby-geddes.com
**Cc:** IPA_SDTeam <ipa_sdteam@skiermontderby.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Subject:** IPA/Amazon: Interrogatory No. 6

**\*\* EXTERNAL EMAIL \*\***

Counsel:

I'm writing to follow up on Amazon's response to our Individual Interrogatory No. 6, which we narrowed substantially on November 6 (correspondence attached). We have reviewed Amazon's supplemental response to this interrogatory, served on December 4, and considered the proposal you made during the December 7 meet and confer. Unfortunately, with respect to the supplemental interrogatory response, Amazon seems to have limited its search to source code files with release dates near or after the expiration date of the patents and only provided the requested dates for those files (and no version numbers at all). Amazon's did not fulfill its Rule 26 obligations with this supplemental response. And while we have considered your proposal to provide this information for specific features (rather than files), that is not a workable solution.

IPA again requests that Amazon provide, for every source code file printed (including the print requests made last week), the date the code was released to users and the corresponding version number of the code released on that date. Since this totals only about 250 files and since the deadline for opening expert reports has now been extended, we do not expect this will be overly burdensome to Amazon.

Please let us know when you expect Amazon will provide this information. If Amazon does not intend to provide this information to IPA, then please let us know if Amazon will stipulate to not using this information in its non-infringement

report. Otherwise, we reserve the right to move to preclude Amazon from using any information not provided to IPA in any expert reports, briefing, hearing, or trial.

Thanks,
Jaime

_____

Jaime Kate Olin | Skiermont Derby LLP
1601 Elm Street, Suite 4400, Dallas, Texas 75201
P: 214.978.6629 | F: 214.978.6601 | skiermontderby.com

This message is the property of Skiermont Derby LLP and may contain privileged information or attorney work product. If this message has been delivered to you by mistake, then do not copy or deliver this message to anyone. Instead, destroy it and notify me by reply e-mail.

# Exhibit 12

# REDACTED IN ITS ENTIRETY